UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASHLEY GUILLARD<br><br>Plaintiff.<br><br>v.<br><br>SHF 1 METRO AT GREENWAY, LLC<br>SIMPSON HOUSING LLLP,<br>NATIONWIDE COMPLIANT, LLC<br>JUDGE DAVID PATRONELLA<br><br>Defendants. | Case No.<br><br><br><br>COMPLAINT AND DEMAND FOR JURY<br>TRIAL |
| The Party Filing This Complaint<br>Ashley Guillard<br>msashleyjt@gmail.com<br>3262 Westheimer Rd #942<br>Houston, TX 77098<br>Telephone:  337.372.3181<br><br>Pro-Se | |

**PLAINTIFF ASHLEY GUILLARD'S ORIGINAL COMPLAINT**

Plaintiff Ashley Guillard submits the following joinder of claims pursuant to Federal

Rules of Civil Procedure Rule 18 against SHF 1 Metro at Greenway, LLC, Simpson Housing

LLLP, Nationwide Compliant, LLC and Judge David Patronella; and alleges joint and several

liability pursuant to Federal Rules of Civil Procedure Rule 20. Plaintiff Ashley Guillard allege as

follows:

**I. NATURE OF THE COMPLAINT**

1.      SHF 1 Metro at Greenway, LLC (Metro Greenway), Simpson Housing LLLP

(Simpson Housing), Nationwide Compliant, LLC (Nationwide Compliant) and Judge David

Patronella (Judge Patronella) maliciously took advantage of the national emergency and public

COMPLAINT AND DEMAND FOR JURY TRIAL                                                      1

health emergency declarations, and the Governor of Texas disaster proclamation related to the COVID-19 pandemic by criminally conspiring to illegally obtain and misappropriate Texas Eviction Diversion Program (TEDP) funds given to the States by the United States Department of Treasury Rent Assistance Program. In spite of being multi-million dollar companies, with Simpson Housing earning an annual revenue of at least 150 million and owning a billion dollar investment portfolio, they maliciously violated the civil rights of working class citizens negatively impacted by the COVID-19 pandemic, and Ashley Guillard, a disabled combat veteran, to gain profits from the TEDP. To accomplish their financial goal to profit from the TEDP by any means necessary, the defendants collectively committed judicial fraud and executed a scheme to deprive Ashley Guillard and other Metro Greenway Tenants of the Fourteenth Amendment of the United States Constitution right to equal protection of the laws, due process, and to exercise their rights and privileges as a citizen of the United States; under the color of state law. Due to the defendants criminal conspiracies and actions Ashley Guillard and her son L.G. suffered a multitude of damages and injuries. Due to the defendants criminal conspiracies, false claims and actions The United States of America also suffered a multitude of damages and injuries.

## II. PARTIES

2.      Plaintiff Ashley Guillard is an individual and resident of Harris County Texas. Ashley Guillard was egregiously negatively impacted by the actions of the Defendants.

3.      Defendant SHF 1 Metro at Greenway, LLC is a Domestic LLC registered at 8110 East Union Avenue Suite 200 Denver, CO 80237; previously operating with property in Harris County Texas at 4100 Southwest FWY, Houston TX 77027. Defendant SHF 1 Metro at

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    2

Greenway, LLC is being sued because of the illegal actions of the leadership, employees and affiliates under the color of the law pursuant to 42 U.S. Code § 1983 and more.

4.     Defendant Simpson Housing LLLP is a Foreign LLP registered at 7601 E. Technology Way, Suite 600 Denver, CO 80237 with properties and operating in Texas. Simpson Housing LLLP is the sole member of SHF 1 Metro at Greenway, LLC. Defendant Simpson Housing LLLP is being sued pursuant to the Respondent Superior Doctrine and because Simpson Housing LLLP financially benefitted from the deprivation of rights of its tenants under the color of the law pursuant to 42 U.S. Code § 1983.

5.     Defendant David Patronella is a public official in Harris County Texas, previously working as a Judge for Precinct 1 Place 2 of the Harris County Justices of the Peace in Texas; 1302 Preston St., Houston, TX 77002. Defendant David Patronella is being sued for his illegal actions while working under the color of the law pursuant to 42 U.S. Code § 1983 - Civil action for deprivation of rights.

6.     Defendant Nationwide Compliant LLC is a Foreign LLC registered at 309 East Morehead Street, Suite 150, Charlotte, NC 28202; with a branch at 6300 La Calma Dr., Suite 150, Austin, TX, 78752. Nationwide Compliant LLC has business affiliations operating in Harris County Texas. Defendant Nationwide Compliant LLC is being sued due to the illegal actions of the leadership, employees and affiliates; done to deprive the rights of tenants under the color of the law pursuant to 42 U.S. Code § 1983.

### III. JURISDICTION AND VENUE

7.     Jurisdiction is proper. The complaint is a matter of federal questions due to violation of federal laws pursuant to 28 U.S.C. § 1331, § 1339, § 1343, and § 1367.

8.      Venue is proper within The Southern District Of Texas pursuant to 28 U.S.C. § 1391. Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in The Southern District Of Texas and the events giving rise to this action occurred in The Southern District Of Texas.

## IV. FACTUAL ALLEGATIONS

9.      Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

10.      The COVID-19 Pandemic intensified an affordable housing crisis that threatened the strength of the economy. Many households were unable to pay rent or utilities. In an attempt at economic recovery, The Consolidated Appropriations Act, 2021, enacted on December 27, 2020, and The American Rescue Plan Act of 2021, enacted on March 11, 2021, made funding available to assist eligible households by providing emergency rent and utility assistance funds. The program was funded by the United States Department of Treasury through the Emergency Rental Assistance (ERA) program. The funds were provided directly to states.

11.      The state of Texas received over $2 billion in rent and utility assistance funds. The funds were governed through the Texas Rent Relief Program (TRRP) and the Texas Eviction Diversion Program (TEDP) led by the Supreme Court of Texas, Texas Office of Court Administration, and Texas Department of Housing and Community Affairs (TDHCA).

12.      The TEDP provided fifteen to eighteen months of rent and utility assistance for eligible tenants who were behind on their rent due to the COVID-19 pandemic; and have been sued for eviction. Landlords were provided lump sum payments for past-due rent in exchange for allowing tenants to remain in their homes and covering court costs[1].

---

[1] https://www.tdhca.state.tx.us/TEDP.htm

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    4

13. The need and request for assistance far exceeded the availability of funds. TEDP applicants facing eviction or utility disconnection were prioritized and processed an average of twenty- two days faster than other rental assistance applications, from submission to payment[2].

14. By incentivizing eviction filings and judgements with a lump-sum payment of up to fifteen months of rent to landlords, priority processing applications with evictions, and expediting the payment to the landlord; eager landlords were enticed to file eviction suits.

15. February 2021 there was less than 10,000 evictions. By February 2022 there were over 20,000 eviction filings[3] and less than approximately 3000 households assisted with Texas Rent Relief due to the availability of funds.

16. In The Supreme Court Of Texas Twenty-Seventh Emergency Order Regarding The Covid-19 State Of Disaster Misc. Docket No. 20-9113 the rules to enter the TEDP were codified.

17. Pursuant to Misc. Docket No. 20-9113 during the trial for eviction cases, the judge must discuss the TEDP with the landlord and tenant. The judge must ask the landlord and tenant if they are interested in the program, and whether the landlord has any pending applications for rent assistance.

18. Pursuant to Misc. Docket No. 20-9113 if both the landlord and tenant indicate they are interested in the program or the landlord has a pending application for rent assistance, the judge is required to abate the eviction proceedings for sixty days, make the records and information on the eviction case confidential, and inform the landlord and tenant about the reinstatement procedure[4].

---

[2] https://texasrentrelief.com/tedp-overview/
[3] https://texasrentrelief.com/tedp-overview/
[4] https://www.txcourts.gov/media/1449812/209113.pdf

COMPLAINT AND DEMAND FOR JURY TRIAL                                          5

19.    Pursuant to Misc. Docket No. 20-9113 landlords and tenants can request to enter the eviction diversion program at any time after the trial if the writ of possession has not issued. If this request is made, the judge must set aside any judgment and follow the procedures detailed above[5].

20.    Nationwide Compliant, previously named Nationwide Eviction, used their specialized knowledge of the Texas Eviction Diversion Program to develop, plan and execute an illegal scheme to assist property owners and managers in Houston Texas with expeditiously receiving TEDP funds ahead of competition for a fee[6].

21.    To elude the requirements of Misc. Docket No. 20-9113 Nationwide Compliant, Amanda Davis and Leslie McMurrey intentionally conspired to prevent tenants and Ashley Guillard from appearing in court to avoid the tenant from answering and expressing interest in the TEDP; and to avoid the requirement of the judge to abate the eviction proceedings for sixty days.

22.    To execute the conspiracy Nationwide Compliant, Amanda Davis and Leslie McMurrey partnered with Judge David Patronella with Justice of the Peace, Precinct 1 Place 2, in Harris County Texas, to order favorable default judgments for Metro Greenway and their other clients (property owners and managers). Judge David Patronella was promised a portion of the profits for each favorable eviction judgement.

23.    Judge David Patronella agreed to participate in the conspiracy to deny Ashley Guillard and other Metro Greenway tenants their right to due process guaranteed by the Fourteenth Amendment of the United States Constitution which included an impartial tribunal, the right to notice, the right appear and the right to defend themselves in court; for a fee.

---

[5] https://www.txcourts.gov/media/1449812/209113.pdf
[6] https://nationwidecompliant.com/blog/how-lease-compliance-helps-property-management/

COMPLAINT AND DEMAND FOR JURY TRIAL                                    6

24. Judge David Patronella agreed to participate in the conspiracy to submit multiple false claims to the TEDP for Metro Greenway to receive priority rent assistance; for a fee.

25. Metro Greenway agreed to deny Ashley Guillard and other Metro Greenway tenants their right to due process guaranteed by the Fourteenth Amendment of the United States Constitution which included an impartial tribunal, the right to notice, the right appear and the right to defend themselves in court.

26. Metro Greenway agreed to participate in the conspiracy to submit multiple false claims to the TEDP for Metro Greenway to receive priority rent assistance.

27. The criminal conspiracy was as follows: Step one: file an eviction suit with Justice of the Peace, Precinct 1 Place 2 in Harris County Texas led by Judge David Patronella. Step two: prevent the defendant from attending court. Step three: Get a default judgement against the defendant. Step four: Enter the Texas Eviction Diversion Program. Step five: Submit claims to receive past due and current rent and utilities. Step six: Pay Nationwide Compliant and Judge David Patronella for their successful participation. Step seven: submit more claims to the TEDP to receive additional rent and utility payments. Step eight: get the evictions sealed. Step nine: Repeat as needed.

28. The month of February 2022, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard, Jonisha Parrott and Judge David Patronella executed the conspiracy to deprive Metro Greenway tenants of their right to due process and the conspiracy to submit false claims to receive rent assistance from the TEDP.

29. Nearly every aspect of Ashley Guillard's life, financial health, mental health, emotional health, spiritual health, physical health, housing, and physiological needs were negatively impacted by Simpson Housing, Metro Greenway, Nationwide Compliant and Judge

David Patronella's criminal conspiracy to deprive Metro Greenway tenants of their right to due process.

30.    Ashley Guillard electronically signed a lease agreement with Metro Greenway on July 28, 2021 along with her aunt Latoya Robinson.

31.    Latoya Robinson relocated to Houston after accepting a job offer. July 2021 She applied for an apartment with Metro Greenway and was systematically denied. Incentivized to lease apartments, it's common practice at Metro Greenway to use co-applicants to get approvals for potential residents. The leasing staff suggested she get someone to co-apply with her that could be approved.

32.    Latoya Robinson asked her niece, Ashley Guillard, to co-apply to help her get approved. Ashley Guillard agreed after being assured by Latoya Robinson that it would not negatively impact her ability to purchase a home.

33.    Ashley Guillard resided in Louisiana. Metro Greenway did not require Ashley Guillard to come to Texas to submit the application. She communicated with Metro Greenway by email.

34.    Latoya Robinson wrote on the rental application that Ashley Guillard was not moving into 4100 Southwest FWY, Houston TX 77027. She wrote Ashley Guillard's Louisiana residential and mailing address on the application. As evidenced on the application it was mutually understood by Ashley Guillard, Latoya Robinson and Metro Greenway that Ashley Guillard was not moving into 4100 Southwest FWY, Apt 368, Houston TX 77027.

35.    With the help of Ashley Guillard's credit the application was approved. Ashley Guillard signed the lease electronically from her home in Louisiana. Metro Greenway gave possession of the property to Latoya Robinson. Metro Greenway did not meet Ashley Guillard or

COMPLAINT AND DEMAND FOR JURY TRIAL                                              8

give her possession of the property. Latoya Robinson was responsible for the monthly rent of $1645 and utilities.

36.    Metro Greenway began and maintained routine communication with Ashley Guillard by way of email since the application and inception of the lease on July 28, 2021.

37.    On November 4, 2021, Metro Greenway emailed Ashley Guillard an alert of late rent. Ashley Guillard contacted Latoya Robinson to inform her of the notice. Latoya Robinson stated she was going to pay the rent and she did. There was no further communication from Metro Greenway to Ashley Guillard regarding late rent from November 2021 or any other month.

38.    On January 20, 2022 Ashley Guillard had a dream warning her about problems connected to the lease she signed for Latoya Robinson. She sent a text message to Latoya Robinson expressing worry about an eviction resulting from the lease in Houston. Latoya Robinson reassured Ashley Guillard that there would not be an eviction. Latoya Robinson stated she planned to downgrade to an one bedroom at the end of the lease and remove Ashley Guillard from the lease.

39.    Simpson Housing, Metro Greenway, Nationwide Compliant and Judge David Patronella's conspiracy to deprive Metro Greenway tenants and Ashley Guillard of their right to due process was implemented the month of February 2022.

40.    On February 22, 2022 SHF 1 Metro at Greenway LLC dba Metro Greenway filed a Property - Residential Eviction lawsuit against Latoya Robinson and Ashley Guillard. The case no. 221200059581 was filed with Harris County Justice of the Peace for Precinct 1, Place 2; Judge David Patronella presiding.

41.    The grounds for eviction lawsuit was listed as non-payment of one month's rent of $1645 and possession of the property.

42.    A notice to vacate for non-payment of rent was filed with the petition for eviction as evidence and supporting documentation. The notice has February 10, 2022 as the date the notice was given and lists $1913.25 as past due rent and utilities. It asks for the dwelling to be vacated by February 13, 2022 or an eviction will ensue. Despite not residing there and not occupying the property Ashley Guillard was listed on the notice to vacate.

43.    Pursuant to Sec. 24. 005 (f) Except as provided by Subsection (f-1), the notice to vacate shall be given in person or by mail at the premises in question. Notice in person may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older or personal delivery to the premises and affixing the notice to the inside of the main entry door. Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question.

44.    The notice to vacate was not legally issued pursuant to Sec. 24. 005 (f). Latoya Robinson and Ashley Guillard were not given the notice to vacate in person. The notice to vacate was not mailed to the premises. The notice to vacate was not affixed inside the main door of the residence.

45.    Despite having Ashley Guillard's email address, phone number and Louisiana mailing address, she was not notified by mail, email or telephonically of the late rent, notice to vacate or subsequent eviction filings and documents; by Metro Greenway nor Latoya Robinson.

46.    The petition listed Ashley Guillard's home address as 4100 Southwest FWY, apt 368, Houston Texas 77027 and stated that Ashley Guillard may be served at that address. None

COMPLAINT AND DEMAND FOR JURY TRIAL                                        10

of Ashley Guillard's actual contact information (mailing address, phone number or email address) was listed on any of the documents.

47.    On February 22, 2022 Ashley Guillard lived in Fort Polk Louisiana and was a resident of Louisiana. The application in Latoya Robinson and Ashley Guillard's file stated that Ashley Guillard lived in Louisiana and was not moving to 4100 Southwest FWY, APT 368, Houston Texas 77027 (4100 SW FWY APT 368).

48.    As of February 22, 2022 Metro Greenway never met Ashley Guillard, never handed her keys to access the apartment, never handed her a key to access the mail, garage or building. Ashley Guillard did not receive mail at 4100 SW FWY APT 368. Ashley Guillard did not have possessions at 4100 SW FWY APT 368. Ashley Guillard did not possess the property and did not forcibly detain 4100 SW FWY APT 368.

49.    According to Sec. 24.001 of Texas Property Code, Forcible Entry And Detainer, A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand.

50.    Sec. 24.002 of Texas Property Code, Forcible Detainer, states that A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person: (1) is a tenant or a subtenant willfully and without force holding over after the termination of the tenant's right of possession; (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or (3) is a tenant of a person who acquired possession by forcible entry.

51.    According to Sec. 24 of Texas Property Code Ashley Guillard did not forcibly detain 4100 SW FWY APT 368.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                11

52.     There was no legal cause to file a forcible detainer lawsuit against Ashley Guillard.

53.     The notarized petition to evict Ashley Guillard was signed by Amanda Davis, an "authorized agent" for the plaintiff Metro Greenway. Nationwide Complaint's email address, phone number and address was listed on the petition as contact information for the "plaintiff" Amanda Davis; as follows: filing@nationwidecompliant.com, (713) 352-3162, and 6300 La Calma Dr., Suite 150, Austin, TX, 78752.

54.     On February 25, 2022 Metro Greenway filed a perjurious document to provide Ashley Guillard's last known mailing address. Ashley Guillard's last known mailing address was erroneously listed as 4100 SW FWY Apt 368, Houston TX, 77027. The document was sworn to and signed by Leslie McMurrey claiming to be the Plaintiff, Metro Greenway, or the Plaintiff's attorney of record.

55.     Leslie McMurrey is not the plaintiff in eviction case no. 221200059581; Metro Greenway, owned by Member Simpson Housing LLLP, is. Leslie McMurrey is not an Attorney listed on the State Bar of Texas online directory. Nationwide Complaint's email address, phone number and address was listed on the document as her contact information: filing@nationwidecompliant.com, (713) 352-3162, and 6300 La Calma Dr., Suite 150, Austin, TX, 78752.

56.     A Defendant Information Sheet was filed with the petition to evict Ashley Guillard. The sheet listed Latoya Robinson's address, email address and phone number. All of Ashley Guillard's contact information was omitted.

57.     The eviction citation was issued for possession and back rent on March 16, 2022. Trial was scheduled March 30, 2022.

58. Deputy Cliff Bauder, Harris County Precinct 1, claims to have attempted to serve Ashley Guillard and Latoya Robinson the eviction citation at 4100 Southwest Freeway, APT 368, Houston TX 77027 on 3/17/22, 3/18/22, 3/22/22, and 3/22/22 to no avail.

59. Deputy Cliff Bauder signed a sworn statement claiming to have met the requirements for alternative service pursuant to rule 510.4C.

60. Rule 510.4(c) Alternative Service by Delivery to the Premises: (1) When Allowed. The citation may be served by delivery to the premises if: (A) the constable, sheriff, or other person authorized by written court order is unsuccessful in serving the citation under (b); (B) the petition lists all home and work addresses of the defendant that are known to the plaintiff and states that the plaintiff knows of no other home or work addresses of the defendant in the county where the premises are located; and (C) the constable, sheriff, or other person authorized files a sworn statement that it has made diligent efforts to serve such citation on at least two occasions at all addresses of the defendant in the county where the premises are located, stating the times and places of attempted service.

61. The petition did not list all home and work addresses of the defendant, Ashley Guillard, that were known to the plaintiff, Metro Greenway. The use of alternative service was illegal pursuant to the requirements of Rule 510.4(c).

62. The court, Harris County Justice of the Peace for Precinct 1, Place 2, granted the use of alternative service. The citation was allegedly posted to the door and mailed to 4100 Southwest FWY, Apt 368, Houston TX 77027 on March 24, 2022..

63. Ashley Guillard did not have access to the property and did not have a key to the mailbox. She was not notified of the eviction documents or trial.

COMPLAINT AND DEMAND FOR JURY TRIAL                                        13

64. Trial allegedly proceeded on March 30, 2022. Metro Greenway was listed as being present at trial. Ashley Guillard was not present at trial. Latoya Robinson was not present at trial. A default judgement for $3290 was issued against Ashley Guillard and Latoya Robinson for possession of the property and past due rent.

65. The notice of a default judgement was allegedly mailed to 4100 SW FWY APT 368. Ashley Guillard did not receive any of those documents.

66. March 30, 2022 eviction case no. 221200059581 was reported to Ashley Guillard's consumer reports as an eviction judgement for $3290 payable to Metro Greenway.

67. Latoya Robinson filed an appeal, case no. 1184648, on April 4, 2022. Ashley Guillard was not notified of the appeal, court proceedings or any of the events that led to the appeal. Her right to due process continued to be violated. The same documents and transcript of court proceedings were used as evidence against her.

68. May 26, 2022, while eviction appeal proceedings were pending, Jonisha Parrott emailed Ashley Guillard a lease renewal letter from Metro Greenway seeking another twelve-month lease. The letter was addressed to Latoya Robinson and Ashley Guillard stating "it would be our pleasure to have you continue living in your apartment home".

69. Ashley Guillard, unaware of the pending litigation against her, asked Latoya Robinson if she could temporarily stay with her from June 6, 2022 until the end of the lease August 30, 2022 as she explored the possibility of moving to Houston Texas permanently. Latoya Robinson agreed.

70. Ashley Guillard left her housing in Louisiana and relocated to Houston Texas on June 6, 2022. Metro Greenway and Latoya Robinson scheduled a time for Ashley Guillard to

COMPLAINT AND DEMAND FOR JURY TRIAL                                    14

move her things into 4100 SW FWY APT 368 and a storage unit on June 6, 2022. She began paying Latoya Robinson approximately $1300 a month for rent and utilities.

71.    Jonisha Parrott met Ashley Guillard in person on June 7, 2022. She issued Ashley Guillard a reserved parking spot. Ashley Guillard prepaid for the parking spot from June 7, 2022 until the end of the lease August 30, 2022.

72.    Despite having an eviction trial case no. 1184648 via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court on the same day, June 7, 2022, neither Jonisha Parrott nor Latoya Robinson informed Ashley Guillard of the legal proceedings. Ashley Guillard remained oblivious to all the eviction related events to include the late rent and rental assistance application.

73.    The criminal conspiracy to fraudulently obtain funds from the TEDP was a success. Metro Greenway and Simpson Housing received rent assistance funds from the TEDP for Latoya Robinson during the month of July 2022; and more by year end December 2022 from other cases.

74.    To have stable housing before her son returned to school on August 22, 2022, Ashley Guillard applied for an apartment home with Sycamore Point Apartment Homes (Sycamore Apartments) in Louisiana on August 9, 2022. She planned to move back to Louisiana to save money and build her credit to buy a home in Texas.

75.    Sycamore Apartments conducted a background check and credit history check on Ashley Guillard with Experian and Resident Verify. Experian and Resident Verify informed Sycamore Apartments that Ashley Guillard had an eviction judgement for $3290 payable to Metro Greenway dated March 30, 2022.

COMPLAINT AND DEMAND FOR JURY TRIAL                                        15

76.     On August 19, 2022 the trial status conference for the eviction appeal case. no 1184648 was held at 9:30am via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court. Ashley Guillard was not informed of the proceedings. Therefore, Ashley Guillard was not present at trial.

77.     On August 23, 2022 Sycamore Apartments emailed Ashley Guillard a denial letter stating they were unable to lease to her because her records included evictions, filings and public records.

78.     Ashley Guillard called Sycamore Apartments refuting the allegations of being evicted. Sycamore Apartments stated that according to public records Ashley Guillard was evicted from Metro Greenway, 4100 Southwest FWY APT 368, Houston Texas 77027 with an eviction judgement ordering payment of $3290.

79.     For stable housing, Ashley Guillard's son had to move with his dad in Louisiana who was there temporarily on active duty military orders.

80.     Ashley Guillard called Harris County Justice of the Peace for Precinct 1, Place 2 and County Civil Court at Law No. 1 in Harris County Texas on August 23, 2022 to seek information regarding the eviction and the reason her Fourteenth amendment right to due process was violated. She was told to contact the Plaintiff Metro Greenway or to seek counsel.

81.     Ashley Guillard complained to Metro Greenway, Nationwide Compliant and Simpson Housing about her Fourteenth Amendment right to due process being denied, being illegally sued, the subsequent denial of housing, being separated from her son, and the threat of homelessness on several occasions: in person at Metro Greenway leasing office several times between August 23, 2022 and August 26, 2022, by email on August 25, 2022, by google review on August 25, 2022, and by email on August 26, 2022.

82. In spite of Metro Greenway and Nationwide Compliant filing the eviction suit, perjuriously filling out the petition and supporting documents, omitting all of Ashley Guillard's contact information from the documents, and being Constitutionally responsible to notify all defendants of the civil action, Metro Greenway's Property Manager Kirbi Howard and Assistant Property Manager Jonisha Parrott denied legal responsibility and blamed Latoya Robinson, the Co-Defendant in the eviction suit, for denying Ashley Guillard's right to due process.

83. Ashley Guillard complained to Metro Greenway about her public record being negatively impacted by the illegal eviction. Jonisha Parrott quoted a $50 fee to have it removed later stating it would be removed. It was not removed.

84. Kirbi Howard emailed Ashley Guillard on August 26, 2022 placing the blame on Sycamore Apartment's alleged lack of due diligence for the denial of housing. She stated: *technically if anyone reviewing the records knows what they are looking at, it should not be considered an "eviction". But sometimes that is asking too much of the person reviewing the records – they will just see that an eviction was filed and conclude the resident was evicted.*

85. Since March 30, 2022 eviction case no. 221200059581 was reported to Ashley Guillard's consumer reports as an eviction judgement for $3290 payable to Metro Greenway; not a filing, appeal or dismissal.

86. Ashley Guillard and her aunt Latoya Robinson's relationship was damaged as a result of the events.

87. Latoya Robinson stated that she didn't think it was important to tell Ashley Guillard about the eviction because legal counsel stated to her that the rent assistance application didn't apply to Ashley Guillard.

88.     Latoya Robinson was informed by Metro Greenway that the eviction was filed to receive rent assistance. Latoya Robinson equated the eviction lawsuit as a part of the process of receiving rent assistance and therefore erroneously thought the eviction wouldn't impact Ashley Guillard.

89.     Kirbi Howard and Jonisha Parrott continued to shift the blame to Latoya Robinson causing Ashley Guillard emotional distress. Prior to this event, Ashley Guillard and her aunt Latoya Robinson had a good relationship that never faltered.

90.     After promising Latoya Robinson a one-bedroom apartment on the fifth floor, Metro Greenway informed Latoya Robinson that Ashley Guillard had to co-lease for her to be approved for the apartment.

91.     Ashley Guillard refused to enter a contract with Metro Greenway due to the illegal behavior, damages she suffered and lack of accountability. The leasing staff at Metro Greenway shifted the blame to Ashley Guillard for Latoya Robinson being denied to lease the fifth floor apartment. Ashley Guillard and Latoya Robinson's relationship continued to falter.

92.     On August 26, 2022 Ashley Guillard emailed Kirbi Howard her intent to move out on August 30, 2022 the end of the lease negating all prior communication regarding a 90-day lease extension due to being negatively impacted by Metro Greenway's fraud. In spite of the lease end date, Kirbi Howard emailed Latoya Robinson and Ashley Guillard stating they both had to stay or they both had to leave or the financial obligation to both of them would continue.

93.     After Latoya Robinson was denied an apartment lease without a co-applicant, and after she was denied an apartment lease with a new co-applicant, Kirbi Howard stated to Ashley Guillard and Latoya Robinson that Texas Property Code allows Latoya Robinson to remain in

apartment 368 for as long as she wanted on a month to month lease against Ashley Guillard's will in perpetuity.

94.     On August 26, 2022 against Ashley Guillard's will Kirbi Howard and Latoya Robinson retaliated against Ashley Guillard for not signing a new lease by turning in and accepting the 90-day lease extension which increased the base rent from $1645 to $2075. Kirbi Howard stated that Ashley Guillard would be responsible for the rent whether she was there or not.

95.     Under extreme duress due to being denied due process and with the potential for it to happen again, Ashley Guillard changed the 90-day notice to a 60-day notice and remained in the apartment with the intent to prevent further damage to her rental history.

96.     Ashley Guillard paid her half of the rent, $1082.50,  on August 31, 2022.

97.     Without advance notice, Latoya Robinson stated she was moving out and was not going to pay September's rent. To avoid any further issues, Ashley Guillard paid the balance of September's rent in the amount of $1144.40 on September 1, 2022.

98.     Latoya Robinson moved out on September 3, 2022. Ashley Guillard was left responsible for the apartment and the rent.

99.     Ashley Guillard continued to complain to Metro Greenway, Simpson Housing, and Nationwide Compliant about her rights being violated and the multitude of laws broken. She complained in person at Metro Greenway leasing office several times between August 23, 2022 and October 20, 2022 seeking resolution; to no avail.

100.    Ashley Guillard sought therapy to cope with the increased level of stress, mental anguish, and emotional distress caused by Simpson Housing, Metro Greenway, Nationwide Compliant, and Judge Patronella's reckless actions.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                          19

101. After being ignored for over a month Ashley Guillard informed Kirbi Howard and Jonisha Parrott that she would not pay October 2022's rent due to the violation of her civil rights, the damage caused to her life, her complaints being ignored and the subsequent retaliation against her for not signing another lease. She would instead write a demand letter to Simpson Housing, Metro Greenway and Nationwide Compliant seeking resolution.

102. With a smile on her face Jonisha Parrott laughed and stated if Ashley Guillard didn't pay the rent she would file another eviction lawsuit.

103. With knowledge that Latoya Robinson did not occupy or reside at the unit Jonisha Parrott placed a notice to vacate 4100 SW FWY APT 368 to Ashley Guillard and Latoya Robinson on October 10, 2022 by taping it to the front of the apartment door.

104. Pursuant to Sec. 24. 005 (f)  Except as provided by Subsection (f-1), the notice to vacate shall be given in person or by mail at the premises in question. Notice in person may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older or personal delivery to the premises and affixing the notice to the inside of the main entry door.  Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question.

105. The notice to vacate was not legally issued pursuant to Sec. 24. 005 (f).

106. Pursuant to Sec. 24.005 (a)  If the occupant is a tenant under a written lease or oral rental agreement, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.

107.    Despite not legally issuing the notice to vacate as required by Sec. 24. 005 (f) on October 19, 2022 Metro Greenway and Nationwide Compliant filed an eviction petition to evict Ashley Guillard and Latoya Robinson from 4100 Southwest Freeway, Apt 368, Houston Texas 77027; with Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris County, Texas Judge David Patronella presiding.

108.    The eviction petition was filed and signed under oath by Brandon Meyer claiming to be an agent of Metro Greenway. Nationwide Compliant's contact information was listed on the eviction petition as his contact information: mailing address: 6300 La Calma Dr., Suite 150, Austin, TX, 78752, email address: filing@nationwidecompliant.com and phone number: (713) 352-3162.

109.    Since February 2022 Simpson Housing, Metro Greenway, Nationwide Compliant and Judge David Patronella had an agreement for Judge David Patronella to render favorable judicial decisions for Metro Greenway in eviction cases. Judge David Patronella and Nationwide Compliant were promised a profit for each case they co-conspired with Metro Greenway that resulted in a favorable eviction judgement.

110.    Brandon Meyer filed the petition to evict Ashley Guillard on October 19, 2022 with Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris County, Texas with Judge David Patronella presiding, with knowledge of the agreement with Judge Patronella to grant favorable eviction judgements for Metro Greenway.

111.    On October 26, 2022 Ashley Guillard emailed Metro Greenway, Simpson Housing and Nationwide Compliant a demand letter and the following message: Due to violation of multiple rights, attached is a complaint that will be pursued in court if a remedy isn't reached.

I was unable to move out by October 25, 2022 due to being negatively impacted by the negligence mentioned in the complaint. The move-out day will have to change.

112.   Kirbi Howard replied stating the demand letter was forwarded to their attorneys. No one contacted Ashley Guillard for more information or to offer a remedy.

113.   Ashley Guillard was served the eviction citation by Deputy Cliff Bauder on November 2, 2022.

114.   Deputy Cliff Bauder attempted to serve Latoya Robinson at 4100 SW FWY APT 368. Ashley Guillard informed him that Latoya Robinson didn't live there. Deputy Cliff Bauder shrugged his shoulders in an expression of carelessness stating for Ashley Guillard to notify the leasing office. The leasing staff was already aware that Latoya Robinson moved out and didn't occupy the property.

115.   Kirbi Howard emailed Ashley Guillard and Latoya Robinson on November 2, 2022 informing Latoya Robinson to call the court regarding details about the eviction.

116.   Latoya Robinson emailed a letter to Judge David Patronella on November 4, 2022 stating her testimonial challenges to being evicted to include the fact that she didn't occupy the unit, didn't reside at the property and the leasing staff was aware that she moved.

117.   The Plaintiff's representative Kirbi Howard and Co-Defendant Latoya Robinson decided to work together against Co-Defendant Ashley Guillard. Latoya Robinson was promised to be absolved from the eviction judgement for her collaboration against Ashley Guillard.

118.   From November 7, 2022 to November 12, 2022, in an attempt to harass Ashley Guillard into leaving, Metro Greenway activated the fire alarm for thirty minutes to an hour at a time, six times a day starting at 10am in the morning. Ashley Guillard complained several times.

119.    Latoya Robinson emailed Judge David Patronella a revised letter on November 9, 2022 adding false and defamatory statements about Ashley Guillard. Ashley Guillard was not served a copy of this letter.

120.    The revised letter contained a false allegation that Ashley Guillard's Maserati SUV was $6000 in the rear and repossessed August 2022.  It also contained a false allegation that Ashley Guillard paid $6000 to get the Maserati back before it was sold. The letter falsely alleges that Ashley Guillard paid to get her Maserati instead of paying October 2022 and November 2022 rent. The statements were false and defamatory.

121.    Ashley Guillard's Maserati SUV was not repossessed, was not up for sale, and Ashley Guillard did not pay the lender $6000. October 2022's rent was held by Ashley Guillard due to Simpson Housing, Metro Greenway and Nationwide Compliant violating the law, violating her rights, causing her a denial of housing, and ignoring her complaints.

122.    The revised letter contained an allegation that Ashley Guillard filed five to six lawsuits against companies to get money because she doesn't want to work; claiming that Ashley Guillard said those words. The statement was false and defamatory.

123.    Ashley Guillard had not filed a lawsuit against anyone; even when it was merited. She relentlessly attempted to solve the damages caused to her by several organizations outside of court to no avail. Ashley Guillard worked since the age of thirteen. She held continuous employment (private sector jobs, civil service, government jobs and self-employment) since the age of fifteen.

124.    While living at 4100 Southwest FWY, Apt 368, Houston TX 77027, Ashley Guillard wrote, edited and published a book, continued to build her spiritual practice, used her spiritual agility to bring awareness to unsolved murder cases, and submitted at least five Human

COMPLAINT AND DEMAND FOR JURY TRIAL                                                23

Resources Management job applications that aligned with her Master Degree in Human Resource Management. Ashley Guillard has never sued anyone to avoid working nor has she stated a desire to not work.

125. Ashley Guillard was not informed of or served any of the letters that were sent to Judge Patronella. She did not find out about the letters until after the appeal case was heard during her own research.

126. Trial by judge for eviction case no. 221200372140 was held on November 11, 2022. Ashley Guillard appeared before Judge David Patronella, Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris, Texas.

127. It was inappropriate for Judge David Patronella to hear the eviction case due to conflict of interest and fraud.

128. Pursuant to Canon 3B (1) of the Texas Code of Judicial Conduct A judge shall hear and decide matters assigned to the judge except those in which disqualification is required or recusal is appropriate.

129. The Due Process clauses of the United States Constitution require judges to recuse themselves from cases that the judge has a financial interest in the case's outcome and/or if there is otherwise a strong possibility that the judge's decision will be biased.

130. Judge David Patronella was barred by the Due Process clauses of the United States Constitution and the Texas Code of Judicial Conduct to hear, take, handle or have any impact on case no. 221200372140. He was barred because he had a financial interest in case no. 221200372140 because of his partnership with Nationwide Compliant and Metro Greenway to render favorable eviction judgements for a profit.

131. Judge David Patronella was barred by the Due Process clauses of the United States Constitution to hear, take, handle or have any impact on case no. 221200372140 because there was a strong possibility that the judge's decision will be biased; based on the nature of Ashley Guillard's complaint. She complained that her Fourteenth Amendment right to Due Process was violated in his court.

132. Despite his inherent bias, Judge David Patronella, did not recuse himself from case no. 221200372140.

133. In trial on November 11, 2022 Amanda Davis, an "authorized agent" appeared for Metro Greenway. Kirbi Howard, Metro Greenway Property Manager, also appeared for Metro Greenway. Latoya Robinson was not present.

134. Ashley Guillard testified to Judge Patronella about her right to due process and civil rights being violated at his court in case no. 221200059581. She also complained about the retaliation against her by Metro Greenway for not signing another lease. She testified that there was no legal basis to evict her in case no. 221200059581 because she was not a forcible detainer. Additionally she testified that eviction case no. 221200372140 was filed for Metro Greenway to elude responsibility for the damage they caused her by violating her right to due process in his court in case no. 221200059581.

135. Judge Patronella asked Amanda Davis to give him page five of the lease quoting the lease as a legal means to deny Ashley Guillard's constitutional right to service and due process. The lease states: *29. Multiple Residents. Each resident is jointly and severally liable for all Lease obligations. If you or any guest or occupant violates the Lease or rules, all residents are considered to have violated the Lease. Our requests and notices (including sale notices) to any resident constitute notice to all residents and occupants. Notices and requests from any*

COMPLAINT AND DEMAND FOR JURY TRIAL                                          25

*resident or occupant constitute notice from all residents. Your notice of Lease termination may be given only by a resident. In eviction suits, each resident is considered the agent of all other residents in the apartment for service of process. Any resident who defaults under this Lease will indemnify the non-defaulting residents and their guarantors.*

136.    Ashley Guillard explained that she is protected by the Fourteenth Amendment of the United States Constitution. It that states: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

137.    In spite of being fully aware that the terms of the lease doesn't override the right to due process guaranteed by the Fourteenth Amendment of the United States Constitution Judge Patronella attempted to manipulate Ashley Guillard into believing the lease took precedence over the Constitution.

138.    Ashley Guillard testified she was not a resident of Texas at the time of case no. 221200059581 and she didn't reside at or occupy the property. Therefore, the statement in the lease doesn't apply to her because there was no reason to serve her an eviction citation.

139.    Judge Patronella wouldn't accept the evidence that Ashley Guillard attempted to provide; which entailed the application for the apartment that literally stated Ashley Guillard lived in Louisiana and was not moving into the apartment.

140.    The letters Latoya Robinson wrote were not presented at trial or as evidence for case no. 221200372140. Ashley Guillard was not afforded the opportunity to object to the defamatory hearsay in the letters.

141.    Despite making valid defenses, Ashley Guillard did not stand a chance at a fair trial due to Nationwide Compliant and Metro Greenway's prior agreement to pay Judge David Patronella for favorable eviction judgements and due to the implication of guilt regarding Judge Patronella in her complaint.

142.    With full knowledge and experience that Simpson Housing, Metro Greenway, Nationwide Compliant and himself intentionally violated Ashley Guillard's constitutional right to due process in case no. 221200059581 and caused her damage, Judge Patronella eluded responsibility by shifting blame to Latoya Robinson and rendered an eviction judgement for the plaintiff, Metro Greenway. He ordered Ashley Guillard to pay $2433 and granted Metro Greenway possession of the property.

143.    Pursuant to Canon 1 of Texas Code of Judicial Conduct, Upholding the Integrity and Independence of the Judiciary: An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved. Judge David Patronella violated Canon 1 of Texas Code of Judicial Conduct by accepting bribes and unlawfully favoring Metro Greenway in eviction cases; to include case no 221200059581 and case no. 221200372140 against Ashley Guillard.

144.    Pursuant to Canon 2A of the Texas Code of Judicial Conduct A judge shall comply with the law and should act at all times in a manner that promotes public confidence in

COMPLAINT AND DEMAND FOR JURY TRIAL                                           27

the integrity and impartiality of the judiciary. Judge David Patronella violated Canon 2A of Texas Code of Judicial Conduct by unlawfully favoring Metro Greenway in eviction cases.

145.    Pursuant to Texas Code of Judicial Conduct Canon 2B, Avoiding Impropriety and the Appearance of Impropriety in all of the Judge's Activities: A judge shall not allow any relationship to influence judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge. Judge David Patronella violated Canon 2B of Texas Code of Judicial Conduct by unlawfully favoring Metro Greenway in eviction cases.  Judge David Patronella violated Canon 2B of Texas Code of Judicial Conduct by accepting a bribe from Nationwide Compliant and Metro Greenway in exchange for favorable judgements. Judge David Patronella violated Canon 2B of Texas Code of Judicial Conduct by partnering with Nationwide Compliant and their clients (to include Metro Greenway) to illegally assist them in getting federal funds from the TEDP.

146.    Ashley Guillard filed an appeal for eviction case 221200372140 on November 15, 2022 and paid November 2022's rent of $2075 into the courts registry.

147.    The appeal was perfected by Harris County Clerk on November 28, 2022. The case no. 1195377 was assigned to Judge Jim F. Kovach; Harris County, TX, County Civil Court at Law No. 2.

148.    Although it would've been proper to recuse himself from handling the case, Judge David Patronella continued to handle Ashley Guillard's case by sending documents to Judge Jim F. Kovach County Civil Court at Law No. 2 in the docket for appeal Case No. 1195377.

149.    On November 28, 2022 with knowledge of the unfair implication to Ashley Guillard and the probability of it hindering the opportunity for Ashley Guillard to have fair

COMPLAINT AND DEMAND FOR JURY TRIAL                                              28

appeal Judge David Patronella submitted the perjurious and defamatory letters Latoya Robinson emailed him on November 4, 2022 and November 9, 2022 to Judge Jim F. Kovach County Civil Court at Law No. 2 in the docket for appeal Case No. 1195377.

150.    The letters Latoya Robinson wrote were not presented at trial for case no. 221200372140. Ashley Guillard was not afforded the opportunity to object to the defamatory hearsay in the letters.

151.    Judge David Patronella's actions, to send the letters Latoya Robinson emailed him were barred by Canon 3B(8) of the Texas Code of Judicial Conduct.

152.    Pursuant to Cannon 3B(8): A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex-parte communications or other communications made to the judge outside the presence of the parties between the judge and a party, an attorney, a guardian or attorney ad litem, an alternative dispute resolution neutral, or any other court appointee concerning the merits of a pending or impending judicial proceeding. A judge shall require compliance with this subsection by court personnel subject to the judge's direction and control.

153.    Additionally hearsay is typically inadmissible pursuant to Tex. R. Evid. Rule 802 to ensure proceedings are fair to all parties.

154.    Judge David Patronella's actions, to send the letters Latoya Robinson emailed him to Judge Kovach,  were barred by Canon 2 of the Model Code of Judicial Conduct. Pursuant to Rule 2.9: Ex Parte Communications (A) A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter.

155.    Ashley Guillard was defamed to Judge Jim F. Kovach County Civil Court at Law No. 2 before trial due to Judge David Patronella's willful neglect and intentional misconduct. Judge David Patronella violated Canon 2A-B, Canon 3B, Model Code of Judicial Conduct Canon 2, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

156.    Judge David Patronella's term as Judge of Harris County Justice of the Peace Court Precinct 1, Place 2 ended December 2022.

157.    While awaiting trial for appeal Case No. 1195377 Metro Greenway and Simpson Housing continued to harass Ashley Guillard.

158.    With the intent to harass Ashley Guillard into vacating the apartment and to threaten harm, on several occasions members of Metro Greenway's staff, to include Simpson Housing employee Kirbi Howard and a maintenance worker, attempted to gain entry into Ashley Guillard's apartment without her permission or prior knowledge.

159.    With the intent to harass Ashley Guillard into vacating the apartment and to threaten or cause harm to her, on late December 2022, Kirbi Howard committed an act of burglary against Ashley Guillard.

160.    Pursuant to Tex. Pen. Code § 30.02 (a) A person commits an offense if, without the effective consent of the owner, the person: (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    30

161.    Kirbi Howard came to Ashley Guillard's apartment at night dressed in all black with a hoodie on, appearing to be disguised, and attempted to open the door with keys. Ashley Guillard saw her through the peep hole. She walked away by the time Ashley Guillard came back to the door with protection.

162.    With the intent to harass Ashley Guillard into vacating the apartment on December 20, 2022 Kirbi Howard emailed Ashley Guillard an electricity notice stating Metro Greenway contacted TXU Energy to remove the account from the property name, in spite of extreme cold weather. The email threatened to disconnect the electricity at 4100 SW FWY APT 368 on Thursday, December 22, 2022.

163.    At 4:54am on December 21, 2022 Ashley Guillard emailed Brandon Meyer at info@american-communities.com because he was listed as a point of contact on her eviction documents. She was at her limit with the harassment and desperately wanted it to stop. She thought if she helped by exposing the fraud the harassment would stop.

164.    In the email Ashley Guillard alleged that there was an intent to sell Metro Greenway but the price investors were willing to pay would cause a financial loss. In the email Ashley Guillard alleged that Kirbi Howard seemingly trusted to act as if she owned the property, with little to no oversight, has access to financials, income, and expenses, and has the power to alter financial documents. In the email Ashley Guillard alleged that Kirbi Howard, in her attempt to prevent this property from being sold or transitioned, abused her power and created a multitude of opportunities to steal from the property to keep Metro Greenway in the red. In the email Ashley Guillard alleged that Kirbi Howard partnered with a multitude of stakeholders and they collectively work together to steal rental assistance. Judge David Patronella, Amanda Davis, Nationwide Compliant, Leslie McMurrey, Kirbi Howard and Jonisha Parrot work together to

COMPLAINT AND DEMAND FOR JURY TRIAL                                    31

obtain rental assistance funds and split the profits. In the email Ashley Guillard alleged that Kirbi Howard offered to pay the United States Postal Service delivery man to mishandle and refuse resident packages, to increase the income revenue stream for Fetch.

165.　In the email Ashley Guillard told Brandon Meyer that she was negatively impacted by all their illegal schemes and therefore has evidence. She implored Brandon Meyer or the owner of Metro Greenway to audit the financial records.

166.　Brandon Meyer did not respond to her email. The harassment against Ashley Guillard continued.

167.　In spite of extreme cold weather on December 22, 2022 the electricity for 4100 SW FWY APT 368 was disconnected.

168.　On December 22, 2022 Ashley Guillard complained about being harassed to the staff at Metro Greenway leasing office and Houston Police.

169.　Houston Police Department forwarded Ashley Guillard's call to the apartment division. No one showed up.

170.　On January 3, 2023 at 9am a maintenance employee came to Ashley Guillard's apartment with keys attempting entry. In his hand were tools to pick or change the locks. Ashley Guillard opened the door. Seemingly shocked the maintenance employee offered no explanation for his reason for being there. Ashley Guillard emailed the leasing office asking why the maintenance employee attempted unauthorized entry into her apartment with tools to change the locks. Her email was ignored. Ashley Guillard went to the leasing office seeking an explanation for the attempted unauthorized entry into her apartment 4100 SW FWY APT 368. Philip, leasing agent for Metro Greenway, stated it may be because they thought Ashley Guillard moved out.

Ashley Guillard had not turned in keys, had not scheduled a move out and didn't move any of her belongings. There was no indication of a move.

171.    On January 27, 2023 someone using keys attempted entry into Ashley Guillard's apartment. Ashley Guillard called Houston Police Department to 4100 SW FWY APT 368. The officer listened to Ashley Guillard's concerns and filed a police report for Burglary (incident number 0131659-23).

172.    In the Order for Trial Setting signed and ordered by Judge Jim F. Kovach on December 20, 2022 he ordered that the plaintiff Metro Greenway notify all attorneys or self-represented parties of the court proceedings to be held on January 30, 2023. The word plaintiff was in all caps.

173.    On January 30, 2023, the day of trial, Ashley Guillard emailed her evidence to MetroGreenway@simpsonhousing.com and Grace_Cantada@ccl.hctx.net approximately thirty minutes prior to trial. She was instructed by Judge Jim F. Kovach to email her evidence to Grace Cantada, Trial Court Coordinator, County Civil Court at Law No. 2, Harris County, Texas, at Grace_Cantada@ccl.hctx in the Order for Trial Setting. On the day of trial, January 30, 2023 Grace Cantada, Trial Court Coordinator, County Civil Court at Law No.2, Harris County, Texas, Jim F. Kovach, Presiding Judge emailed Ashley Guillard and Metro Greenway refusing Ashley Guillard's evidence stating it was considered ex parte communication.

174.    On the day of trial, January 30, 2023, Metro Greenway hired an attorney, Robert E. Bone State Bar No. 00796227 to represent them. Robert E. Bone was allowed to present evidence in trial despite Judge Jim F. Kovach specifically requesting that evidence be filed at least 24 hours prior to trial. His evidence included an erroneous ledger for account 4100

Southwest FWY, Apt 368, Houston TX 77027, a notice to vacate that wasn't legally issued, and the lease agreement that was breached due to Metro Greenway's fraud.

175.    During trial Metro Greenway's property manager Kirbi Howard made a false statement in court that Ashley Guillard wouldn't leave without being evicted. Ashley Guillard attempted to move on August 23, 2022 but was denied housing because of the illegal eviction case no. 221200059581 was being reported on her public record. Ashley Guillard attempted to move on August 30, 2022 but was prevented from leaving because Latoya Robinson turned in a lease extension and Kirbi Howard accepted it against Ashley Guillard's will. Ashley Guillard made continuous attempts from August 2022 to the end of December 2022 to resolve the issues that prevented her from moving but Nationwide Compliant, Judge David Patronella, Simpson Housing and Metro Greenway ignored her concerns, refused to acknowledge the damage they caused her and did not help to repair the damages. Kirbi Howard was aware of the incident and the damages that it caused Ashley Guillard. Yet, She lied in court about the details of Ashley Guillard's continued tenancy.

176.    Latoya Robinson asked to be dismissed from the case because she did not live at the property at the time the eviction was filed. Ashley Guillard plead her case. In spite of emailing her evidence to Grace Cantada, Trial Court Coordinator, County Civil Court at Law No. 2, Harris County, Texas, at Grace_Cantada@ccl.hctx prior to trial on January 30, 2023 her evidence was not presented.

177.    Harris County Judge Jim F. Kovach granted the eviction judgement for Ashley Guillard to be evicted from 4100 SW FWY APT 368 after receiving perjurious testimony from Kirbi Howard, a ledger with invalid charges, the lease, and eviction dockets from Judge David

COMPLAINT AND DEMAND FOR JURY TRIAL                                              34

Patronella for case no. 221200372140 which included the defamatory ex parte communication written by Latoya Robinson about Ashley Guillard.

178.   Ashley Guillard did not have an opportunity to object to the defamatory hearsay in the ex parte communication because it was not presented in the original trial or the appeal and she did not know it existed in the documents at the time.

179.   Judge Jim F. Kovach dismissed Latoya Robinson from the eviction because she did not live at 4100 Southwest FWY Apt 368 at the time of the eviction filing. Ashley Guillard was given until February 13, 2023 to move out.

180.   Despite granting the eviction judgement for Metro Greenway to evict Ashley Guillard several of Judge Jim F. Kovach's actions demonstrated agreement with Ashley Guillard. In the Order for Trial Setting signed and ordered by Judge Jim F. Kovach on December 20, 2022 he expressed and ordered that it is the plaintiff's responsibility to notify all attorneys or self-represented parties of court proceedings. This demonstrates agreement that it was Metro Greenway and Nationwide Compliant's responsibility to properly notify Ashley Guillard of the eviction proceedings filed against her for case no. 221200059581 and case no. 1184648. By dismissing Latoya Robinson from the eviction case because she did not live at 4100 Southwest FWY APT 368 at the time of the eviction filing, Judge Jim F. Kovach demonstrated agreement with Ashley Guillard that an eviction lawsuit against a lease holder who does not reside at the property at the time of the eviction filing is grounds for a dismissal due to no cause of action. Although Ashley Guillard emailed the evidence as she was instructed to by Judge Jim F. Kovach; Grace Cantada, Trial Court Coordinator, refusal of the email communication due to labeling it ex parte communication demonstrated agreement with Ashley Guillard that Latoya

Robinson's letters were not legally submitted due to it being hearsay and ex parte communication.

181. Had Ashley Guillard been afforded the right to due process in case no. 221200059581, case no. 1184648, and case no. 221200372140 from a fair Judge and court as guaranteed by the Fourteenth Amendment of the United States Constitution the subsequent damage and case no. 1195377 would've been averted.

182. Had Ashley Guillard been afforded the right to an impartial tribunal in case no. 221200059581, 221200372140 and appeal case no. 1195377 from a fair Judge and court as guaranteed by the Fourteenth Amendment of the United States Constitution further damage would've been averted.

183. On January 31, 2023 Ashley Guillard applied for an apartment at Camden Post Oak, 1200 Post Oak Boulevard Houston, TX 77056.

184. On January 31, 2023 Ashley Guillard was immediately denied housing at Camden Post Oak due to eviction case no. 221200059581 still being reported on her public record as a default eviction judgement for $3290 for Metro Greenway since March 30, 2022.

185. Ashley Guillard sought additional therapy to cope with the increased level of stress, mental anguish, depression and emotional distress caused by Simpson Housing, Metro Greenway, Nationwide Compliant, and Judge Patronella's reckless actions.

186. A mental health psychiatrist doubled Ashley Guillard's medication to treat depression and referred Ashley Guillard to psychotherapy to help cope with the mental anguish and emotional distress caused by Simpson Housing, Metro Greenway, Nationwide Compliant, and Judge Patronella.

187. Ashley Guillard moved out of 4100 SW FWY APT 368 on February 13, 2023.

188. Due to the damage to her rental history, defamation of character caused by the judicial fraud and deceptive business practices by Simpson Housing, Metro Greenway, Nationwide Compliant, and Judge Patronella Ashley Guillard was unable to obtain housing.

189. As of February 13, 2023 Ashley Guillard and her son became homeless.

190. Metro Greenway was sold to Westdale Houston 4100 SW GP, LLC effective February 13, 2023. Simpson Housing and Metro Greenway profited from the sale due to the increase in value made possible by the illegal evictions, illegally obtained federal funds and judicial fraud.

## V. LEGAL CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**42 U.S. CODE § 1985 (2-3) OBSTRUCTING JUSTICE- CONSPIRACY TO INTERFERE WITH TRIBUNAL IMPARTIALITY CASE. NO 221200059581- VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION**

191. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

192. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

193. Pursuant to 42 U.S. Code § 1985 (3) Depriving persons of rights or privileges: If two or more persons in any State conspire or go on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all

persons within such State the equal protection of the laws; (3) the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

194.    The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

195.    In the month of February 2022 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott conspired with Judge David Patronella to deny the Constitutional right to due process guaranteed by the Fourteenth Amendment of the United States Constitution to Metro Greenway tenants and Ashley Guillard under the color of the law; to submit a false claim to the TEDP and expeditiously receive rent assistance.

196.    Pursuant to The Supreme Court Of Texas Misc. Docket No. 20-9113 during the trial for eviction cases, the judge must abate the eviction proceedings for sixty days if both the landlord and tenant indicate they are interested in the Texas Eviction Diversion Program or if the landlord has a pending application for rent assistance.

197.    An eviction is required to enter the TEDP and have the application for rent assistance prioritized. Landlords and tenants can request to enter the eviction diversion program at any time after the trial as long as the writ of possession has not issued.

COMPLAINT AND DEMAND FOR JURY TRIAL                                             38

198. To elude the abatement of the eviction for sixty days as required by Misc. Docket No. 20-9113 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott intentionally conspired to prevent Metro Greenway tenants and Ashley Guillard from appearing in trial.

199. Nationwide Compliant, Metro Greenway and Simpson Housing employees partnered with Judge David Patronella, Justice of the Peace for Harris County Precinct One Place Two, to receive favorable default eviction judgements for a fee.

200. Judge David Patronella agreed to order Metro Greenway favorable default eviction judgements without scrutiny in exchange for a percentage of the profits received from the TEDP rent assistance funds.

201. Nationwide Compliant, Metro Greenway and Simpson Housing employees partnered with Judge David Patronella to enter the TEDP to receive priority rent assistance payments.

202. Pursuant to Section 1 of The Fourteenth Amendment of the United States Constitution, all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall no State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

203. By partnering with Judge David Patronella for favorable eviction judgements, the defendants and co-conspirators deprived Ashley Guillard and other Metro Greenway tenants of the right to an impartial tribunal guaranteed by The Due Process Clause of the of The Fourteenth Amendment of the United States Constitution.

COMPLAINT AND DEMAND FOR JURY TRIAL

204.   As a direct result of the defendants criminal conspiracy to deprive Metro Greenway tenants and Ashley Guillard of the right to due course of justice and an impartial tribunal, Ashley Guillard was deprived of her Fourteenth Amendment right to an impartial tribunal and suffered several damages.

205.   On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott filed a perjurious petition for eviction from residential premises with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

206.   On February 25, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott filed perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

207.   The claim was frivolous pursuant to Texas Civil Practices and Remedies Code Sec. 9.001 (3)(A): groundless, it had no basis in fact. Metro Greenway had no legal cause of action to sue Ashley Guillard. The petition sought possession of the property and unpaid rent. The unpaid rent was being paid by Latoya Robinson's participation in the Texas Rent Relief Program. Therefore there was no legal cause to sue Ashley Guillard for the unpaid rent. Pursuant to Sec. 24.001 of Texas Property Code, A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand.  Ashley Guillard didn't occupy the property, didn't force entry, didn't detain the property, was not given possession of the property, was not forcibly detaining