the property, did not refuse to surrender possession and was not a resident of the apartment or the state of Texas. There was no legal cause to sue Ashley Guillard for possession of the property.

208.    Metro Greenway, Nationwide Compliant, Simpson Housing, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents. Metro Greenway did not provide Ashley Guillard's last known mailing address, residential address, phone number or email address on any of the eviction documents despite having it in her file.

209.    Pursuant to Rule 510.4 (b) of Texas Rule of Civil Procedure, the sheriff is required to deliver the citation  at the defendant's usual place of residence, at least six days before the day set for trial. The omission of  Ashley Guillard's contact information resulted in the improper use of alternative service. Ashley Guillard was not served the eviction citation.

210.    On March 30, 2022 Judge David Patronella granted the frivolous claim and ordered a default eviction judgement against Ashley Guillard. The judgement ordered possession of the property and $3290 to Metro Greenway.

211.    Had Ashley Guillard's right to an impartial tribunal as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Canon 2A-B of The Texas Code of Judicial Conduct, Ashley Guillard would've had the opportunity to motion to dismiss the case and avoid further damages.

212.    The defendants caused Ashley Guillard multiple damages. The conspiracy directly caused her the deprivation of her right to an impartial tribunal, denial of housing opportunities on multiple occasions, homelessness, defamation of character, financial hardship, false reporting to her credit report, increased housing costs, multiple counts of emotional distress, mental anguish, unsafe living conditions, instability to her and her son's life and housing,

COMPLAINT AND DEMAND FOR JURY TRIAL                                    41

multiple counts of harassment, humiliation, interruption to her life goals, livelihood and plans and interruption to her son's livelihood and plans, damaged self-confidence, fear of repetition of judicial fraud, loss of faith in family, loss of enjoyment of life, depression, wounded pride, vexation, loss of sense of safety and loss of faith in the judicial system.

213. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985 (3) and relevant case law.

214. Ashley Guillard seeks financial relief for aggravated damages pursuant to 42 U.S. Code § 1985 (3): mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and another other relief as deemed appropriate.

215. Ashley Guillard seeks financial relief for non-pecuniary damages pursuant to 42 U.S. Code § 1985 (3) to include but not limited to: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace, pain and suffering due to the defamation of character caused by the eviction filing case no. 221200059581, pain and suffering due to the defamation of character caused by the eviction judgement case no. 221200372140, and pain and suffering due to the defamation of character caused by case no. 1195377.

216. The United States Government suffered damages due to the submission of false claims, case no. 221200059581, case no. 221200061101, case no. 221200061117, case no.

COMPLAINT AND DEMAND FOR JURY TRIAL                                           42

221200061118, case no. 221200061124, and case no. 221200061129) pursuant to 31 U.S.C. §§ 3729 – 3733 that resulted from Ashley Guillard and Metro Greenway tenants being deprived of the Fourteenth Amendment right to an impartial tribunal pursuant to 42 U.S. Code § 1985 (2-3).

217.   In a separate action, Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1985 (2-3).

## SECOND CLAIM FOR RELIEF
## 42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT TRIBUNAL IMPARTIALITY FOR CASE. NO 221200059581 -VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

218.   Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

219.   Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

220.   42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                43

221. In the month of February 2022 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard and Jonisha Parrott conspired with Judge David Patronella to deny an impartial tribunal to Metro Greenway tenants and Ashley Guillard.

222. Nationwide Compliant offered to pay Judge David Patronella to grant judicial privilege to the landlord, Metro Greenway, by granting favorable eviction judgements for Metro Greenway regardless of circumstances.

223. Judge David Patronella agreed to sign and grant Metro Greenway default eviction judgements and eviction judgements in general without question or scrutiny.

224. Nationwide Compliant and Metro Greenway used the judicial privilege granted to them by Judge David Patronella to expedite the eviction process, misrepresent facts on eviction documents, deny due process to the tenants getting evicted to include Ashley Guillard and to get default eviction judgements.

225. Nationwide Compliant and Metro Greenway used the judicial privilege granted to them by Judge David Patronella to gain priority rent assistance payments from the Texas Eviction Diversion Program.

226. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Judge David Patronella had knowledge of and participated in the conspiracy to deprive Ashley Guillard and Metro Greenway tenants of an impartial tribunal and did nothing to prevent it.

227. On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents

COMPLAINT AND DEMAND FOR JURY TRIAL　　　　　　　　　　　　　　44

with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

228.    On March 30, 2022 Judge David Patronella granted the frivolous claim and ordered a default eviction judgement against Ashley Guillard. The judgement ordered possession of the property and $3290 to Metro Greenway.

229.    Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Judge David Patronella had the wherewithal to prevent or aid in preventing the commission of the conspiracy yet neglected to do so. At any time before the filing of the eviction petition and before the trial the defendants could've denied participation in the conspiracy to deprive Ashley Guillard and Metro Greenway tenants of an impartial tribunal. At any time before the filing of the eviction petition and before the trial the defendants could've contacted the State Commission on Judicial Conduct, the independent Texas state agency responsible for investigating allegations of judicial misconduct and judicial disability to prevent the crimes. Yet, the defendants chose not to do so.

230.    Judge David Patronella was legally obligated to report the bribe by Canon 1 and Canon 2A of The Texas Code of Judicial Conduct but chose not to. Pursuant to Canon 1 of Texas Code of Judicial Conduct, Upholding the Integrity and Independence of the Judiciary: An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved. Pursuant to Canon 2A of the Texas Code of Judicial Conduct: Avoiding Impropriety and the Appearance of Impropriety in all the Judge's Activities: A judge shall comply with the

COMPLAINT AND DEMAND FOR JURY TRIAL                                                45

law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

231. Instead of preventing the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants of an impartial tribunal the defendants continued and participated in the conspiracy.

232. The defendants also broke and failed to prevent several criminal laws: 15 U.S.C. § 1681 Furnishing And Reporting Inaccurate Information, 18 U.S. Code § 666 Theft Or Bribery Concerning Programs Receiving Federal Funds, Texas Penal Code § 15.02 Criminal Conspiracy, 18 U.S.C. § 241 Conspiracy Against Rights, Texas Civil Practice & Remedy Code § 9.011 Frivolous Pleadings & Claims, Judicial Fraud, Texas Penal Code 37.02 Perjury and Other Falsification, Texas Penal Code 37.03 Aggravated Perjury, 18 U.S.C. § 1621 Perjury Generally, Texas Business and Commerce Code 17.46 (23) Deceptive Trade Practices Unlawful, Section 5 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45, Unfair Or Deceptive Acts Or Practices, Intrinsic Fraud, and Extrinsic Fraud.

233. The defendant's failure to prevent the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants an impartial tribunal caused Ashley Guillard several damages.

234. The defendant's failure to prevent the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants an impartial tribunal caused The United States Government and United States Tax Payers compensatory damage due to the submission of several false claims connected to the conspiracy.

235. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

COMPLAINT AND DEMAND FOR JURY TRIAL

236. Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1986: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

237. Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1986: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

238. In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the failure to prevent the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1985 and 42 U.S. Code § 1986.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-**

**DEPRIVATION OF THE FOURTEENTH AMENDMENT RIGHT TO AN IMPARTIAL**

**TRIBUNAL FOR CASE. NO 221200059581**

239. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

COMPLAINT AND DEMAND FOR JURY TRIAL 47

240.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

241.    The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

242.    The right to an impartial tribunal is guaranteed by Section 1 of The Fourteenth Amendment of the United States Constitution. It requires that no State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

243.    Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Judge David Patronella deprived Metro Greenway tenants and Ashley Guillard of their Fourteenth Amendment right to an impartial tribunal, by bribing Judge Patronella for favorable decisions in eviction cases for Metro Greenway regardless of circumstances.

244.    Judge David Patronella accepted a bribe for pre-conceived decisions that were favorable to the plaintiff, Metro Greenway.

245.    On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

COMPLAINT AND DEMAND FOR JURY TRIAL                                              48

246.    The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

247.    Metro Greenway and Nationwide Compliant intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents. Metro Greenway did not provide Ashley Guillard's Louisiana residential address or mailing address on any of the eviction documents despite having it in her file.

248.    Pursuant to Rule 510.4 (b) of Texas Rule of Civil Procedure, the sheriff is required to deliver the citation at the defendant's usual place of residence, at least six days before the day set for trial. Ashley Guillard was not served the eviction citation.

249.    Metro Greenway had no legal cause of action against Ashley Guillard. The claim was frivolous pursuant to Texas Civil Practices and Remedies Code Sec. 9.001 (3)(A): groundless, it had no basis in fact. Ashley Guillard didn't occupy the property, didn't force entry, didn't detain the property, was not given possession of the property, was not forcibly detaining the property and was not a resident of the apartment or the state of Texas.

250.    On March 30, 2022 Judge David Patronella granted the frivolous claim and ordered a default eviction judgement against Ashley Guillard as promised. The judgement ordered possession of the property and $3290 to Metro Greenway.

251.    The injury, deprivation of her right to an impartial tribunal caused Ashley Guillard further injuries and damages: a loss of the frivolous case, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple instances of the

COMPLAINT AND DEMAND FOR JURY TRIAL                                    49

deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

252.   Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

253.   Ashley Guillard seeks financial relief for aggravated damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

254.   Ashley Guillard seeks financial relief for non-pecuniary damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

255.   The United States Government was injured due to the submission of all false claims that resulted from the interference of an impartial tribunal pursuant to 42 U.S. Code § 1983.

256.    In a separate action, Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of an impartial tribunal pursuant to 42 U.S. Code § 1983 and relevant case law.

## FOURTH CLAIM FOR RELIEF
## 42 U.S. CODE § 1985 2 & 3 – CONSPIRACY TO INTERFERE WITH THE RIGHT TO NOTICE GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 221200059581

257.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

258.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

259.    The pertinent aspect of 42 U.S. Code § 1985 (3) Depriving persons of rights or privileges: If two or more persons in any State conspire or go on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State the equal protection of the laws; (3) the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

260.    The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any

COMPLAINT AND DEMAND FOR JURY TRIAL                                              51

citizen the equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

261.    In the month of February 2022 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott conspired with Judge David Patronella to deny The Constitutional right to due process, to include the right to notice, guaranteed by the Fourteenth Amendment of the United States Constitution, to Ashley Guillard under the color of the law; to receive a default eviction judgement.

262.    Procedural due process within the parameters of the Due Process Clause of the Fourteenth Amendment of the United States Constitution is based on principles of fundamental fairness in legal procedures that are required to be followed in state proceedings. Relevant issues include notices, an opportunity for hearing, confrontation and cross-examination, participation in discovery, basis of the decision, and the availability of counsel.

263.    Procedural due process prior to filing an eviction include notification of late rent pursuant to UCC § 1-304.

264.    The Uniform Commercial Code, UCC § 1-304, uniformly adopted by states to include the state of Texas, includes the implied duty of good faith and fair dealing. It provides that "every contract or duty within the UCC imposes an obligation of good faith in its performance and enforcement."

266.    Despite communicating with Ashley Guillard routinely by email Metro Greenway intentionally did not notify Ashley Guillard of February 2022 non-payment of rent.

267.    Ashley Guillard was not given an opportunity to correct the problem to avoid an eviction as implied by Sec 24.005 of Texas Property Code, Title 4, Actions and Remedies.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    52

268. Procedural due process for eviction cases in Texas includes proper issuance of a written notice to vacate and three days to vacate to avoid a forcible detainer lawsuit pursuant to Texas Property Code Sec 24.005.

269. Procedural due process for Texas eviction cases during the State of Emergency included the opportunity to express interest in participating in the Texas Eviction Diversion Program and the opportunity to abate the eviction action for sixty days pursuant to The Supreme Court Of Texas, Misc. Docket No. 20-9113, Twenty-Seventh Emergency Order Regarding The Covid-19 State Of Disaster.

270. Metro Greenway and Nationwide Compliant intentionally conspired to prevent tenants and Ashley Guillard from appearing in court to avoid the tenant from answering and expressing interest in the TEDP to avoid the requirement of the judge to abate the proceedings for sixty days.

271. On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

272. Metro Greenway and Nationwide Compliant intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents to prevent her from being notified of the eviction and trial to avoid trial and to get a default judgement.

273. As required by Rule 510.4 (b), the sheriff is required to deliver the eviction citation at the defendant's usual place of residence, at least six days before the day set for trial.

Metro Greenway did not provide Ashley Guillard's residential address on any of the eviction documents despite having it in her file. Ashley Guillard was not served the citation.

274. The denial of service of the eviction citation led to Ashley Guillard's lack of knowledge of key information: the legitimacy of the citation, the file number and name of the parties, date of the filing, date of the issuance of the citation, the name, location and address of the court, the plaintiff's cause of action and relief sought, the name and address of the plaintiff or plaintiff's attorney, trial date, warning of the possibility of a default judgement and how to prevent it, opportunity of a trial by jury and all information and warnings required by the Texas Rules of Civil Procedure.

275. Ashley Guillard was not properly served notice of the eviction proceedings, documents or trial. Ashley Guillard missed the eviction trial on March 30, 2022 case no. 221200059581.

276. At 3pm on March 30, 2022 Judge David Patronella signed and ordered a default eviction judgement against Ashley Guillard and Latoya Robinson case no. 221200059581 without due diligence as agreed.

277. Metro Greenway had no legal cause of action against Ashley Guillard. The claim was frivolous pursuant to Texas Civil Practices and Remedies Code Sec. 9.001 (3)(A): groundless, it had no basis in fact. The petition sought possession of the property and unpaid rent. The unpaid rent was being paid by Latoya Robinson's participation in the Texas Rent Relief Program. Therefore there was no legal cause to sue Ashley Guillard for the unpaid rent.

278. According to Sec. 24.001 of Texas Property Code, A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand. Ashley Guillard did not occupy, detain,

COMPLAINT AND DEMAND FOR JURY TRIAL                                    54

forcibly detain, reside at, illegally enter, legally enter or contain property at 4100 SW FWY APT 368. Therefore, there was no legal cause to sue Ashley Guillard for possession of the property.

279. Had Ashley Guillard been notified, as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code, Ashley Guillard would've had the opportunity to motion to dismiss the case. After denying Ashley Guillard of her right to notice. Metro. Greenway submitted a false claim to the TEDP to expeditiously receive rent assistance.

280. The conspiracy to deprive Ashley Guillard of her right to notice guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, caused Ashley Guillard further injuries and damages: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

281. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985 2 & 3.

282. Ashley Guillard seeks financial relief for aggravated damages pursuant to 42 U.S. Code § 1985 2 & 3 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro

COMPLAINT AND DEMAND FOR JURY TRIAL                                                55

Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

283.    Ashley Guillard seeks financial relief for non-pecuniary damages pursuant to 42 U.S. Code § 1985 2 & 3 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

284.    The United States Government was injured due to the submission of false claims that resulted from 42 U.S. Code § 1985, the conspiracy to deprive Ashley Guillard of the right to notice as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code

285.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of the right to notice pursuant to 42 U.S. Code § 1985 and relevant case law.

**FIFTH CLAIM FOR RELIEF**
**42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985 (2)- INTERFERANCE OF THE RIGHT TO NOTICE THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION CASE. NO 221200059581**

COMPLAINT AND DEMAND FOR JURY TRIAL                                     56

286.   Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

287.   Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

288.   Pursuant to 42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

289.   The month of February 2022, Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott and Judge David Patronella co-conspired to deprive Ashley Guillard of her Fourteenth Amendment right to notice to expedite the eviction process, get a default judgement and gain priority rental assistance payments from the TEDP before competitors.

290.   On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027. The defendants intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-

eviction documents to avoid Ashley Guillard from being notified of the late rent and the eviction proceedings.

291.   The defendants needed an eviction to enter the Texas Eviction Diversion Program. The conspiracy to deny Ashley Guillard a proper notice of the late rent, eviction filing and eviction citation was intentional to prevent Ashley Guillard from appearing at trial to avoid an abatement pursuant to Misc. Docket No. 20-9113.

292.   March 30, 2022 Judge David Patronella signed and ordered a default eviction judgement against Ashley Guillard and Latoya Robinson case no. 221200059581 without due diligence as agreed.

293.   Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Judge David Patronella had knowledge of and participated in the conspiracy to deprive Ashley Guillard of her right to notice as guaranteed by the Due Process Clause of the Fourteenth Amendment of the U. S. Constitution yet failed to prevent it. The defendants had the wherewithal to prevent or aid in preventing the commission of the conspiracy to deprive Ashley Guillard of her right to notice pursuant to The Fourteenth Amendment of the United States Constitution yet neglected to do so. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Simpson Housing had access to Ashley Guillard's email address, last known mailing address and phone number. Yet neglected to prevent the denial of Ashley Guillard's right to notice by informing her of the proceedings as required by law.

294.   Before the filing of the eviction petition Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, and Jonisha Parrott could've used the contact information in Ashley Guillard's file to email, call or mail her a notice of the late rent.

295.   Before the filing of the eviction petition Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, and Jonisha Parrott could've contacted Ashley Guillard, using the contact information they had on file, and given her proper notice of the eviction filing and proceedings.

296.   At any time before the filing of the eviction petition and before the trial the defendants could've denied participation in the conspiracy to deprive Ashley Guillard of her Constitutional right to notice as guaranteed by the Fourteenth Amendment. Yet, the defendants chose not to do so.

297.   At any time before the filing of the eviction petition and before the trial the defendants could've contacted the State Commission on Judicial Conduct, the independent Texas state agency responsible for investigating allegations of judicial misconduct and judicial disability to prevent the criminal conspiracy to deprive Ashley Guillard and the other Metro Greenway tenants of their Constitutional right to due process. Yet, the defendants chose not to do so.

298.   Judge David Patronella had knowledge of and participated in the conspiracy yet failed to prevent it due to his own self-interests.

299.   Judge David Patronella was legally obligated to report the bribe and the criminal conspiracy to deprive Ashley Guillard and the other Metro Greenway tenants of their Constitutional right to due process by Canon 1 and Canon 2A of The Texas Code of Judicial Conduct but chose not to do so.

300.   Pursuant to Canon 1 of Texas Code of Judicial Conduct, Upholding the Integrity and Independence of the Judiciary: An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high

standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved. Judge David Patronella failed this duty.

301.    Pursuant to Canon 2A of the Texas Code of Judicial Conduct: Avoiding Impropriety and the Appearance of Impropriety in all of the Judge's Activities: A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Judge David Patronella failed this duty.

302.    Instead of preventing the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants of an impartial tribunal, the right to notice and procedural due process altogether the defendants continued and participated in the conspiracy.

303.    The defendant's failure to prevent the conspiracy caused Ashley Guillard several damages.

304.    Ashley Guillard was injured, deprived of her right to notice of the eviction proceedings as guaranteed by the Fourteenth Amendment of the United States Constitution by Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, , Kirbi Howard, Jonisha Parrott and Judge David Patronella's criminal conspiracy and suffered multiple damages.

305.    The defendant's failure to prevent the conspiracy caused The United States Government and United States Tax Payers compensatory damage due to the submission of several false claims connected to the conspiracy.

306.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

307.    Ashley Guillard seeks the following aggravated damages pursuant to 42 U.S. Code § 1986: mental distress, homelessness, humiliation, fear of repetition, damaged self-

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    60

confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

308. Ashley Guillard seeks the following non-pecuniary damages: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

309. In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the failure to prevent the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1985.

**SIXTH CLAIM FOR RELIEF**
**42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-**
**DEPRIVATION OF THE RIGHT TO BE SERVED NOTICE OF COURT LEGAL**
**PROCEEDINGS THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE**
**FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE NO.**
**221200059581**

310. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

311. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    61

312. The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

313. Pursuant to Section 1 of The Fourteenth Amendment of the United States Constitution: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

314. Certain liberties and protections guaranteed by the Fourteenth Amendment of the United States Constitution are so important that they cannot be infringed without a compelling reason. That includes the right to notice which entails the right to be served, the opportunity to be heard, the right to a trial and the right to an impartial tribunal which includes fair judgements and orders.

315. The month of February 2022, Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott, and Judge David Patronella co-conspired to deprive Ashley Guillard and multiple Metro Greenway tenants of their Fourteenth Amendment right to due process to expedite the eviction process and gain priority rental assistance payments from the TEDP before competitors.

316. On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious

COMPLAINT AND DEMAND FOR JURY TRIAL                                          62

petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

317.    Despite communicating with Ashley Guillard routinely by email Metro Greenway, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott intentionally did not inform Ashley Guillard of the late rent or eviction proceedings. Metro Greenway and Nationwide Compliant intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents in a successful attempt to avoid trial and to get a default judgement.

318.    As required by Rule 510.4 (b), the sheriff is required to deliver the citation  at the defendant's usual place of residence, at least 6 days before the day set for trial. Metro Greenway did not provide Ashley Guillard's residential address on any of the eviction documents despite having it in her file. Ashley Guillard was not served the citation.

319.    Trial allegedly proceeded on March 30, 2022. Metro Greenway was listed as being present at trial. Ashley Guillard was not present at trial. A default judgement for $3290 was issued against Ashley Guillard for past due rent and possession of the property. The notice of a default judgement was allegedly mailed to 4100 SW FWY APT 368. Ashley Guillard did not receive any of those documents.

320.    On March 30, 2022 Judge David Patronella signed and ordered at least six default eviction judgements all favorable for Metro Greenway (case no. 221200059581, case no. 221200061101, case no. 221200061117,  case no. 5.221200061118, case no. 221200061124, and case no. 221200061129).

321.    The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

322.    Ashley Guillard was deprived of her right to notice of the eviction citation, court proceedings and suffered multiple damages and further injuries: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

323.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

324.    Ashley Guillard seeks aggravated damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

325.    Ashley Guillard seeks non-pecuniary damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-

COMPLAINT AND DEMAND FOR JURY TRIAL                                                64

esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

326. In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of civil rights pursuant to 42 U.S. Code § 1983 and relevant case law.

## SEVENTH CLAIM FOR RELIEF
## 42 U.S. CODE § 1985 (2-3) OBSTRUCTING JUSTICE- CONSPIRACY TO INTERFERE WITH THE RIGHT TO BE HEARD THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION
## CASE. NO 221200059581

327. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

328. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

329. The pertinent aspect of 42 U.S. Code § 1985 (3) Depriving persons of rights or privileges: If two or more persons in any State conspire or go on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State the equal protection of the laws; (3) the party so injured

COMPLAINT AND DEMAND FOR JURY TRIAL                                    65

or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

330.    Pursuant to Section 1 of The Fourteenth Amendment of the United States Constitution: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

331.    Certain liberties and protections guaranteed by the Fourteenth Amendment of the United States Constitution are so important that they cannot be infringed without a compelling reason. That includes the right to notice, the right to be served, the opportunity to be heard, the right to a trial and the right to an impartial tribunal which includes fair judgements and orders.

332.    In the month of February 2022 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott conspired with Judge David Patronella to deny The Constitutional right to be heard guaranteed by the Fourteenth Amendment of the United States Constitution to Metro Greenway tenants and Ashley Guillard under the color of the law; to submit a false claim to the TEDP and expeditiously receive rent assistance.

333.    Pursuant to The Supreme Court Of Texas  Misc. Docket No. 20-9113 an eviction is required to enter the TEDP and have the application for rent assistance prioritized. Landlords and tenants can request to enter the eviction diversion program at any time after the trial as long as the writ of possession has not issued. During the trial for eviction cases, the judge must abate the eviction proceedings for sixty days if both the landlord and tenant indicate they are interested

COMPLAINT AND DEMAND FOR JURY TRIAL                                           66

in the Texas Eviction Diversion Program or if the landlord has a pending application for rent assistance.

334.    To elude the abatement of the eviction for sixty days as required by Misc. Docket No. 20-9113 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott intentionally conspired to prevent Metro Greenway tenants and Ashley Guillard from appearing in trial.

335.    Judge David Patronella agreed to order Metro Greenway favorable default eviction judgements without scrutiny in exchange for a percentage of the profits received from the TEDP rent assistance funds.

336.    On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

337.    Despite communicating with Ashley Guillard routinely by email Metro Greenway and Nationwide Compliant intentionally did not inform Ashley Guillard of the late rent or eviction proceedings. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard, and Jonisha Parrott intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents to prevent her from being notified of the eviction and trial, to avoid trial and to get a default judgement.

338.    As required by Rule 510.4 (b), the sheriff is required to deliver the eviction citation at the defendant's usual place of residence, at least six days before the day set for trial.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                          67

Metro Greenway did not provide Ashley Guillard's residential address on any of the eviction documents despite having it in her file. Ashley Guillard was not served the citation.

339. The denial of service of the eviction citation led to the denial of key information: the legitimacy of the citation, the file number and name of the parties, date of the filing, date of the issuance of the citation, the name, location and address of the court, the plaintiff's cause of action and relief sought, the name and address of the plaintiff or plaintiff's attorney, trial date, warning of the possibility of a default judgement and how to prevent it, opportunity of a trial by jury and all information and warnings required by the Texas Rules of Civil Procedure.

340. Trial allegedly proceeded on March 30, 2022. Metro Greenway was listed as being present at trial. Ashley Guillard was not present at trial.

341. At 3pm on March 30, 2022 Judge David Patronella signed and ordered a default eviction judgement against Ashley Guillard and Latoya Robinson case no. 221200059581 without due diligence as agreed.

342. As a direct result of the defendants concerted conspiracy to prevent Ashley Guillard from appearing in trial, Ashley Guillard was denied the opportunity to be heard. A default judgement for $3290 was issued against Ashley Guillard for possession of the property and past due rent. The notice of a default judgement was allegedly mailed to 4100 SW FWY APT 368. Ashley Guillard did not receive any of those documents.

343. The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

344. Ashley Guillard was injured, deprived of her right to notice of the eviction citation and court proceedings and suffered multiple damages and further injuries: homelessness,

false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

345.   Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985.

346.   Ashley Guillard seeks aggravated damages pursuant to 42 U.S. Code § 1985 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

347.   Ashley Guillard seeks non-pecuniary damages pursuant to 42 U.S. Code § 1985 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

348.   In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government

COMPLAINT AND DEMAND FOR JURY TRIAL                                                          69

pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of civil rights pursuant to 42 U.S. Code § 1985 and relevant case law.

**EIGHTH CLAIM FOR RELIEF**

**42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985 (3)- CONSPIRACY TO INTERFERE WITH THE CIVIL RIGHT TO BE HEARD THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION CASE. NO 221200059581**

349.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

350.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

351.    42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

352.    In the month of February 2022 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott conspired with Judge David Patronella to deny The Constitutional right to be heard guaranteed by the Fourteenth Amendment of the United States Constitution to Metro Greenway tenants and Ashley

COMPLAINT AND DEMAND FOR JURY TRIAL                                    70

Guillard, under the color of the law; to submit a false claim to the TEDP and expeditiously receive rent assistance.

353.    Pursuant to The Supreme Court Of Texas  Misc. Docket No. 20-9113 an eviction is required to enter the TEDP and have the application for rent assistance prioritized. Landlords and tenants can request to enter the eviction diversion program at any time after the trial as long as the writ of possession has not issued. Pursuant to The Supreme Court Of Texas  Misc. Docket No. 20-9113 during the trial for eviction cases, the judge must abate the eviction proceedings for sixty days if both the landlord and tenant indicate they are interested in the Texas Eviction Diversion Program or if the landlord has a pending application for rent assistance.

354.    To elude the abatement of the eviction for sixty days as required by Misc. Docket No. 20-9113 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott intentionally conspired to prevent Metro Greenway tenants and Ashley Guillard from appearing in trial.

355.    Judge David Patronella agreed to order Metro Greenway favorable default eviction judgements without scrutiny in exchange for a percentage of the profits received from the TEDP rent assistance funds.

356.    On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

357.    Despite communicating with Ashley Guillard routinely by email Metro Greenway and Nationwide Compliant intentionally did not inform Ashley Guillard of the late rent or

eviction proceedings. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard, and Jonisha Parrott intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents to prevent her from being notified of the eviction and trial, to avoid trial and to get a default judgement.

358.    As required by Rule 510.4 (b), the sheriff is required to deliver the eviction citation at the defendant's usual place of residence, at least six days before the day set for trial. Metro Greenway did not provide Ashley Guillard's residential address on any of the eviction documents despite having it in her file. Ashley Guillard was not served the citation.

359.    The denial of service of the eviction citation led to the denial of key information: the legitimacy of the citation, the file number and name of the parties, date of the filing, date of the issuance of the citation, the name, location and address of the court, the plaintiff's cause of action and relief sought, the name and address of the plaintiff or plaintiff's attorney, trial date, warning of the possibility of a default judgement and how to prevent it, opportunity of a trial by jury and all information and warnings required by the Texas Rules of Civil Procedure.

360.    Trial allegedly proceeded on March 30, 2022. Metro Greenway was listed as being present at trial. Ashley Guillard was not present at trial. At 3pm on March 30, 2022 Judge David Patronella signed and ordered a default eviction judgement against Ashley Guillard and Latoya Robinson case no. 221200059581 without due diligence as agreed. A default judgement for $3290 was issued against Ashley Guillard for possession of the property and past due rent. The notice of a default judgement was allegedly mailed to 4100 SW FWY APT 368. Ashley Guillard did not receive any of those documents.

361. As a direct result of the defendants concerted conspiracy to prevent Ashley Guillard from appearing in trial, Ashley Guillard was denied the opportunity to be heard. She was prevented from providing an oral and written answer.

362. The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

363. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Judge David Patronella had the wherewithal to prevent or aid in preventing the commission of the conspiracy to deprive Ashley Guillard of her right to be heard yet neglected to do so.

364. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Simpson Housing had Ashley Guillard's email address, last known mailing address and phone number. Yet neglected to prevent the denial of Ashley Guillard's right to notice by informing her of the proceedings as required by law.

365. Before the filing of the eviction petition Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, and Jonisha Parrott could've used the contact information in Ashley Guillard's file to email, call or mail her a notice of the late rent.

366. Before the filing of the eviction petition Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, and Jonisha Parrott could've contacted Ashley Guillard, using the contact information they had on file, and given her proper notice of the eviction filing and legal proceedings.

367. At any time before the filing of the eviction petition and before the trial the defendants could've denied participation in the conspiracy to deprive Ashley Guillard of her

COMPLAINT AND DEMAND FOR JURY TRIAL                                     73

Constitutional right to be heard as guaranteed by the Fourteenth Amendment. Yet, the defendants chose not to do so.

368.     At any time before the filing of the eviction petition and before the trial the defendants could've contacted the State Commission on Judicial Conduct, the independent Texas state agency responsible for investigating allegations of judicial misconduct and judicial disability to prevent the criminal conspiracy to deprive Ashley Guillard and the other Metro Greenway tenants of their Constitutional right to due process. Yet, the defendants chose not to do so.

369.     Judge David Patronella had knowledge of and participated in the conspiracy yet failed to prevent it due to his own self-interests. Judge David Patronella was legally obligated to report the bribe and the criminal conspiracy to deprive Ashley Guillard and the other Metro Greenway tenants of their Constitutional right to due process by Canon 1 and Canon 2A of The Texas Code of Judicial Conduct but chose not to do so.

370.     Pursuant to Canon 1 of Texas Code of Judicial Conduct, Upholding the Integrity and Independence of the Judiciary: An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved. Judge David Patronella failed this duty.

371.     Pursuant to Canon 2A of the Texas Code of Judicial Conduct: Avoiding Impropriety and the Appearance of Impropriety in all of the Judge's Activities: A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Judge David Patronella failed this duty.

372.    Instead of preventing the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants of an impartial tribunal, the right to notice and procedural due process altogether the defendants continued and participated in the conspiracy. The defendant's failure to prevent the conspiracy caused Ashley Guillard several damages.

373.    Ashley Guillard was deprived of her right to be heard and suffered multiple damages and further injuries: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

374.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

375.    Ashley Guillard seeks aggravated damages pursuant to 42 U.S. Code § 1986 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

376.    Ashley Guillard seeks non-pecuniary damages pursuant to 42 U.S. Code § 1986 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    75

esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

377. In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of civil rights pursuant to 42 U.S. Code § 1986 and relevant case law.

## NINTH CLAIM OF RELIEF
## 42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-
## DEPRIVATION OF THE FOURTEENTH AMENDMENT RIGHT TO BE HEARD
## FOR CASE. NO 221200059581

378. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

379. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

380. The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

381. Fourteenth Amendment- Section 1: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

382.    Certain liberties and protections guaranteed by the Fourteenth Amendment of the United States Constitution are so important that they cannot be infringed without a compelling reason no matter how much process is given. That includes the right to notice which entails the right to be served, the opportunity to be heard which includes the right to a trial and an impartial tribunal which includes fair judgements and orders.

383.    The month of February 2022, Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott, and Judge David Patronella co-conspired to deprive Ashley Guillard and multiple Metro Greenway tenants of their Fourteenth Amendment right to due process to expedite the eviction process and gain priority rental assistance payments from the TEDP before competitors.

384.    On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

385.    Metro Greenway and Nationwide Compliant intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents. Despite communicating with Ashley Guillard routinely by email Metro Greenway and Nationwide Compliant intentionally did not inform Ashley Guillard of the late rent or eviction proceedings to avoid trial and to get a default judgement.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                                 77

386.    As required by Rule 510.4 (b), the sheriff is required to deliver the citation at the defendant's usual place of residence, at least 6 days before the day set for trial. Metro Greenway did not provide Ashley Guillard's residential address on any of the eviction documents despite having it in her file. Ashley Guillard was not served the citation.

387.    Trial was scheduled to be held on March 30, 2022 according to the eviction citation. Ashley Guillard was not present at trial due to intentional efforts to keep her uninformed of the late rent and eviction proceedings.

388.    As a direct result of the defendants concerted conspiracy to prevent Ashley Guillard from appearing in trial, Ashley Guillard was denied the opportunity to be heard. She was prevented from providing an oral and written answer.

389.    Judge David Patronella signed and ordered A default judgement for $3290 against Ashley Guillard, favorable to Metro Greenway for possession of the property and past due rent. The notice of a default judgement was allegedly mailed to 4100 SW FWY APT 368. Ashley Guillard did not receive any of those documents.

390.    The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

391.    Ashley Guillard was injured, deprived of her right to be heard, by Metro Greenway, Simpson Housing, Nationwide Compliant and Judge Patronella's criminal conspiracy and suffered multiple damages and further injuries: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her

COMPLAINT AND DEMAND FOR JURY TRIAL                                                  78

rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

392.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

393.    Ashley Guillard seeks aggravated damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

394.    Ashley Guillard seeks non-pecuniary damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

395.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of civil rights pursuant to 42 U.S. Code § 1983 and relevant case law.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    79

## TENTH CLAIM FOR RELIEF

## 42 U.S. CODE § 1985 (2-3) ACTION FOR CONSPIRACY TO INTERFERE WITH THE RIGHT TO EQUAL PROTECTION AND EQUAL PRIVILEGES OF THE LAW THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 221200059581

396.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

397.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

398.    In The Supreme Court Of Texas  Misc. Docket No. 20-9113 Twenty-Seventh Emergency Order Regarding The Covid-19 State Of Disaster the rules to enter the TEDP were codified. During the trial for eviction cases, the judge must discuss the TEDP with the landlord and tenant and ask the landlord and tenant if they are interested in the program and whether the landlord has any pending applications for rent assistance. If both the landlord and tenant indicate they are interested in the program or the landlord has a pending application for rent assistance, the judge is required to abate the eviction proceedings for sixty days, make the records and information on the eviction case confidential, and inform the landlord and tenant about the reinstatement procedure[7]. Landlords and tenants can also request to enter the eviction diversion program at any time after the trial as long as the writ of possession has not issued. If this request is made, the judge must set aside any judgment and follow the procedures detailed above[8].

399.    The month of February 2022, Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott, and Judge David

---

[7] https://www.txcourts.gov/media/1449812/209113.pdf
[8] https://www.txcourts.gov/media/1449812/209113.pdf

COMPLAINT AND DEMAND FOR JURY TRIAL                                              80