Patronella conspired to deprive Ashley Guillard and multiple Metro Greenway tenants of their Fourteenth Amendment right to due process, which includes equal protection and equal privileges of the laws, to expedite the eviction process and gain priority rental assistance payments from the TEDP before competitors. The defendants conspired to keep Ashley Guillard and other Metro Greenway tenants from being afford the privileges in The Supreme Court Of Texas Misc. Docket No. 20-9113.

400. On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

401. Despite communicating with Ashley Guillard routinely by email Metro Greenway and Nationwide Compliant intentionally did not inform Ashley Guillard of the late rent or eviction proceedings to avoid trial and to get a default judgement. Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents. As required by Rule 510.4 (b), the sheriff is required to deliver the citation at the defendant's usual place of residence, at least 6 days before the day set for trial. Metro Greenway did not provide Ashley Guillard's residential address on any of the eviction documents despite having it in her file. Ashley Guillard was not served the citation.

402. Trial was scheduled to be held on March 30, 2022 according to the eviction citation. Ashley Guillard was not present at trial due to intentional efforts to keep her uninformed of the late rent and eviction proceedings. Judge David Patronella signed and ordered A default

COMPLAINT AND DEMAND FOR JURY TRIAL                                    81

judgement for $3290 against Ashley Guillard, favorable to Metro Greenway for possession of the property and past due rent.

403. As a direct result of the defendants concerted conspiracy to prevent Ashley Guillard from appearing in trial, Ashley Guillard was denied the opportunity to inform the Judge that the co-tenant, Latoya Robinson, filed an application for rent assistance; and have the eviction proceedings made confidential and the eviction abated for 60 days pursuant to The Supreme Court Of Texas Misc. Docket No. 20-9113 Twenty-Seventh Emergency Order Regarding The Covid-19 State Of Disaster.

404. The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life. They acted with their own self interest in mind.

405. Ashley Guillard was deprived of her right to equal protection and equal privileges of the laws, by the defendants criminal conspiracy and suffered multiple damages and further injuries: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

406. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985.

COMPLAINT AND DEMAND FOR JURY TRIAL

407.    Ashley Guillard seeks aggravated damages pursuant to 42 U.S. Code § 1985 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

408.    Ashley Guillard seeks non-pecuniary damages pursuant to 42 U.S. Code § 1985 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

409.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of civil rights pursuant to 42 U.S. Code § 1985 and relevant case law.

**ELEVENTH CLAIM FOR RELIEF**
**42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985**
**(2)- INTERFERANCE OF EQUAL PROTECTION AND EQUAL PRIVILEGE OF THE**
**LAWS THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE**
**FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO**
**221200059581**

410.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all prior paragraphs of this Complaint as if set forth in full herein.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    83

411. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

412. 42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

413. The month of February 2022, Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott, and Judge David Patronella conspired to deprive Ashley Guillard and multiple Metro Greenway tenants of their Fourteenth Amendment right to due process, which includes equal protection and equal privileges of the laws, to expedite the eviction process and gain priority rental assistance payments from the TEDP before competitors. The defendants conspired to keep Ashley Guillard and other Metro Greenway tenants from exercising the privileges in The Supreme Court Of Texas Misc. Docket No. 20-9113.

414. Pursuant to The Supreme Court Of Texas Misc. Docket No. 20-9113 an eviction is required to enter the TEDP and have the application for rent assistance prioritized. Landlords and tenants can request to enter the eviction diversion program at any time after the trial as long as the writ of possession has not issued. Pursuant to The Supreme Court Of Texas Misc. Docket No. 20-9113 during the trial for eviction cases, the judge must abate the eviction proceedings for

COMPLAINT AND DEMAND FOR JURY TRIAL                                    84

sixty days if both the landlord and tenant indicate they are interested in the Texas Eviction Diversion Program or if the landlord has a pending application for rent assistance.

415.    To elude the abatement of the eviction for sixty days as required by Misc. Docket No. 20-9113 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott intentionally conspired to prevent Metro Greenway tenants and Ashley Guillard from appearing in trial.

416.    Judge David Patronella agreed to order Metro Greenway favorable default eviction judgements without scrutiny in exchange for a percentage of the profits received from the TEDP rent assistance funds.

417.    On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

418.    Despite communicating with Ashley Guillard routinely by email Metro Greenway and Nationwide Compliant intentionally did not inform Ashley Guillard of the late rent or eviction proceedings. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard, and Jonisha Parrott intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents to prevent her from being notified of the eviction and trial, to avoid trial and to get a default judgement.

419.    As required by Rule 510.4 (b), the sheriff is required to deliver the eviction citation at the defendant's usual place of residence, at least six days before the day set for trial.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    85

Metro Greenway did not provide Ashley Guillard's residential address on any of the eviction documents despite having it in her file. Ashley Guillard was not served the citation.

420.    The denial of service of the eviction citation led to the denial of key information: the legitimacy of the citation, the file number and name of the parties, date of the filing, date of the issuance of the citation, the name, location and address of the court, the plaintiff's cause of action and relief sought, the name and address of the plaintiff or plaintiff's attorney, trial date, warning of the possibility of a default judgement and how to prevent it, opportunity of a trial by jury and all information and warnings required by the Texas Rules of Civil Procedure.

421.    Trial allegedly proceeded on March 30, 2022. Metro Greenway was listed as being present at trial. Ashley Guillard was not present at trial. At 3pm on March 30, 2022 Judge David Patronella signed and ordered a default eviction judgement against Ashley Guillard and Latoya Robinson case no. 221200059581 without due diligence as agreed.

422.    As a direct result of the defendants concerted conspiracy to prevent Ashley Guillard from appearing in trial, Ashley Guillard was denied the opportunity to be heard. She was prevented from providing an oral and written answer.

423.    A default judgement for $3290 was issued against Ashley Guillard for possession of the property and past due rent. The notice of a default judgement was allegedly mailed to 4100 SW FWY APT 368. Ashley Guillard did not receive any of those documents.

424.    The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

425.    Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Judge David Patronella had the wherewithal to prevent or aid

in preventing the commission of the conspiracy to deprive Ashley Guillard of her right to notice pursuant to The Fourteenth Amendment of the United States Constitution yet neglected to do so. The defendants had Ashley Guillard's email address, last known mailing address and phone number. Yet neglected to prevent the denial of Ashley Guillard's right to notice by informing her of the proceedings as required by law.

426. Before the filing of the eviction petition Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, and Jonisha Parrott could've contacted Ashley Guillard, using the contact information they had on file, and given her proper notice of the of the late rent, eviction filing and proceedings.

427. At any time before the filing of the eviction petition and before the trial the defendants could've denied participation in the conspiracy to deprive Ashley Guillard of her Constitutional right to answer in writing or during trial; and inform the judge on the record of Latoya Robinson's Texas Rent Relief Program application . Yet, the defendants chose not to do so.

428. At any time before the filing of the eviction petition and before the trial the defendants could've contacted the State Commission on Judicial Conduct, the independent Texas state agency responsible for investigating allegations of judicial misconduct and judicial disability to prevent the criminal conspiracy to deprive Ashley Guillard and the other Metro Greenway tenants of their Constitutional right to due process. Yet, the defendants chose not to do so.

429. Judge David Patronella had knowledge of and participated in the conspiracy yet failed to prevent it due to his own self-interests.

430.    Judge David Patronella was legally obligated to report the bribe and the criminal conspiracy to deprive Ashley Guillard and the other Metro Greenway tenants of their Constitutional right to due process by Canon 1 and Canon 2A of The Texas Code of Judicial Conduct but chose not to do so. Pursuant to Canon 1 of Texas Code of Judicial Conduct, Upholding the Integrity and Independence of the Judiciary: An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved. Judge David Patronella failed this duty. Pursuant to Canon 2A of the Texas Code of Judicial Conduct: Avoiding Impropriety and the Appearance of Impropriety in all of the Judge's Activities: A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Judge David Patronella failed this duty.

431.    Instead of preventing the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants of an impartial tribunal, the right to notice and procedural due process altogether the defendants continued and participated in the conspiracy.

432.    The defendant's failure to prevent the conspiracy caused Ashley Guillard several damages due to the deprivation of the ability for Ashley Guillard to exercise the privileges in The Supreme Court Of Texas Misc. Docket No. 20-9113.

433.    Ashley Guillard suffered multiple damages and further injuries: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple

COMPLAINT AND DEMAND FOR JURY TRIAL                                                     88

instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

434.   Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

435.   Ashley Guillard seeks aggravated damages pursuant to 42 U.S. Code § 1986 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

436.   Ashley Guillard seeks non-pecuniary damages pursuant to 42 U.S. Code § 1986 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

437.   In a separate action, Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of civil rights pursuant to 42 U.S. Code § 1986 and relevant case law.

## TWELFTH CLAIM FOR RELIEF

## 42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-

## DEPRIVATION OF THE RIGHT TO EQUAL PROTECTION OF THE LAW

## THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH

## AMENDMENT OF THE U.S. CONSTITUTION CASE. NO 221200059581

438.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

439.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

440.    The month of February 2022, Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott, and Judge David Patronella co-conspired to deprive Ashley Guillard and multiple Metro Greenway tenants of their Fourteenth Amendment right to due process, which includes equal protection and equal privileges of the laws, to expedite the eviction process and gain priority rental assistance payments from the TEDP before competitors.

441.    On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027. Despite communicating with Ashley Guillard routinely by email Metro Greenway and Nationwide Compliant intentionally did not inform Ashley Guillard of the late rent or eviction proceedings to avoid trial and to get a default judgement.

COMPLAINT AND DEMAND FOR JURY TRIAL                                      90

442.   Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents. As required by Rule 510.4 (b), the sheriff is required to deliver the citation at the defendant's usual place of residence, at least 6 days before the day set for trial. Metro Greenway did not provide Ashley Guillard's residential address on any of the eviction documents despite having it in her file. Ashley Guillard was not served the citation.

443.   Trial was scheduled to be held on March 30, 2022 according to the eviction citation. Ashley Guillard was not present at trial due to intentional efforts to keep her uninformed of the late rent and eviction proceedings. As a direct result of the defendants concerted conspiracy to prevent Ashley Guillard from appearing in trial, Ashley Guillard was denied the opportunity to inform the Judge that the co-tenant, Latoya Robinson, filed an application for rent assistance. Ashley Guillard was deprived of the opportunity to exercise the rights and privileges in The Supreme Court Of Texas Misc. Docket No. 20-9113.

444.   Pursuant to The Supreme Court Of Texas Misc. Docket No. 20-9113 Twenty-Seventh Emergency Order Regarding The Covid-19 State Of Disaster If both the landlord and tenant indicate they are interested in the rent assistance program or the landlord has a pending application for rent assistance, the judge is required to abate the eviction proceedings for sixty days, make the records and information on the eviction case confidential, and inform the landlord and tenant about the reinstatement procedure[9].

---

[9] https://www.txcourts.gov/media/1449812/209113.pdf

COMPLAINT AND DEMAND FOR JURY TRIAL

445.   With the help of Judge David Patronella, the defendants were able to deprive Ashley Guillard of the right and privilege to exercise the rights in Misc. Docket No. 20-9113 to have the eviction abated and made confidential.

446.   Judge David Patronella signed and ordered A default judgement for $3290 against Ashley Guillard, favorable to Metro Greenway for possession of the property and past due rent. The notice of a default judgement was allegedly mailed to 4100 SW FWY APT 368. Ashley Guillard did not receive any of those documents.

447.   The eviction was reported to Ashley Guillard's public record and consumer reports; and used against her for other rental applications, insurance premiums, loan applications and more. The eviction also defamed her character and subjected her to unwarranted online ridicule on multiple social media platforms.

448.   The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

449.   Ashley Guillard was injured, deprived of her right to equal protection and equal privileges of the laws, by the defendants criminal conspiracy and suffered multiple damages and further injuries: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway,

loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

450. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

451. Ashley Guillard seeks aggravated damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

452. Ashley Guillard seeks non-pecuniary damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

453. In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of civil rights pursuant to 42 U.S. Code § 1983 and relevant case law.

## THIRTEENTH CLAIM FOR RELIEF

## 42 U.S. CODE § 1985 2 & 3 – CONSPIRACY TO INTERFERE WITH THE RIGHT TO NOTICE GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1184648

454. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

455. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

456. Latoya Robinson filed an appeal, case no. 1184648, on April 4, 2022. Ashley Guillard was not notified of the appeal, court proceedings or any of the events that led to the appeal. The same documents and transcript of court proceedings used in case no. 221200059581were used as evidence against her.

457. May 26, 2022, while eviction appeal proceedings were pending, Jonisha Parrott emailed Ashley Guillard a lease renewal letter from Metro Greenway seeking another twelve-month lease. The letter was addressed to Latoya Robinson and Ashley Guillard stating "it would be our pleasure to have you continue living in your apartment home". Ashley Guillard remained unaware of all the legal proceedings.

458. The eviction appeal trial case. no 1184648 was held on June 7, 2022 at 11:30am via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court. Ashley Guillard was not informed of the proceedings.

459. The eviction appeal trial status conference case. no 1184648 was held on August 19, 2022 at 9:30am via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court. Ashley Guillard was not informed of the proceedings.

460. Neither the defendants nor Latoya Robinson notified Ashley Guillard of the proceedings. Ashley Guillard remained oblivious to all the eviction related events to include the late rent and rental assistance application.

461.    Despite having Ashley Guillard's email address, phone number and Louisiana mailing address, Metro Greenway nor Nationwide Compliant notified Ashley Guillard by mail, email or telephonically of the late rent, notice to vacate, original eviction filings case no. 221200059581 and the eviction appeal trial case no. 1184648.

462.    The petition listed Ashley Guillard's home address as 4100 Southwest FWY, apt 368, Houston Texas 77027 and stated that Ashley Guillard may be served at that address. None of Ashley Guillard's actual contact information (mailing address, phone number or email address) was listed on any of the documents.

463.    On February 18, 2022 the day of the original eviction filing Ashley Guillard lived in Fort Polk Louisiana and was a resident of Louisiana. On March 30, 2022, the day Judge David Patronella signed the default eviction judgement against Ashley Guillard she lived in Fort Polk, Louisiana and was a Louisiana resident. On April 4, 2022, the day the appeal was filed by Latoya Robinson, Ashley Guillard lived in Fort Polk Louisiana and was a resident of Louisiana. The application in Latoya Robinson and Ashley Guillard's file stated that Ashley Guillard lived in Louisiana and was not living at 4100 Southwest FWY, APT 368, Houston Texas 77027 (4100 SW FWY APT 368). According to Sec. 24 of Texas Property Code Ashley Guillard did not forcibly detain 4100 SW FWY APT 368. There was no legal cause to file a forcible detainer lawsuit against Ashley Guillard.

464.    Ashley Guillard relocated to Houston Texas on June 6, 2022. Metro Greenway and Latoya Robinson scheduled a time for Ashley Guillard to move her things into 4100 SW FWY APT 368 and a storage unit on June 6, 2022. She began paying Latoya Robinson approximately $1300 a month for rent and utilities.

465.    Jonisha Parrott met Ashley Guillard in person on June 7, 2022. She issued Ashley Guillard a reserved parking spot. Ashley Guillard prepaid for the parking spot from June 7, 2022 until the end of the lease August 30, 2022.

466.    Despite having an eviction trial case no. 1184648 via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court on the same day, June 7, 2022, neither Jonisha Parrott nor Latoya Robinson informed Ashley Guillard of the proceedings. Ashley Guillard remained oblivious to all the eviction related events and notices.

467.    Metro Greenway had no legal cause of action against Ashley Guillard. The claim was frivolous pursuant to Texas Civil Practices and Remedies Code Sec. 9.001 (3)(A): groundless, it had no basis in fact. The petition sought possession of the property and unpaid rent. The unpaid rent was being paid by Latoya Robinson's participation in the Texas Rent Relief Program. Therefore there was no legal cause to sue Ashley Guillard for the unpaid rent. According to Sec. 24.001 of Texas Property Code, A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand. Ashley Guillard did not occupy, detain, forcibly detain, reside at, illegally enter, legally enter or contain property at 4100 SW FWY APT 368. Therefore, there was no legal cause to sue Ashley Guillard for possession of the property.

468.    Had Ashley Guillard been notified, as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code, Ashley Guillard would've had the opportunity to motion to dismiss the case.

469.    After denying Ashley Guillard of her right to notice. Metro. Greenway submitted a false claim to the TEDP to expeditiously receive rent assistance. The appeal case was continued. Ashley Guillard was never notified to appear at any of the trial proceedings.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    96

470.     The conspiracy to deprive Ashley Guillard of her right to notice guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, caused Ashley Guillard further injuries and damages: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

471.     Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985 2 & 3.

472.     Ashley Guillard seeks financial relief for aggravated damages pursuant to 42 U.S. Code § 1985 2 & 3 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

473.     Ashley Guillard seeks financial relief for non-pecuniary damages pursuant to 42 U.S. Code § 1985 2 & 3 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense

COMPLAINT AND DEMAND FOR JURY TRIAL                                          97

of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

474.    The United States Government was injured due to the submission of false claims that resulted from 42 U.S. Code § 1985, the conspiracy to deprive Ashley Guillard of the right to notice as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code.

475.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of the right to notice pursuant to 42 U.S. Code § 1985 and relevant case law.

## FOURTEENTH CLAIM FOR RELIEF

## 42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985 (2)- INTERFERANCE OF THE RIGHT TO NOTICE THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1184648

476.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

477.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

478.    Pursuant to 42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party

injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

479.    Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Judge David Patronella participated in the conspiracy to deprive Ashley Guillard and Metro Greenway tenants of the right to notice and did nothing to prevent it. Each defendant had access to Ashley Guillard's contact information to notify her of the eviction case, default judgement and the eviction appeal proceedings.

480.    Each of the defendants had the opportunity to contact the State Commission on Judicial Conduct, the independent Texas state agency responsible for investigating allegations of judicial misconduct and judicial disability, to prevent the crimes. Yet, the defendants chose not to do so.

481.    Each of the defendants had the opportunity to contact Judge Audrie Lawton-Evans Harris County Civil Court to inform the Judge of the judicial fraud and impacted parties. Yet each defendant and their employees failed to do so.

482.    The conspiracy to deprive Ashley Guillard of her right to notice guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, caused Ashley Guillard further injuries and damages: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress,

COMPLAINT AND DEMAND FOR JURY TRIAL                                           99

homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

483.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

484.    Ashley Guillard seeks financial relief for aggravated damages pursuant to 42 U.S. Code § 1986 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

485.    Ashley Guillard seeks financial relief for non-pecuniary damages pursuant to 42 U.S. Code § 1986 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

486.    The United States Government was injured due to the submission of false claims that resulted from 42 U.S. Code § 1986, the conspiracy to deprive Ashley Guillard of the right to notice as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    100

487. In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of the right to notice pursuant to 42 U.S. Code § 1986 and relevant case law.

**FIFTEENTH CLAIM FOR RELIEF**

**42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-DEPRIVATION OF THE RIGHT TO BE SERVED A NOTICE THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1184648**

488. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

489. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

490. The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

491. Latoya Robinson filed an appeal, case no. 1184648, to appeal the default eviction judgement from case no. 221200059581 on April 4, 2022. Ashley Guillard was not notified of the appeal, court proceedings or any of the events that led to the appeal. The same perjurious documents and transcript of court proceedings used in case no. 221200059581were used as evidence against her.

COMPLAINT AND DEMAND FOR JURY TRIAL

492.    The eviction appeal trial case. no 1184648 was held on June 7, 2022 at 11:30am via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court. Ashley Guillard was not informed of the proceedings.

493.    The eviction appeal trial status conference case. no 1184648 was held on August 19, 2022 at 9:30am via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court. Ashley Guillard was not informed of the proceedings.

494.    Despite having Ashley Guillard's email address, phone number and Louisiana mailing address, Metro Greenway nor Nationwide Compliant notified Ashley Guillard by mail, email or telephonically of the late rent, notice to vacate, original eviction filings case no. 221200059581 and the eviction appeal trial case no. 1184648.

495.    The petition listed Ashley Guillard's home address as 4100 Southwest FWY, apt 368, Houston Texas 77027 and stated that Ashley Guillard may be served at that address. None of Ashley Guillard's actual contact information (mailing address, phone number or email address) was listed on any of the documents.

496.    On February 18, 2022 the day of the original eviction filing Ashley Guillard lived in Fort Polk Louisiana and was a resident of Louisiana. On March 30, 2022, the day Judge David Patronella signed the default eviction judgement against Ashley Guillard she lived in Fort Polk, Louisiana and was a Louisiana resident. On April 4, 2022, the day the appeal was filed by Latoya Robinson, Ashley Guillard lived in Fort Polk Louisiana and was a resident of Louisiana. The application in Latoya Robinson and Ashley Guillard's file stated that Ashley Guillard lived in Louisiana and was not living at 4100 Southwest FWY, APT 368, Houston Texas 77027 (4100 SW FWY APT 368). According to Sec. 24 of Texas Property Code Ashley Guillard did not

COMPLAINT AND DEMAND FOR JURY TRIAL                                    102

forcibly detain 4100 SW FWY APT 368. There was no legal cause to file a forcible detainer lawsuit against Ashley Guillard.

497.    Ashley Guillard relocated to Houston Texas on June 6, 2022. Metro Greenway and Latoya Robinson scheduled a time for Ashley Guillard to move her things into 4100 SW FWY APT 368 and a storage unit on June 6, 2022. She began paying Latoya Robinson approximately $1300 a month for rent and utilities.

498.    Jonisha Parrott met Ashley Guillard in person on June 7, 2022. She issued Ashley Guillard a reserved parking spot. Ashley Guillard prepaid for the parking spot from June 7, 2022 until the end of the lease August 30, 2022.

499.    Despite having an eviction trial case no. 1184648 via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court on the same day, June 7, 2022, neither Jonisha Parrott nor Latoya Robinson informed Ashley Guillard of the proceedings. Ashley Guillard remained oblivious to all the eviction related events and notices.

500.    Metro Greenway had no legal cause of action against Ashley Guillard. The claim was frivolous pursuant to Texas Civil Practices and Remedies Code Sec. 9.001 (3)(A): groundless, it had no basis in fact. The petition sought possession of the property and unpaid rent. The unpaid rent was being paid by Latoya Robinson's participation in the Texas Rent Relief Program. Therefore there was no legal cause to sue Ashley Guillard for the unpaid rent. According to Sec. 24.001 of Texas Property Code, A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand. Ashley Guillard did not occupy, detain,  forcibly detain, reside at, illegally enter, legally enter or contain property at  4100 SW FWY APT 368. Therefore, there was no legal cause to sue Ashley Guillard for possession of the property.

COMPLAINT AND DEMAND FOR JURY TRIAL                                103

501.    Had Ashley Guillard been notified, as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code, Ashley Guillard would've had the opportunity to motion to dismiss the case.

502.    Had Ashley Guillard been notified, as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code, Ashley Guillard would've remained in Louisiana and avoided homelessness.

503.    After denying Ashley Guillard of her right to notice Metro Greenway submitted a false claim to the TEDP to expeditiously receive rent assistance. The appeal case was continued. Ashley Guillard was never notified to appear at any of the trial proceedings.

504.    The conspiracy to deprive Ashley Guillard of her right to notice guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, caused Ashley Guillard further injuries and damages: homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

505.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                   104

506.    Ashley Guillard seeks financial relief for aggravated damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

507.    Ashley Guillard seeks financial relief for non-pecuniary damages pursuant to 42 U.S. Code § 1983 and relevant case law to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

508.    The United States Government was injured due to the submission of false claims that resulted from 42 U.S. Code § 1983, the conspiracy to deprive Ashley Guillard of the right to notice as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code.

509.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the deprivation of the right to notice pursuant to 42 U.S. Code § 1983 and relevant case law.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    105

## SIXTEENTH CLAIM FOR RELIEF

## 42 U.S. CODE § 1985 (2-3) OBSTRUCTING JUSTICE- CONSPIRACY TO INTERFERE WITH TRIBUNAL IMPARTIALITY THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1184648

510.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

511.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

512.    The pertinent aspect of 42 U.S. Code § 1985 (3) Depriving persons of rights or privileges: If two or more persons in any State conspire or go on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State the equal protection of the laws; (3) the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

513.    The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

COMPLAINT AND DEMAND FOR JURY TRIAL                                            106

514. In the month of February 2022 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott conspired with Judge David Patronella to deny The Constitutional right to due process guaranteed by the Fourteenth Amendment of the United States Constitution to Metro Greenway tenants and Ashley Guillard, under the color of the law; to submit a false claim to the TEDP and expeditiously receive rent assistance.

515. Pursuant to The Supreme Court Of Texas  Misc. Docket No. 20-9113 during the trial for eviction cases, the judge must abate the eviction proceedings for sixty days if both the landlord and tenant indicate they are interested in the Texas Eviction Diversion Program or if the landlord has a pending application for rent assistance. An eviction is required to enter the TEDP and have the application for rent assistance prioritized. Landlords and tenants can request to enter the eviction diversion program at any time after the trial as long as the writ of possession has not issued. If this request is made, the judge must set aside any judgment and follow the procedures detailed in the twenty-seventh emergency order.

516. To elude the abatement of the eviction for sixty days as required by Misc. Docket No. 20-9113 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott intentionally conspired to prevent Metro Greenway tenants and Ashley Guillard from appearing in trial.

517. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott partnered with Judge David Patronella, Justice of the Peace for Harris County Precinct One Place Two, for favorable eviction judgements.

518.    Judge David Patronella agreed to order Metro Greenway favorable default eviction judgements without scrutiny in exchange for a percentage of the profits received from the TEDP rent assistance funds.

519.    Pursuant to Section 1 of The Fourteenth Amendment of the United States Constitution, all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall no State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

520.    By partnering with Judge David Patronella for favorable eviction judgements, the defendants and co-conspirators deprived Ashley Guillard and other Metro Greenway tenants of the right to an impartial tribunal guaranteed by The Due Process Clause of the of The Fourteenth Amendment of the United States Constitution.

521.    As a direct result of the defendants criminal conspiracy to deprive Metro Greenway tenants and Ashley Guillard of the right to due course of justice, an impartial tribunal, at Harris County Justice of the Peace, Precinct 1 Place 2, Ashley Guillard was deprived of her Fourteenth Amendment right to an impartial tribunal multiple times; in case no. 221200059581 and case no. 1184648.

522.    On February 18-25, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, and Jonisha Parrott filed a perjurious petition for eviction from residential premises and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.  They intentionally

omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents. Metro Greenway did not provide Ashley Guillard's last known mailing address, residential address, phone number or email address on any of the eviction documents despite having it in her file.

523.    Metro Greenway had no legal cause of action to sue Ashley Guillard. The petition sought possession of the property and unpaid rent. The unpaid rent was being paid by Latoya Robinson's participation in the Texas Rent Relief Program. Therefore there was no legal cause to sue Ashley Guillard for the unpaid rent. Pursuant to Sec. 24.001 of Texas Property Code, A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand. Ashley Guillard didn't occupy the property, didn't force entry, didn't detain the property, was not given possession of the property, was not forcibly detaining the property, did not refuse to surrender possession and was not a resident of the apartment or the state of Texas. There was no legal cause to sue Ashley Guillard for possession of the property.

524.    The claim was frivolous pursuant to Texas Civil Practices and Remedies Code Sec. 9.001 (3)(A): groundless, it had no basis in fact. Yet, Judge David Patronella granted a default judgement against Ashley Guillard and Latoya Robinson.

525.    Ashley Guillard was not served a notice of the late rent, eviction proceedings, default judgement and was unaware of the eviction related events.

526.    Latoya Robinson filed an appeal, case no. 1184648, on April 4, 2022. Ashley Guillard was not notified of the appeal, court proceedings or any of the events that led to the appeal. The same perjurious documents and transcript of court proceedings used in case no. 221200059581were used as evidence against her for appeal case 1184648.

COMPLAINT AND DEMAND FOR JURY TRIAL                                              109

527.    The documents were perjurious, all of Ashley Guillard's contact information was omitted from the documents, case no. 221200059581 was frivolous, the default judgement was illegal and Ashley Guillard was not given the opportunity to defend herself. Therefore, her right to tribunal impartiality was deprived.

528.    Had Ashley Guillard's right to an impartial tribunal as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Canon 2A-B of The Texas Code of Judicial Conduct, Ashley Guillard would've had the opportunity to motion to dismiss the frivolous case and avoid further damages.

529.    The defendants caused Ashley Guillard multiple damages. In addition to the deprivation of her right to an impartial tribunal, the conspiracy directly caused her denial of housing opportunities on multiple occasions, homelessness, defamation of character, financial hardship, false reporting to her credit report, increased housing costs, multiple counts of emotional distress, mental anguish, unsafe living conditions, instability to her and her son's life and housing, multiple counts of harassment, humiliation, interruption to her life goals, livelihood and plans and interruption to her son's livelihood and plans, damaged self-confidence, fear of repetition of judicial fraud, loss of faith in family, loss of enjoyment of life, depression, wounded pride, vexation, loss of sense of safety and loss of faith in the judicial system.

530.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985 (3) and relevant case law.

531.    Ashley Guillard seeks financial relief for aggravated damages pursuant to 42 U.S. Code § 1985 (3): mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due

to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and another other relief as deemed appropriate.

532.    Ashley Guillard seeks financial relief for non-pecuniary damages pursuant to 42 U.S. Code § 1985 (3) to include but not limited to: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace, pain and suffering due to the defamation of character caused by the eviction filing case no. 221200059581, pain and suffering due to the defamation of character caused by the eviction judgement case no. 221200372140, and pain and suffering due to the defamation of character caused by case no. 1195377.

533.    The United States Government suffered damages due to the submission of false claims pursuant to 31 U.S.C. §§ 3729 – 3733 that resulted from Ashley Guillard and Metro Greenway tenants being deprived of the Fourteenth Amendment right to an impartial tribunal pursuant to 42 U.S. Code § 1985 (2-3).

534.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1985 (2-3).

## SEVENTEENTH SECOND CLAIM FOR RELIEF

## 42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985 (2)- INTERFERANCE OF TRIBUNAL IMPARTIALITY THAT'S GUARANTEED BY

COMPLAINT AND DEMAND FOR JURY TRIAL                                                111

## THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1184648

535.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

536.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

537.    42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

538.    Ashley Guillard's right to an impartial tribunal as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Canon 2A-B of The Texas Code of Judicial Conduct was deprived for case no. 221200059581 and appeal case no. 1184648.

539.    Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Kirbi Howard, Jonisha Parrott and Judge David Patronella had the wherewithal to prevent or aid in preventing the commission of the conspiracy yet neglected to do so.

540. At any time before the filing of the eviction petition and before the trial the defendants could've denied participation in the conspiracy to deprive Ashley Guillard of an impartial tribunal.

541. At any time before the filing of the eviction petition and before the trial the defendants could've contacted the State Commission on Judicial Conduct, the independent Texas state agency responsible for investigating allegations of judicial misconduct and judicial disability to prevent the crimes. Yet, the defendants chose not to do so.

542. Judge David Patronella was legally obligated to report the bribe by Canon 1 and Canon 2A of The Texas Code of Judicial Conduct but chose not to.

543. Instead of preventing the conspiracy to deprive Ashley Guillard of an impartial tribunal the defendants continued and participated in the conspiracy.

544. The defendant's failure to prevent the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants an impartial tribunal caused Ashley Guillard several damages.

545. The defendant's failure to prevent the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants an impartial tribunal caused The United States Government and United States Tax Payers compensatory damage due to the submission of several false claims connected to the conspiracy.

546. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

547. Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1986: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense

COMPLAINT AND DEMAND FOR JURY TRIAL                                                113

of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

548. Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1986: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

549. The United States Government was injured due to the submission of all false claims that resulted from the conspiracy to interfere with an impartial tribunal pursuant to 42 U.S. Code § 1985.

550. In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the failure to prevent the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1985 and 42 U.S. Code § 1986.

**EIGHTEENTH CLAIM FOR RELIEF**

**42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-DEPRIVATION OF THE RIGHT TO AN IMPARTIAL TRIBUNAL THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1184648**

551. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

COMPLAINT AND DEMAND FOR JURY TRIAL                                              114

552.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

553.    The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

554.    The right to an impartial tribunal is guaranteed by Section 1 of The Fourteenth Amendment of the United States Constitution. It requires that no State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

555.    Latoya Robinson filed an appeal, case no. 1184648, to appeal the default eviction judgement from case no. 221200059581 on April 4, 2022. Ashley Guillard was not notified of the appeal, court proceedings or any of the events that led to the appeal. The same perjurious documents and transcript of court proceedings used in case no. 221200059581were used as evidence against her.

556.    The eviction appeal trial case. no 1184648 was held on June 7, 2022 at 11:30am via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court. Ashley Guillard was not informed of the proceedings.

557.    The eviction appeal trial status conference case. no 1184648 was held on August 19, 2022 at 9:30am via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court. Ashley Guillard was not informed of the proceedings.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    115

558.    Despite having Ashley Guillard's email address, phone number and Louisiana mailing address, Metro Greenway nor Nationwide Compliant notified Ashley Guillard by mail, email or telephonically of the late rent, notice to vacate, original eviction filings case no. 221200059581 and the eviction appeal trial case no. 1184648.

559.    The petition listed Ashley Guillard's home address as 4100 Southwest FWY, apt 368, Houston Texas 77027 and stated that Ashley Guillard may be served at that address. None of Ashley Guillard's actual contact information (mailing address, phone number or email address) was listed on any of the documents.

560.    On February 18, 2022 the day of the original eviction filing Ashley Guillard lived in Fort Polk Louisiana and was a resident of Louisiana. On March 30, 2022, the day Judge David Patronella signed the default eviction judgement against Ashley Guillard she lived in Fort Polk, Louisiana and was a Louisiana resident. On April 4, 2022, the day the appeal was filed by Latoya Robinson, Ashley Guillard lived in Fort Polk Louisiana and was a resident of Louisiana. The application in Latoya Robinson and Ashley Guillard's file stated that Ashley Guillard lived in Louisiana and was not living at 4100 Southwest FWY, APT 368, Houston Texas 77027 (4100 SW FWY APT 368). According to Sec. 24 of Texas Property Code Ashley Guillard did not forcibly detain 4100 SW FWY APT 368. There was no legal cause to file a forcible detainer lawsuit against Ashley Guillard.

561.    Ashley Guillard relocated to Houston Texas on June 6, 2022. Metro Greenway and Latoya Robinson scheduled a time for Ashley Guillard to move her things into 4100 SW FWY APT 368 and a storage unit on June 6, 2022. She began paying Latoya Robinson approximately $1300 a month for rent and utilities.

562.    Jonisha Parrott met Ashley Guillard in person on June 7, 2022. She issued Ashley Guillard a reserved parking spot. Ashley Guillard prepaid for the parking spot from June 7, 2022 until the end of the lease August 30, 2022.

563.    Despite having an eviction trial case no. 1184648 via Zoom with Judge Audrie Lawton-Evans Harris County Civil Court on the same day, June 7, 2022, neither Jonisha Parrott nor Latoya Robinson informed Ashley Guillard of the proceedings. Ashley Guillard remained oblivious to all the eviction related events and notices.

564.    Metro Greenway had no legal cause of action against Ashley Guillard. The claim was frivolous pursuant to Texas Civil Practices and Remedies Code Sec. 9.001 (3)(A): groundless, it had no basis in fact. The petition sought possession of the property and unpaid rent. The unpaid rent was being paid by Latoya Robinson's participation in the Texas Rent Relief Program. Therefore there was no legal cause to sue Ashley Guillard for the unpaid rent. According to Sec. 24.001 of Texas Property Code, A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand. Ashley Guillard did not occupy, detain, forcibly detain, reside at, illegally enter, legally enter or contain property at  4100 SW FWY APT 368. Therefore, there was no legal cause to sue Ashley Guillard for possession of the property.

565.    Had Ashley Guillard been notified, as required by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code, Ashley Guillard would've had the opportunity to motion to dismiss the case.

566.    Had Ashley Guillard been notified, as required by The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Sec. 24 of the Texas Property Code, Ashley Guillard would've remained in Louisiana and avoided homelessness.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                117

567.   The defendant's failure to prevent the deprivation of Ashley Guillard's right to an impartial tribunal caused Ashley Guillard several damages.

568.   The defendant's failure to prevent the conspiracy to deprive Ashley Guillard and other Metro Greenway tenants an impartial tribunal caused The United States Government and United States Tax Payers compensatory damage due to the submission of several false claims connected to the conspiracy.

569.   Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

570.   Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1983: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

571.   Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1983: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

572.   The United States Government was injured due to the submission of all false claims that resulted from the conspiracy to interfere with an impartial tribunal pursuant to 42 U.S. Code § 1983.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                              118

573. In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the failure to prevent the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1983, 42 U.S. Code § 1985 and 42 U.S. Code § 1986.

## NINETEENTH CLAIM FOR RELIEF
## 42 U.S. CODE § 1985 (2-3) OBSTRUCTING JUSTICE- CONSPIRACY TO INTERFERE WITH THE FOURTEENTH AMENDMENT RIGHT TO BE HEARD THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE OF THE U.S. CONSTITUTION FOR CASE. NO 1184648

574. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

575. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

576. For all reasons listed above, Ashley Guillard was deprived of the right to be heard for eviction appeal case no. 1184648.

577. The defendants intentionally omitted all of Ashley Guillard's contact information from all eviction related documents. They also erroneously listed 4100 Southwest FWY Apt 368 as Ashley Guillard's residential and mailing address.

578. The defendants intentionally prevented Ashley Guillard from appearing at the original trial case no. 221200059581 by not serving her eviction notices and proceedings with the purpose to get a default eviction judgement. The defendants did not correct the information in

COMPLAINT AND DEMAND FOR JURY TRIAL                                    119