the eviction documents and continued to deprive Ashley Guillard of her right to notice, to be heard and tribunal impartiality in case no. 1184648.

579.    The defendants misled the court, Judge Audrie Lawton-Evans Harris County Civil Court, by providing perjurious documents and false testimony that Ashley Guillard was properly served.

580.    Ashley Guillard was unable to defend herself in court because as intended by the defendants she was unaware of the proceedings.

581.    Although the case was dismissed on August 23, 2022 for want of prosecution Ashley Guillard was still misrepresented, defamed and negatively impacted.

582.    The defendant's failure to prevent the deprivation of Ashley Guillard's right to be heard caused Ashley Guillard several damages.

583.    The defendant's failure to prevent the conspiracy to deprive Ashley Guillard of the right to be heard caused The United States Government and United States Tax Payers compensatory damage due to the submission of several false claims connected to the conspiracy.

584.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985.

585.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1985: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

586.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1985: intentional infliction of emotional distress, loss of enjoyment

COMPLAINT AND DEMAND FOR JURY TRIAL                                              120

of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

587.    The United States Government was injured due to the submission of all false claims that resulted from the conspiracy to interfere with an impartial tribunal pursuant to 42 U.S. Code § 1985.

588.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the failure to prevent the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1983, 42 U.S. Code § 1985 and 42 U.S. Code § 1986.

## TWENTIETH CLAIM FOR RELIEF

## 42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985 (3)- CONSPIRACY TO INTERFERE WITH THE CIVIL RIGHT TO BE HEARD FOR CASE. NO 1184648

589.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

590.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

591.    42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same,

COMPLAINT AND DEMAND FOR JURY TRIAL                                        121

neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

592.   In the month of February 2022 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott conspired with Judge David Patronella to deny The Constitutional right to be heard guaranteed by the Fourteenth Amendment of the United States Constitution to Metro Greenway tenants and Ashley Guillard, under the color of the law; to submit a false claim to the TEDP and expeditiously receive rent assistance.

593.   Pursuant to The Supreme Court Of Texas  Misc. Docket No. 20-9113 an eviction is required to enter the TEDP and have the application for rent assistance prioritized. Landlords and tenants can request to enter the eviction diversion program at any time after the trial as long as the writ of possession has not issued. Pursuant to The Supreme Court Of Texas  Misc. Docket No. 20-9113 during the trial for eviction cases, the judge must abate the eviction proceedings for sixty days if both the landlord and tenant indicate they are interested in the Texas Eviction Diversion Program or if the landlord has a pending application for rent assistance.

594.   To elude the abatement of the eviction for sixty days as required by Misc. Docket No. 20-9113 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott intentionally conspired to prevent Metro Greenway tenants and Ashley Guillard from appearing in trial.

595.    Judge David Patronella agreed to order Metro Greenway favorable default eviction judgements without scrutiny in exchange for a percentage of the profits received from the TEDP rent assistance funds.

596.    On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious petition for eviction from residential premises case no. . 221200059581 and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

597.    Despite communicating with Ashley Guillard routinely by email Metro Greenway and Nationwide Compliant intentionally did not inform Ashley Guillard of the late rent or eviction proceedings. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard, and Jonisha Parrott intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents to prevent her from being notified of the eviction and trial, to avoid trial and to get a default judgement. They also erroneously listed 4100 Southwest FWY Apt 368 as Ashley Guillard's residential and mailing address.

598.    The defendants intentionally prevented Ashley Guillard from appearing at the original trial case no. 221200059581 by not serving her eviction notices and proceedings with the purpose to get a default eviction judgement.

599.    The defendants did not correct the information in the eviction documents and continued to deprive Ashley Guillard of her right to notice, to be heard and tribunal impartiality in case no. 1184648.

COMPLAINT AND DEMAND FOR JURY TRIAL                                              123

600.    The defendants misled the court in case no. 1184648, Judge Audrie Lawton-Evans Harris County Civil Court, by providing perjurious documents and false testimony that Ashley Guillard was properly served.

601.    Ashley Guillard was unable to defend herself in court in case no. 1184648 because as intended by the defendants she was unaware of the proceedings.

602.    Metro Greenway's Assistant Property Manager Jonisha Parrott met Ashley Guillard for the first time on June 7, 2022 when Ashley Guillard moved in 4100 Southwest FWY Apt 368 and requested for a reserved parking spot. Jonisha Parrott attended trial on June 7, 2022 regarding the eviction appeal. Despite meeting Ashley Guillard in person Jonisha Parrott failed to inform Ashley Guillard of the eviction case and proceedings.

603.    None of the defendants reported the judicial fraud to the State Commission on Judicial Conduct, the independent Texas state agency responsible for investigating allegations of judicial misconduct and judicial disability to prevent the crimes.

604.    Although case no. 1184648 was dismissed on August 23, 2022 for want of prosecution after the defendants were paid rental assistance funds from the TEDP; Ashley Guillard was misrepresented, defamed and negatively impacted.

605.    As a direct result of the defendants concerted conspiracy to prevent Ashley Guillard from appearing in trial, Ashley Guillard was denied the opportunity to be heard. She was prevented from providing an oral and written answer for trial in case no. 1184648 on June 7, 2022 and the status conference on August 19, 2022.

606.    The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

COMPLAINT AND DEMAND FOR JURY TRIAL                                            124

607.    The defendant's failure to prevent the deprivation of Ashley Guillard's right to be heard caused Ashley Guillard several damages.

608.    The defendant's failure to prevent the conspiracy to deprive Ashley Guillard of the right to be heard caused The United States Government and United States Tax Payers compensatory damage due to the submission of several false claims connected to the conspiracy.

609.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

610.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1986: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

611.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1986: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

612.    The United States Government was injured due to the submission of all false claims that resulted from the conspiracy to interfere with the right to be heard and subsequent failure to prevent it pursuant to 42 U.S. Code § 1986.

613.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government

COMPLAINT AND DEMAND FOR JURY TRIAL                                                      125

pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the failure to prevent the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1983, 42 U.S. Code § 1985 and 42 U.S. Code § 1986.

## TWENTY-FIRST CLAIM FOR RELIEF

## 42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-DEPRIVATION OF THE RIGHT TO BE HEARD THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1184648

614.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

615.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

616.    The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

617.    The right to an impartial tribunal is guaranteed by Section 1 of The Fourteenth Amendment of the United States Constitution. It requires that no State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

618.    On February 18, 2022 Metro Greenway, Simpson Housing, Nationwide Compliant, Amanda Davis, Leslie McMurrey, Kirbi Howard, Jonisha Parrott filed a perjurious

COMPLAINT AND DEMAND FOR JURY TRIAL                                                      126

petition for eviction from residential premises case no. 221200059581 and perjurious supporting documents with Judge Patronella at Harris County Justice of the Peace, Precinct 1 Place 2 to evict Ashley Guillard from 4100 Southwest Freeway, apt 368, Houston Texas 77027.

619.    Despite communicating with Ashley Guillard routinely by email Metro Greenway and Nationwide Compliant intentionally did not inform Ashley Guillard of the late rent or eviction proceedings. Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard, and Jonisha Parrott intentionally omitted all of Ashley Guillard's contact information from all the eviction and pre-eviction documents to prevent her from being notified of the eviction and trial, to avoid trial and to get a default judgement. They also erroneously listed 4100 Southwest FWY Apt 368 as Ashley Guillard's residential and mailing address.

620.    The defendants intentionally prevented Ashley Guillard from appearing at the original trial case no. 221200059581 by not serving her eviction notices and proceedings with the purpose to get a default eviction judgement.

621.    The defendants did not correct the information in the eviction documents and continued to deprive Ashley Guillard of her right to notice, to be heard and tribunal impartiality in case no. 1184648.

622.    The defendants misled the court in case no. 1184648, Judge Audrie Lawton-Evans Harris County Civil Court, by providing perjurious documents and false testimony that Ashley Guillard was properly served and that she resided at 4100 Southwest FWY, Apt 368, Houston TX 77027.

623.    Ashley Guillard was unable to defend herself in court in case no. 1184648 because as intended by the defendants she was unaware of the proceedings.

COMPLAINT AND DEMAND FOR JURY TRIAL                                           127

624.    Metro Greenway's Assistant Property Manager Jonisha Parrott met Ashley Guillard for the first time on June 7, 2022 when Ashley Guillard moved in 4100 Southwest FWY Apt 368 and requested for a reserved parking spot. Jonisha Parrott attended trial on June 7, 2022 regarding the eviction appeal. Despite meeting Ashley Guillard in person Jonisha Parrott failed to inform Ashley Guillard of the eviction case and proceedings.

625.    None of the defendants reported the judicial fraud to the State Commission on Judicial Conduct, the independent Texas state agency responsible for investigating allegations of judicial misconduct and judicial disability to prevent the crimes.

626.    As a direct result of the defendants concerted conspiracy to prevent Ashley Guillard from appearing in trial, Ashley Guillard was denied the opportunity to be heard. She was prevented from providing an oral and written answer for trial in case no. 1184648 on June 7, 2022 and the status conference on August 19, 2022.

627.    Although case no. 1184648 was dismissed on August 23, 2022 for want of prosecution after the defendants were paid rental assistance funds from the TEDP; Ashley Guillard was misrepresented, defamed and negatively impacted.

628.    The defendants acted with subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to Ashley Guillard's safety, welfare, rights, and the guaranteed negative impact to her life.

629.    Ashley Guillard was deprived of the right to be heard caused and suffered several damages.

630.    The defendant's conspiracy to deprive Ashley Guillard of the right to be heard caused The United States Government and United States Tax Payers compensatory damage due to the submission of several false claims connected to the conspiracy.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    128

631.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

632.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1983: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

633.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1983: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

634.    The United States Government was injured due to the submission of all false claims that resulted from the conspiracy to interfere with an impartial tribunal pursuant to 42 U.S. Code § 1983.

635.    In a separate action Ashley Guillard may seek compensatory past, current and projected financial damages and punitive damages on behalf of the United States Government pursuant to 31 U.S.C. §§ 3729 – 3733 due to the submission of all false claims that resulted from the failure to prevent the conspiracy to interfere with civil rights pursuant to 42 U.S. Code § 1983, 42 U.S. Code § 1985 and 42 U.S. Code § 1986.

## TWENTY-SECOND CLAIM FOR RELIEF

## 42 U.S. CODE § 1985 (2-3) OBSTRUCTING JUSTICE- CONSPIRACY TO INTERFERE WITH TRIBUNAL IMPARTIALITY THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 221200372140

636.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

637.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

638.    The pertinent aspect of 42 U.S. Code § 1985 (3) Depriving persons of rights or privileges: If two or more persons in any State conspire or go on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State the equal protection of the laws; (3) the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

639.    The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    130

640.    Ashley Guillard complained to Metro Greenway, Nationwide Compliant and Simpson Housing about her Fourteenth Amendment right to due process being denied, being illegally sued, the subsequent denial of housing, being separated from her son, and the threat of homelessness on several occasions: in person at Metro Greenway leasing office several times between August 23, 2022 and October 20, 2022, by email on August 25, 2022, by google review on August 25, 2022, and by email to the defendants on August 26, 2022.

641.    After being ignored for over a month Ashley Guillard informed Kirbi Howard and Jonisha Parrott that she would not pay October 2022's rent due to the violation of her civil rights, the damage caused to her life, her complaints being ignored and the subsequent retaliation against her for not signing another lease. She would instead write a demand letter to Simpson Housing, Metro Greenway and Nationwide Compliant seeking resolution.

642.    Since February 2022 Simpson Housing, Metro Greenway, Nationwide Compliant and Judge David Patronella had an agreement for Judge David Patronella to render favorable judicial decisions for Metro Greenway in eviction cases. Judge David Patronella and Nationwide Compliant were promised a profit for each case they co-conspired with Metro Greenway that resulted in a favorable eviction judgement.

643.    Despite Jonisha Parrot not legally issuing the notice to vacate as required by Sec. 24. 005 (f) on October 19, 2022 Brandon Meyer filed a petition to evict Ashley Guillard from 4100 Southwest FWY, Apt 368, Houston TX 77027, with Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris County, Texas with Judge David Patronella presiding.

644.    Metro Greenway and Nationwide Compliant filed an eviction petition to evict Ashley Guillard and Latoya Robinson from 4100 Southwest Freeway, Apt 368, Houston Texas 77027, with Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris County,

Texas with Judge David Patronella presiding with knowledge of the agreement for Judge Patronella to grant favorable eviction judgements for Metro Greenway.

645.    The eviction petition was filed and signed under oath by Brandon Meyer claiming to be an agent of Metro Greenway. Nationwide Compliant's contact information was listed on the eviction petition as his contact information: mailing address: 6300 La Calma Dr., Suite 150, Austin, TX, 78752, email address: filing@nationwidecompliant.com and phone number: (713) 352-3162.

646.    Trial by judge for eviction case no. 221200372140 was held on November 11, 2022. Ashley Guillard appeared before Judge David Patronella, Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris, Texas. Amanda Davis of Nationwide Compliant, an "authorized agent" appeared for Metro Greenway. Kirbi Howard, Metro Greenway Property Manager, also appeared for Metro Greenway. Latoya Robinson was not present.

647.    It was inappropriate for Judge David Patronella to hear the eviction case due to conflict of interest and fraud. Pursuant to Canon 3B (1) of the Texas Code of Judicial Conduct A judge shall hear and decide matters assigned to the judge except those in which disqualification is required or recusal is appropriate.

648.    The Due Process clauses of the United States Constitution require judges to recuse themselves from cases that the judge has a financial interest in the case's outcome and/or if there is otherwise a strong possibility that the judge's decision will be biased. Judge David Patronella was barred by the Due Process clauses of the United States Constitution and the Texas Code of Judicial Conduct to hear, take, handle or have any impact on case no. 221200372140. He was barred because he had a financial interest in case no. 221200372140 because of his partnership with Nationwide Compliant and Metro Greenway to render favorable eviction

COMPLAINT AND DEMAND FOR JURY TRIAL                                      132

judgements for a profit. Judge David Patronella was barred by the Due Process clauses of the United States Constitution to hear, take, handle or have any impact on case no. 221200372140 because there was a strong possibility that the judge's decision will be biased; based on the nature of Ashley Guillard's complaint. She complained that her Fourteenth Amendment right to Due Process was violated in his court due to judicial fraud.

649.    Despite his inherent bias, Judge David Patronella, did not recuse himself from case no. 221200372140.

650.    Ashley Guillard testified to Judge Patronella about her right to due process and civil rights being violated at his court in case no. 221200059581. She also complained about the retaliation against her by Metro Greenway for not signing another lease. She testified that there was no legal basis to evict her in case no. 221200059581 because she was not a forcible detainer. Additionally she testified that eviction case no. 221200372140 was filed for Metro Greenway to elude responsibility for the damage they caused her by violating her right to due process in his court in case no. 221200059581.

651.    Despite making valid defenses, Ashley Guillard did not stand a chance at a fair trial due to Nationwide Compliant and Metro Greenway's prior agreement to pay Judge David Patronella for favorable eviction judgements and due to the implication of guilt regarding Judge Patronella in her complaint.

652.    With full knowledge and experience that Simpson Housing, Metro Greenway, Nationwide Compliant and himself intentionally violated Ashley Guillard's constitutional right to due process in case no. 221200059581 and caused her damage, Judge Patronella eluded responsibility by shifting blame to Latoya Robinson and rendered an eviction judgement for the plaintiff, Metro Greenway.

COMPLAINT AND DEMAND FOR JURY TRIAL                                          133

653.    Pursuant to Canon 1 of Texas Code of Judicial Conduct, Upholding the Integrity and Independence of the Judiciary: An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved. Judge David Patronella violated Canon 1 of Texas Code of Judicial Conduct by accepting bribes and unlawfully favoring Metro Greenway in eviction cases; to include case no 221200059581 and case no. 221200372140 against Ashley Guillard.

654.    Pursuant to Canon 2A of the Texas Code of Judicial Conduct A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Judge David Patronella violated Canon 2A of Texas Code of Judicial Conduct by unlawfully favoring Metro Greenway in eviction cases.

655.    Pursuant to Canon 2B Avoiding Impropriety and the Appearance of Impropriety in all of the Judge's Activities: A judge shall not allow any relationship to influence judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge. Judge David Patronella violated Canon 2B of Texas Code of Judicial Conduct by unlawfully favoring Metro Greenway in eviction cases.  Judge David Patronella violated Canon 2B of Texas Code of Judicial Conduct by accepting a bribe from Nationwide Compliant and Metro Greenway in exchange for favorable judgements. Judge David Patronella violated Canon 2B of Texas Code of Judicial Conduct by partnering with Nationwide Compliant and their clients (to include Metro Greenway) to use his

COMPLAINT AND DEMAND FOR JURY TRIAL                                        134

power as a Harris County Justice of the Peace to illegally assist them in getting federal funds from the TEDP.

656. The defendant's conspiracy to deprive Ashley Guillard of the right to an impartial tribunal caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

657. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985.

658. Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1985: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

659. Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1985: intentional infliction of emotional distress, loss of enjoyment

COMPLAINT AND DEMAND FOR JURY TRIAL                                             135

of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## TWENTY-THIRD CLAIM FOR RELIEF
## 42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985 (2)- INTERFERANCE OF TRIBUNAL IMPARTIALITY THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 221200372140

660. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

661. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

662. 42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

663. Instead of talking to Ashley Guillard and resolving the issues the defendants caused her due to the filing of the frivolous claims and judicial fraud in case no. 221200059581, the defendants chose to ignore her and to repeat their illegal acts in case no. 221200372140.

664. Nationwide Compliant chose to ignore Ashley Guillard's complaint and continue to impede upon Ashley Guillard's right to judicial impartiality by filing the eviction petition to evict Ashley Guillard in their partner Judge Patronella's court.

665. Metro Greenway chose to ignore Ashley Guillard's complaints and continue to impede upon Ashley Guillard's right to judicial impartiality by filing the eviction petition to evict Ashley Guillard in their partner Judge Patronella's court.

666. Judge David Patronella chose to use his judicial power to impede upon Ashley Guillard's right to judicial impartiality by hearing the eviction case against Ashley Guillard despite his inherent bias and judicial fraud.

667. Judge David Patronella chose to use his judicial power to render a favorable eviction judgement for Metro Greenway and elude responsibility for their collective misconduct in case no. 221200059581 and case no. 221200372140.

668. Ashley Guillard communicated with all the defendants in person and by email seeking an out of court resolution for the issues they caused several times. None of the defendants communicated with Ashley Guillard. They chose to ignore her, continue to violate her rights and cause further damage to her life and public record.

669. The defendant's failure to prevent the conspiracy to deprive Ashley Guillard of the right to an impartial tribunal caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations,

homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

670.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

671.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1986: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

672.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1986: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## TWENTY-FOURTH CLAIM FOR RELIEF

## 42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS- DEPRIVATION OF THE RIGHT TO AN IMPARTIAL TRIBUNAL GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 221200372140

673.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

674.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

675.    The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

676.    Since February 2022 Simpson Housing, Metro Greenway, Nationwide Compliant and Judge David Patronella had an agreement for Judge David Patronella to render favorable judicial decisions for Metro Greenway in eviction cases. Judge David Patronella was promised a profit favorable eviction judgements.

677.    Despite Jonisha Parrot not legally issuing the notice to vacate as required by Sec. 24. 005 (f) on October 19, 2022 Brandon Meyer filed a petition to evict Ashley Guillard from 4100 Southwest FWY, Apt 368, Houston TX 77027, with Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris County, Texas with Judge David Patronella presiding.

COMPLAINT AND DEMAND FOR JURY TRIAL                                         139

678.  Metro Greenway and Nationwide Compliant filed an eviction petition to evict Ashley Guillard and Latoya Robinson from 4100 Southwest Freeway, Apt 368, Houston Texas 77027, with Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris County, Texas with Judge David Patronella presiding with knowledge of the agreement for Judge Patronella to grant favorable eviction judgements for Metro Greenway.

679.  Trial by judge for eviction case no. 221200372140 was held on November 11, 2022. Ashley Guillard appeared before Judge David Patronella, Harris County Justice of the Peace for Precinct 1, Place 2 located in Harris, Texas. Amanda Davis of Nationwide Compliant, an "authorized agent" appeared for Metro Greenway. Kirbi Howard, Metro Greenway Property Manager, also appeared for Metro Greenway. Latoya Robinson was not present.

680.  It was inappropriate for Judge David Patronella to hear the eviction case due to conflict of interest and fraud. Pursuant to Canon 3B (1) of the Texas Code of Judicial Conduct A judge shall hear and decide matters assigned to the judge except those in which disqualification is required or recusal is appropriate.

681.  The Due Process clauses of the United States Constitution require judges to recuse themselves from cases that the judge has a financial interest in the case's outcome and/or if there is otherwise a strong possibility that the judge's decision will be biased. Judge David Patronella was barred by the Due Process clauses of the United States Constitution and the Texas Code of Judicial Conduct to hear, take, handle or have any impact on case no. 221200372140. He was barred because he had a financial interest in case no. 221200372140 because of his partnership with Nationwide Compliant and Metro Greenway to render favorable eviction judgements for a profit. Judge David Patronella was barred by the Due Process clauses of the United States Constitution to hear, take, handle or have any impact on case no. 221200372140

because there was a strong possibility that the judge's decision will be biased; based on the nature of Ashley Guillard's complaint. She complained that her Fourteenth Amendment right to Due Process was violated in his court due to judicial fraud.

682.    In spite of his inherent bias, Judge David Patronella, did not recuse himself from case no. 221200372140. . With full knowledge and experience that Simpson Housing, Metro Greenway, Nationwide Compliant and himself intentionally violated Ashley Guillard's constitutional right to due process in case no. 221200059581 and caused her damage, Judge Patronella eluded responsibility by shifting blame to Latoya Robinson and rendered an eviction judgement for the plaintiff, Metro Greenway. He ordered Ashley Guillard to pay $2433 and granted Metro Greenway possession of the property.

683.    The defendant's deprived Ashley Guillard of the right to an impartial tribunal caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    141

684.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

685.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1983: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

686.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1983: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## TWENTY-FIFTH CLAIM FOR RELIEF

**42 U.S. CODE § 1985 (2-3) OBSTRUCTING JUSTICE- CONSPIRACY TO INTERFERE WITH THE RIGHT TO BE HEARD THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE NO. 221200372140 AND CASE NO. 1195377**

687.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

688.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                              142

689.    The pertinent aspect of 42 U.S. Code § 1985 (3) Depriving persons of rights or privileges: If two or more persons in any State conspire or go on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State the equal protection of the laws; (3) the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

690.    The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

691.    The Plaintiff's representative and Property Manager Kirbi Howard emailed Co-Defendant Ashley Guillard and Co-Defendant Latoya Robinson on November 2, 2022 informing Latoya Robinson to call the court regarding details about the eviction case no. 221200372140.

692.    The Plaintiff's representative Kirbi Howard and Co-Defendant Latoya Robinson decided to work together against Co-Defendant Ashley Guillard. Latoya Robinson was promised to be absolved from the eviction judgement for her collaboration against Ashley Guillard.

693.    Latoya Robinson emailed a letter to Judge David Patronella on November 4, 2022 stating her testimonial challenges to being evicted to include the fact that she didn't occupy the unit, didn't reside at the property and the leasing staff was aware that she moved.

694.    Latoya Robinson emailed Judge David Patronella a revised letter on November 9, 2022 adding false and defamatory statements about Ashley Guillard. Ashley Guillard was not served a copy of this letter.

695.    The revised letter contained a false allegation that Ashley Guillard's Maserati SUV was $6000 in the rear and repossessed August 2022.  It also contained a false allegation that Ashley Guillard paid $6000 to get the Maserati back before it was sold. The letter falsely alleges that Ashley Guillard paid to get her Maserati instead of paying October 2022 and November 2022 rent. The statements were false and defamatory. Ashley Guillard's Maserati SUV was not repossessed, was not up for sale, and Ashley Guillard did not pay the lender $6000. October 2022's rent was held by Ashley Guillard due to Simpson Housing, Metro Greenway and Nationwide Compliant violating the law, violating her rights, causing her a denial of housing, and ignoring her complaints.

696.    The revised letter contained an allegation that Ashley Guillard filed five to six lawsuits against companies to get money because she doesn't want to work; claiming that Ashley Guillard said those words. The statement was false and defamatory. Ashley Guillard had not filed a lawsuit against anyone; even when it was merited. She relentlessly attempted to solve the damages caused to her by several organizations outside of court to no avail. Ashley Guillard worked since the age of thirteen with continuous employment (private sector jobs, civil service, government jobs and self-employment) since the age of fifteen. While living at 4100 Southwest FWY, Apt 368, Houston TX 77027, Ashley Guillard wrote, edited and published a book, continued to build her spiritual practice, used her spiritual agility to bring awareness to unsolved murder cases, and submitted at least five Human Resources Management job applications that

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    144

aligned with her Master Degree level education. Ashley Guillard has never sued anyone to avoid working nor has she stated a desire to not work.

697.   Ashley Guillard was not informed of or served any of the letters that were sent to Judge Patronella. She did not find out about the letters until after the appeal case was heard during her own research. She found the letters in the docket that Judge David Patronella and his clerk sent to Judge Jim F. Kovach County Civil Court at Law No. 2 in the docket for appeal Case No. 1195377

698.   On November 28, 2022 with knowledge of the unfair implication to Ashley Guillard and the probability of it hindering the opportunity for Ashley Guillard to have fair appeal Judge David Patronella submitted the perjurious and defamatory letters Latoya Robinson emailed him on November 4, 2022 and November 9, 2022 to Judge Jim F. Kovach County Civil Court at Law No. 2 in the docket for appeal Case No. 1195377.

699.   The letters Latoya Robinson wrote were not presented at trial for case no. 221200372140. Ashley Guillard was not afforded the opportunity to object to the defamatory hearsay in the letters.

700.   Judge David Patronella's actions, to send the letters Latoya Robinson emailed him to Judge Kovach, were barred by Canon 2 of the Model Code of Judicial Conduct. Pursuant to Rule 2.9: Ex Parte Communications (A) A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter.

701.   Judge David Patronella's actions, to send the ex parte communication Latoya Robinson emailed him were barred by Canon 3B(8) of the Texas Code of Judicial Conduct. Pursuant to Cannon 3B(8): A judge shall accord to every person who has a legal interest in a

COMPLAINT AND DEMAND FOR JURY TRIAL                                    145

proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex-parte communications or other communications made to the judge outside the presence of the parties between the judge and a party, an attorney, a guardian or attorney ad litem, an alternative dispute resolution neutral, or any other court appointee concerning the merits of a pending or impending judicial proceeding. A judge shall require compliance with this subsection by court personnel subject to the judge's direction and control.

702.    Additionally the hearsay in the letters are typically inadmissible pursuant to Tex. R. Evid. Rule 802 to ensure proceedings are fair to all parties. Rule 802 - The Rule Against Hearsay: Hearsay is not admissible unless any of the following provides otherwise: a statute; these rules; or other rules prescribed under statutory authority.

703.    Ashley Guillard was defamed to Judge Jim F. Kovach County Civil Court at Law No. 2 before trial due to Judge David Patronella's willful neglect and intentional misconduct. Judge David Patronella violated Canon 2A-B, Canon 3B, Model Code of Judicial Conduct Canon 2, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution by continuing to handle the docket for the appeal case no. 1195377 knowing he was biased towards Metro Greenway, Nationwide Compliant and himself.

704.    Judge David Patronella violated Canon 2A-B, Canon 3B, Model Code of Judicial Conduct Canon 2, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution by illegally sending Judge Jim F. Kovach ex parte communication that was defamatory towards Ashley Guillard.

705.    The ex-parte communication was used against Ashley Guillard in the appeal case no. 1195377.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    146

706. The deprivation of Ashley Guillard's right to be heard caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

707. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985.

708. Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1985: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

709. Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1985: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness,

COMPLAINT AND DEMAND FOR JURY TRIAL                                147

loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## TWENTY-SIXTH CLAIM FOR RELIEF

## 42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985 (2)- INTERFERANCE OF THE RIGHT TO BE HEARD THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE NO. 221200372140 AND CASE NO. 1195377

710. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

711. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

712. 42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

713. Metro Greenway, Kirbi Howard, Latoya Robinson and Judge David Patronella worked together to defame Ashley Guillard to Judge Jim F. Kovach County Civil Court at Law No. 2 before trial. Latoya Robinson wrote the defamatory letters and emailed them to Judge David Patronella. Despite it being ex parte communication Judge David Patronella sent the

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    148

letters to Judge Jim F. Kovach with the intent to defame Ashley Guillard and to cause her to lose the appeal case no. 1195377.

714.    Judge David Patronella's actions, to send the letters Latoya Robinson emailed him to Judge Kovach, were barred by Canon 2 of the Model Code of Judicial Conduct. Yet Judge David Patronella intentionally violated the rules.

715.    Judge David Patronella's actions, to send the ex parte communication Latoya Robinson emailed him were barred by Canon 3B(8) of the Texas Code of Judicial Conduct. Yet Judge David Patronella intentionally violated this rule.

716.    Additionally the hearsay in the letters are typically inadmissible pursuant to Tex. R. Evid. Rule 802 to ensure proceedings are fair to all parties. Yet Judge David Patronella intentionally violated this rule.

717.    The appeal case no. 1195377 would not be necessary if the defendants cared enough to listen to Ashley Guillard and resolve the issues. None of the defendants exercised bare minimum good faith in dealings with Ashley Guillard.

718.    All the defendants had the wherewithal to put a stop to the eviction actions against Ashley Guillard. Yet, none chose to do so. They continued to deprive Ashley Guillard of her rights to due process with no regard to the negative impact to her and her son's life.

719.    The failure to prevent the deprivation of Ashley Guillard's right to be heard caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of

COMPLAINT AND DEMAND FOR JURY TRIAL                                          149

enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

720.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

721.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1986: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

722.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1986: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## TWENTY-SEVENTH CLAIM FOR RELIEF

## 42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-

## DEPRIVATION OF THE RIGHT TO BE HEARD THAT'S GUARANTEED BY THE

COMPLAINT AND DEMAND FOR JURY TRIAL

DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE NO. 221200372140 & CASE NO. 1195377

723.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

724.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

725.    The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

726.    Fourteenth Amendment- Section 1: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. Certain liberties and protections guaranteed by the Fourteenth Amendment of the united states constitution are so important that they cannot be infringed without a compelling reason no matter how much process is given. That includes the right to notice which entails the right to be served, the opportunity to be heard which includes the right to a trial and an impartial tribunal which includes fair judgements and orders.

727.    On November 28, 2022 with knowledge of the unfair implication to Ashley Guillard and the probability of it hindering the opportunity for Ashley Guillard to have fair

appeal Judge David Patronella submitted the perjurious and defamatory ex parte communication Latoya Robinson emailed him on November 4, 2022 and November 9, 2022 to Judge Jim F. Kovach County Civil Court at Law No. 2 in the docket for appeal case no. 1195377. The letters Latoya Robinson wrote were not presented at trial for case no. 221200372140. Ashley Guillard was not afforded the opportunity to object to the defamatory hearsay in the letters in trial for case no. 221200372140 or case no. 1195377.

728.    With the defamatory ex parte communication being used against her Ashley Guillard lost the appeal case no. 1195377.

729.    The deprivation of Ashley Guillard's right to be heard caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

730.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

731.   Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1983: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

732.   Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1983: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## TWENTY-EIGHTH CLAIM FOR RELIEF

## 42 U.S. CODE § 1985 (2-3) OBSTRUCTING JUSTICE- CONSPIRACY TO INTERFERE WITH THE FOURTEENTH AMENDMENT RIGHT TO TRIBUNAL IMPARTIALITY FOR CASE. NO 1195377

733.   Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

734.   Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

735.   The pertinent aspect of 42 U.S. Code § 1985 (3) Depriving persons of rights or privileges: If two or more persons in any State conspire or go on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of

COMPLAINT AND DEMAND FOR JURY TRIAL                                          153

preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State the equal protection of the laws; (3) the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

736.    The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

737.    Pursuant to Federal Rule of Civil Procedure Rule 60(b)(3) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. Fraud on the court refers to a situation in which a material misrepresentation has been made to the court. The overall defining requirement is that the impartiality of the court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice.

738.    Judge David Patronella intentionally violated The Texas Code of Judicial Conduct and The Fourteenth Amendment of the United States Constitution by partnering with Metro Greenway and Nationwide Compliant and by granting them judicial favor and privilege of the court. He also violated the law by accepting a bribe from them in exchange for favorable eviction

COMPLAINT AND DEMAND FOR JURY TRIAL                                    154

judgements. The mere existence of their partnership impeded upon judicial impartiality for Ashley Guillard and other litigants.

739.    Judge David Patronella accepted ex parte communication that entailed defamatory hearsay about Ashley Guillard. On November 28, 2022 he sent the ex parte communication to Judge Jim F. Kovach County Civil Court at Law No. 2 in the docket for appeal case no. 1195377 on November 28, 2022. Judge David Patronella accepted a bribe in exchange for judicial favors and continued judicial fraud to elude responsibility for the unconscionable scheme. Judge David Patronella didn't recuse himself from the original case no. 221200372140 and he didn't recuse himself and his staff from handling the docket for appeal case no. 1195377 as required by law.

740.    The appeal case no. 1195377 is founded in judicial fraud rendering it an impediment to tribunal impartiality.

741.    Despite the judicial fraud by Judge David Patronella, Nationwide Compliant and Metro Greenway, appeal case no. 1195377 continued. The defendants committed judicial fraud and mishandled case no. 1195377 by providing misrepresented documents, submitting ex parte communication and by providing perjurious testimony. Ashley Guillard was deprived of the opportunity for an impartial tribunal and suffered damages.

742.    FRCP Rule 60 (b) allows from relief from a proceeding due to judicial fraud and misconduct of the opposing party. The proper action was to dismiss the case due to fraud to prevent tribunal impartiality.

743.    The defendant's failure to prevent the deprivation of Ashley Guillard's right to an impartial tribunal caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness,

COMPLAINT AND DEMAND FOR JURY TRIAL                                                     155

false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

744.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1985.

745.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1985: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

746.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1985: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

**TWENTY-NINTH CLAIM FOR RELIEF**

**42 U.S. CODE § 1986 - ACTION FOR NEGLECT TO PREVENT 42 U.S. CODE § 1985 (2)- INTERFERANCE OF TRIBUNAL IMPARTIALITY THAT'S GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1195377**

747. Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

748. Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

749. 42 U.S. Code § 1986: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

750. The defendants chose not to prevent Ashley Guillard from being deprived of an impartial tribunal to elude the responsibility of restoring damages caused by their judicial fraud and to prevent Ashley Guillard from exposing their fraud.

751. Metro Greenway chose not to prevent Ashley Guillard from being deprived of an impartial tribunal because they wanted to win the eviction cases against her and sell the property for an increased value. 4100 Southwest FWY, Houston TX 77027 was sold effective February

COMPLAINT AND DEMAND FOR JURY TRIAL                                                              157

14, 2023 and taken over by new management; the day after Ashley Guillard's time to appeal case no. 1195377 expired.

752.    The defendants had the knowledge, skills, and abilities to report the judicial fraud but chose not to protect their own self interests.

753.    The defendant's failure to prevent the deprivation of Ashley Guillard's right to an impartial tribunal caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights,  multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

754.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1986.

755.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1986: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

756.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1986: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## THIRTIETH CLAIM FOR RELIEF

## 42 U.S.C. SEC 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS-DEPRIVATION OF THE RIGHT TO AN IMPARTIAL TRIBUNAL GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION FOR CASE. NO 1195377

757.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this entire Complaint as if set forth in full herein.

758.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

759.    The pertinent aspect of 42 U.S. Code § 1983 requires that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

760.    Fourteenth Amendment- Section 1: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or

COMPLAINT AND DEMAND FOR JURY TRIAL                                      159

immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. Certain liberties and protections guaranteed by the Fourteenth Amendment of the united states constitution are so important that they cannot be infringed without a compelling reason no matter how much process is given. That includes the right to notice which entails the right to be served, the opportunity to be heard which includes the right to a trial and an impartial tribunal which includes fair judgements and orders.

761.    Plaintiff Ashley Guillard is a victim of the defendants continued judicial fraud and illegal activities. Instead of correcting the issues they caused Ashley Guillard and paying for the damages, the defendants continued to use the judicial system at Harris County Justice of the Peace Precinct 1 Place Two to deprive Ashley Guillard of her Fourteenth Amendment right to due process. When Ashley Guillard filed an appeal, the defendants continued to use illegal tactics to deprive Ashley Guillard of her right to tribunal impartiality.

762.    Judge David Patronella accepted ex parte communication that entailed defamatory hearsay about Ashley Guillard. On November 28, 2022 Judge Patronella sent the ex parte communication to Judge Jim F. Kovach County Civil Court at Law No. 2 in the docket for appeal case no. 1195377. Judge David Patronella accepted a bribe in exchange for judicial favors and continued judicial fraud to elude responsibility for the unconscionable scheme. Judge David Patronella didn't recuse himself from the original case no. 221200372140 and he didn't recuse himself and his staff from handling the docket for appeal case no. 1195377 as required by law.

763.    Metro Greenway chose not to prevent Ashley Guillard from being deprived of an impartial tribunal because they wanted to win the eviction cases against her and sell the property

COMPLAINT AND DEMAND FOR JURY TRIAL                                      160