for an increased value. 4100 Southwest FWY, Houston TX 77027 was sold effective February 14, 2023 and taken over by new management; the day after Ashley Guillard's time to appeal case no. 1195377 expired.

764.    The appeal case no. 1195377 is founded in judicial fraud rendering it an impediment to tribunal impartiality.

765.    Despite the judicial fraud by Judge David Patronella, Nationwide Compliant and Metro Greenway, appeal case no. 1195377 continued. The defendants committed judicial fraud and mishandled case no. 1195377 by providing misrepresented documents, submitting ex parte communication and by providing perjurious testimony. Ashley Guillard was deprived of the opportunity for an impartial tribunal and suffered damages.

766.    FRCP Rule 60 (b) allows from relief from a proceeding due to judicial fraud and misconduct of the opposing party. The proper action was to dismiss the case due to fraud to prevent tribunal impartiality. The defendants chose to cause more harm to Ashley Guillard instead.

767.    The defendants had the knowledge, skills, and abilities to report the judicial fraud but chose not to protect their own self interests.

768.    The defendant's failure to prevent the deprivation of Ashley Guillard's right to an impartial tribunal caused Ashley Guillard several damages. In addition to the harm another eviction filing and eviction judgement caused to Ashley Guillard's rental record she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple

COMPLAINT AND DEMAND FOR JURY TRIAL                                              161

instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

769.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages pursuant to 42 U.S. Code § 1983.

770.    Ashley Guillard seeks financial relief for the following aggravated damages pursuant to 42 U.S. Code § 1983: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

771.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1983: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## THIRTY-FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT- LEASE AGREEMENT

772.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

773.   Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

774.   Texas law recognizes a cause of action for breach of contract. The elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) material breach by the defendant; and 4) damages sustained by the plaintiff as a result of that breach. Paragon Gen. Contractors, Inc. v. Larco Constr., Inc., 227 S.W.3d 876, 882 (Tex. App.--Dallas 2007, no pet.).

775.   Ashley Guillard signed a lease with Metro Greenway on July 28, 2021 with the mutual understanding of implied good faith. Ashley Guillard expected fair dealings with Metro Greenway and the opportunity to resolve any issues that arose from the contract. Ashley Guillard expected Metro Greenway to abide by federal and state laws. She resided in Louisiana; she trusted Metro Greenway in Houston Texas to contact her by telephone or email if there were any issues. If anything went wrong Ashley Guillard was willing to keep her implied promise of good faith and fair dealings.

776.   Metro Greenway breached the implied duty of good faith and fair dealings. The defendants did not inform Ashley Guillard that February 2022 rent was late. The defendants maliciously omitted all of Ashley Guillard's contact information from all eviction related documents to prevent her from knowing about and appearing in eviction court. The defendants sued Ashley Guillard without serving her the eviction citation. In Molina v. Gears, 2018 Tex. App. LEXIS 1978 (March 20, 2018), the Texas Court of Appeals held that, a plaintiff must use due diligence to serve the defendant with process. All the defendants intentionally breached the duty to use due diligence to serve Ashley Guillard the eviction citation.

COMPLAINT AND DEMAND FOR JURY TRIAL                                        163

777.    Ashley Guillard did not reside in 4100 Southwest FWY, APT 368, Houston TX 77027. The defendants were aware that Ashley Guillard didn't live there because it was written in her file and mutually understand that she resided in Louisiana. There was no reason to sue Ashley Guillard. A phone conversation or email to Ashley Guillard would have helped solve the issue before it became a frivolous claim.

778.    The defendants intentionally omitted all of Ashley Guillard's contact information from the eviction documents with the intent to get a default eviction judgement and submit a false claim to the TEDP to receive rent relief funds. Ashley Guillard was not aware of this scheme. Ashley Guillard was not a resident. It was not necessary to sue Ashley Guillard for an eviction to receive rent relief funds. The defendants acted recklessly in a successful attempt to receive prioritized payments before competitors.

779.    Lawsuits must be brought in good faith; notification of late rent and the opportunity to pay before filing suit is enough to establish good faith. As intended by the defendants Ashley Guillard was not given the opportunity to pay the late rent or to resolve the problem out of court.  Metro Greenway, Simpson Housing and Nationwide Compliant failed the bare minimum requirement of fair dealings and good faith with Ashley Guillard.

780.    The Uniform Commercial Code (UCC) is a comprehensive set of laws governing all commercial transactions in the United States. The UCC is not federal law but is uniformly adopted by states. Its most essential function is to govern the interstate transaction of business. Pursuant to UCC § 1-304 the implied duty of good faith and fair dealing is a pillar of the Uniform Commercial Code. It provides that "every contract or duty within the UCC imposes an obligation of good faith in its performance and enforcement." The defendants breached this duty.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    164

781. The defendant's breach of contract caused Ashley Guillard several damages. In addition to the harm of multiple eviction filings and multiple eviction judgements and damaged caused to Ashley Guillard's rental record; she also suffered further injuries and damages: increased litigation costs, unnecessary litigations, homelessness, false credit reporting, multiple counts of emotional distress, multiple instances of harassment, multiple instances of defamation of character, mental anguish to herself and her child, humiliation, loss of enjoyment of life, further conspiracies of deprivation of her rights, multiple instances of the deprivation of her rights, financial damages, damage to credit history, increased interest rates, mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and disturbance of peace.

782. Ashley Guillard seeks financial relief for the following aggravated damages: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

783. Ashley Guillard seeks financial relief for the following non-pecuniary damages: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

COMPLAINT AND DEMAND FOR JURY TRIAL                              165

784.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages

## THIRTY-SECOND CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DUE TO JUDICIAL FRAUD JUDGE DAVID PATRONELLA

785.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

786.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

787.    The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943 S.W. 2d at 297.

788.    In the month of February 2022 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott conspired with Judge David Patronella to deny the Constitutional right to due process guaranteed by the Fourteenth Amendment of the United States Constitution to Metro Greenway tenants and Ashley Guillard under the color of the law; to submit a false claim to the TEDP and expeditiously receive rent assistance. To elude the abatement of the eviction for sixty days as required by Misc. Docket No. 20-9113 Nationwide Compliant, Amanda Davis, Leslie McMurrey, Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott intentionally conspired to prevent Metro Greenway tenants and Ashley Guillard from appearing in trial.

789.    The defendants partnered with Judge David Patronella, Justice of the Peace for Harris County Precinct One Place Two, to receive favorable default eviction judgements for a

COMPLAINT AND DEMAND FOR JURY TRIAL                                              166

fee; to enter the TEDP to receive priority rent assistance payments. Judge David Patronella agreed to order Metro Greenway favorable default eviction judgements without scrutiny in exchange for a percentage of the profits received from the TEDP rent assistance funds. The defendants omitted all of Ashley Guillard's contact information from the eviction documents to prevent her from being served a notice and from appearing in trial. At 10am on March 30, 2022 Judge David Patronella signed and ordered at least six default eviction judgements for Metro Greenway (case no. 221200059581, case no. 221200061101, case no. 221200061117, case no. 221200061118, case no. 221200061124, and case no. 221200061129). At 3pm on March 30, 2022 Judge David Patronella signed and ordered a default eviction judgement against Ashley Guillard and Latoya Robinson case no. 221200059581 without due diligence as agreed.

790.    The defendants acted in their own self-interest with reckless intent and careless disregard for the impact to Ashley Guillard's life, reputation, rental history and public record. The defendants acted in their own self-interest with reckless intent and careless disregard to the federal and state laws. The defendants acted in their own self-interest with reckless intent and careless disregard to the COVID-19 Pandemic and families negatively impacted by it; including those who needed rent assistance.

791.    Ashley Guillard informed the defendants of the negative repercussions she faced due to their judicial fraud the defendants conducted in case no. 221200059581: potential for homelessness, damage to her rental history, unfair credit reporting, separation from her son, emotional distress, harassment from the staff and more. Instead of repairing the damage caused to Ashley Guillard's life, rental history, character, credit report, housing, stability and livelihood, the defendants chose to continue to commit judicial fraud with partner Judge David Patronella at

Harris County Justice of the Peace Court Precinct 1 Place 2 to get another favorable eviction judgement case no. 221200372140.

792.　Having a judge, Judge David Patronella, on their team, the defendants were able to continue to use the judicial privilege granted to them to cause harm to Ashley Guillard. When Ashley Guillard filed appeal case no. 1195377 the defendants, to include Judge David Patronella, partnered to send ex parte communication that entailed false defamatory statements about Ashley Guillard's reason for being evicted. The defendants used their connection with Judge David Patronella to defame Ashley Guillard to Harris County Judge Jim F. Kovach, citing Ashley Guillard paid $6000 to get her Maserati back from the lender after it was repossessed instead of paying October 2022 and November 2022 rent. The ex parte communication also published that Ashley Guillard was suing several organizations to avoid having to work. None of the allegations in the ex parte communication was true. Ashley Guillard's Maserati vehicle wasn't repossessed and she didn't pay $6000 to the lender. Ashley Guillard did not sue any organizations to avoid work. The statements alleged in the ex parte communication was false and defamatory. Ashley Guillard was being evicted because the defendants chose to evict her instead of resolving the issues they caused. The defamatory statements likely caused further impediment to tribunal impartiality in appeal case no. 1195377. Judge Jim F. Kovach rendered a favorable eviction judgement for Metro Greenway against Ashley Guillard despite the allegations of fraud.

793.　Ashley Guillard experienced extreme emotional distress as a result of the judicial fraud. She lost trust in the United States Judicial System and she felt unprotected. She felt out of control of her life and well-being. She felt like she didn't want to live in a society that doesn't have enforced laws that protect her. She spoke to several therapists about the judicial fraud. She was prescribed Sertraline to treat depression. Her psychiatrist doubled her dose after an

appointment with her on February 6, 2023 after she explained the mental anguish and emotional distress she was experiencing as a result of the judicial fraud. Even though the judicial fraud was caused by the defendants with no fault to Ashley Guillard, she blamed herself for not having control over the situation and inflicted self-harm. She experienced deep grief because she dealt with everyone, Latoya Robinson, Metro Greenway, Simpson Housing and Nationwide Compliant with fair dealing and compassion; and it was not returned to her. She experienced anger, depression, guilt and hopelessness.

794.    Ashley Guillard seeks financial relief for the following aggravated damages: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

795.    Ashley Guillard seeks financial relief for the following non-pecuniary damages pursuant to 42 U.S. Code § 1985: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

796.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    169

## THIRTY-THIRD CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DEPRIVATION OF RIGHTS

797.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

798.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

799.    The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943 S.W. 2d at 297.

800.    Due to the defendants intentional and reckless misconduct as mentioned in all prior paragraphs of this complaint, Ashley Guillard was denied several rights that are guaranteed by the Fourteenth Amendment of the United States Constitution: tribunal impartiality in case no. 221200059581, tribunal impartiality in case no. 1184648, tribunal impartiality in case no. 221200372140, tribunal impartiality in case no. 1195377, the right to notice in case no. 221200059581, the right to notice in case no. 1184648, the right to be heard in case no. 1195377, the right to be heard in case no. 221200059581, the right to be heard in case no. 1184648, and the right to equal privileges of the laws in case no. 221200059581.

801.    Ashley Guillard suffered anxiety and extreme mental anguish for having to navigate a judicial system that allowed and participated in the deprivation of her rights. She desperately needed a reason for the reckless malicious behavior towards her. She sought spiritual insight to discover the reasons that she was being put through so much mental anguish, fraud and

deprived of her rights (as demonstrated in the email she sent to Brandon Meyer at 4:54am on December 21, 2022). She desperately asked for it all to stop.

802.    Ashley Guillard spent hours investigating, researching the laws and current events in the real estate industry to find out why Metro Greenway was behaving maliciously. Ashley Guillard spent hours using her spiritual gifts and acuity to get missing information and hidden details regarding the who, when, where and why of the judicial fraud and the deprivation of her rights. Ashley Guillard felt overwhelmed and in desperate need to figure out why and how Metro Greenway was able to deprive her of her inalienable constitutional rights and not be held accountable for it.

803.    Ashley Guillard worried that using judicial systems in Texas would result in the deprivation of rights. She developed a distrust of the judicial systems in Texas and Texas government. Based on her experience with the judicial system in Texas, Harris County Justice of the Peace Precinct 1 Place 2 with Judge David Patronella presiding, her viewpoint of the judicial system was that it was corrupt, unfair, biased, paid off and a tool for business owners to take advantage of Texas citizens.

804.    Ashley Guillard moved to Texas with the high hopes of home ownership, a free lifestyle and to start a business. The deprivation of her rights and judicial fraud negatively impacted her viewpoint of Texas. Instead of being hopeful she felt hopeless and helpless and distrusting of the judicial system. The repetitive deprivation of her rights at Harris County Justice of the Peace Precinct 1 Place 2 altered her perception of the judicial system in Texas. She felt that corruption is common behavior. Every time she read an article or saw the news regarding evictions in Texas and the need for more rent relief funds she thought it was just another tactic

COMPLAINT AND DEMAND FOR JURY TRIAL                                        171

for Texas real estate investors to greedily and fraudulently use the judicial system to obtain federal funds.

805. The defendants were able to elude suspicion of judicial fraud and elude responsibility for judicial fraud. The defendants used and worked with Harris County Justice Court, Pct.1 Place 2, Harris County Civil Court at Law No. 2, and Harris County Civil Court at Law No. 1 without being suspected or held responsible for judicial fraud. Ashley Guillard suffered mental anguish and hopelessness because it appeared the other courts were either complicit in the judicial fraud, unable to detect it or disregarded it. Ashley Guillard hoped the federal district courts offered inalienable constitutional rights to due process and fair and honest proceedings. Ashley Guillard worried that even in the federal courts Judge David Patronella could use his judicial privilege and connections to deprive her of her inalienable rights again.

806. Ashley Guillard expected the defendants to have an ounce of compassion to make right the damages they caused her. Despite having the wherewithal to fix their errors and intentional misconduct none of the defendants took accountability. Ashley Guillard experienced stress and mental anguish due to being forced to file a pro se complaint against seemingly powerful conglomerates.

807. The multitude of judicial fraud and the deprivation of her rights caused Ashley Guillard to feel hopeless. She spent a lot of time worrying about the damages caused to her due to the deprivation of her rights and how she'd recover if the courts continued to allow the defendants to use their judicial privilege to negatively impact her.

808. Ashley Guillard seeks financial relief for the following aggravated damages: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness,

COMPLAINT AND DEMAND FOR JURY TRIAL 172

loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

809.    Ashley Guillard seeks financial relief for the following non-pecuniary damages: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

810.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages.

## THIRTY-FOURTH CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DUE TO HOMELESSNESS

811.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

812.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

813.    The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943 S.W. 2d at 297.

814.    Due to the defendants intentional and reckless misconduct as mentioned in all prior paragraphs of this complaint, Ashley Guillard was denied several rights that are guaranteed by the Fourteenth Amendment of the United States Constitution: tribunal impartiality in case no.

221200059581, tribunal impartiality in case no. 1184648, tribunal impartiality in case no. 221200372140, tribunal impartiality in case no. 1195377, the right to notice in case no. 221200059581, the right to notice in case no. 1184648, the right to be heard in case no. 1195377, the right to be heard in case no. 221200059581, the right to be heard in case no. 1184648, and the right to equal privileges of the laws in case no. 221200059581.

815.   Prior to the defendants judicial fraud and frivolous claims against her, Ashley Guillard maintained a good rental history, avoiding evictions and living in desirable locations that she felt safe at for the past twenty- years. Her diligence in maintaining a good rental history was destroyed in an instant by the defendants judicial fraud and overall wrongdoing.

816.   Due to the continuous deprivation of her rights by the defendants and the defamation of character caused by the eviction filings and judgements Ashley Guillard became homeless on February 13, 2023. She was denied housing on multiple occasions due to the defamation of character caused by the eviction filings, eviction judgements and negative impact to her rental history. The apartment communities Ashley Guillard was interested in charged application fees, administration fees, background check fees and deposits. Fees that Ashley Guillard paid for twice and was subsequently denied housing after paying. Every denial resulting in a loss of funds that Ashley Guillard didn't have to lose. It was made clear that Ashley Guillard had to file a lawsuit to have the issues to her livelihood and rental history repaired before she could apply for housing and be approved.

817.   Ashley Guillard and her son was forced to living in random places including at least ten different Airbnb temporary housing, hotels, room rentals, shared spaces, and a family member's apartment with limited space. Being relatively new to Houston Ashley Guillard loss a sense of safety due to not being in stable housing and due to the unfamiliarity of the areas her

COMPLAINT AND DEMAND FOR JURY TRIAL                                    174

and her son were forced to live in. She was forced into a state of continuous fight or flight causing her restlessness and to fight thoughts of being unsafe. She experienced extreme vexation any time her son made noises from doing normal things like using a microwave, opening a door or using the restroom because she didn't know if the noise came from him or from someone trying to enter their temporary lodging.

818.    Ashley Guillard felt shame and embarrassment due to not having stable housing. When she depleted her funds due to living in multiple Airbnb's that increased her rental costs to at least $5500 a month she was forced to either drive to Minnesota to live with her mother or seek shelter at her aunt Latoya Robinson's house. She was extremely emotional because her and her son had nowhere near to go. Ashley Guillard's relationship with her aunt was damaged due to the lies and manipulation by the defendants to include Kirbi Howard and Jonisha Parrot. To avoid having to drive twenty-four hours to Minnesota and to avoid her son having to experience another school transfer Ashley Guillard had to ask her aunt to allow her to stay at her apartment for a few weeks. Ashley Guillard was completely humiliated to have to ask her aunt for anything. She lacked trust for her due to her defamatory hearsay she wrote to Judge David Patronella that was used against her in appeal case no. 1195377. Yet, she had to put her pride to the side so that her and her son would have a place to stay.

819.    Ashley Guillard's mental health was stretched, challenged and broken down due to being homeless. In spite of it being the defendants illegal actions that caused her and her son to be homeless, she developed an illogical sense of extreme self-condemnation. She fought thoughts of inadequacy, thoughts of being a loser, and a sense of powerlessness. The loss of control over her living situation caused her extreme self-doubt and self-confidence. She felt low.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    175

She was angry with herself for not having control over her life. She fought thoughts of self-harm and hopelessness.

820.   Ashley Guillard was recommended to and attended weekly therapy sessions with a psycho-therapist to overcome the self-condemnation and intrusive thoughts that stemmed from being homeless. She also took anti-depressant medication to manage the depression. She overindulged in food to fight the depression she was experiencing causing her weight gain. She attempted to maintain self-care routines like manicures and pedicures as much as she could to relieve her of the depressive situation and thoughts; causing her to be further in debt.

821.   Ashley Guillard's pride was ruined due to having to ask family members and friends for financial help. The defendants illegal behavior and negative impact to her life happened at a time of extreme vulnerability for Ashley Guillard. She was being defamed across social media and the news media for an unrelated action; that resulted in a loss of business revenue. Ashley Guillard was on a tight budget. The cost of temporary lodging was more than the cost of stable housing. She had to seek financial help and at attempt to sell some of her valuables that were in a storage unit. She kept her word and paid those she borrowed from back; keeping her in a humiliating cycle of routinely borrowing money from family and friends so that her and her son would have adequate housing that she booked about ten days at a time as funds were available.

822.   To make matters worse Ashley Guillard experienced cyber bullying and humiliation due to the negative eviction filings and judgements on her public record. Random people that do not personally know Ashley Guillard posted videos online about her being evicted[10]. Random social media users condemned her for being evicted and criticized her for

---

[10] https://youtu.be/sJqigNRTpUc

"not paying rent." Without knowing the details of the situation, going solely off the public records and defamatory documents in the eviction filings, people assumed Ashley Guillard was evicted due to not paying her rent, for not being able to afford rent and for being irresponsible. None of the accusations and cyber condemnation was based on truth. Ashley Guillard was evicted by the defendants due to judicial fraud, deprivation of her rights on multiple occasions and for the defendants self-interest of selling the property.

823.    Ashley Guillard was overwhelmed with the responsibilities and mental- anguish due to being homeless, trying to do the best she could as a mother to her son, fighting mental exhaustion and anguish, fighting frivolous legal attacks against her (unrelated to this action), fighting cyber bullying, grieving the loss of a family member and solely writing this legal action. She did not have the energy, time or focus to work on self-actualization and purpose as she did for the past seven years. Instead she forced to fight for her and her son's physiological needs and safety needs.

824.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages.

825.    Ashley Guillard seeks financial relief for aggravated damages to include but not limited to: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

826.    Ashley Guillard seeks financial relief for non-pecuniary damages to include but not limited to: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of

COMPLAINT AND DEMAND FOR JURY TRIAL                                                177

sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

## THIRTY-FIFTH CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS LOSS OF FAMILY AND FRIENDS

827.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

828.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

829.    The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943 S.W. 2d at 297.

830.    Due to the defendants intentional and reckless misconduct as mentioned in all prior paragraphs of this complaint, Ashley Guillard was denied several rights that are guaranteed by the Fourteenth Amendment of the United States Constitution: tribunal impartiality in case no. 221200059581, tribunal impartiality in case no. 1184648, tribunal impartiality in case no. 221200372140, tribunal impartiality in case no. 1195377, the right to notice in case no. 221200059581, the right to notice in case no. 1184648, the right to be heard in case no. 1195377, the right to be heard in case no. 221200059581, the right to be heard in case no. 1184648, and the right to equal privileges of the laws in case no. 221200059581. 823. Due to the continuous deprivation of her rights by the defendants and the defamation of character caused by the eviction filings and judgements Ashley Guillard became homeless on February 13, 2023. As a

COMPLAINT AND DEMAND FOR JURY TRIAL                                              178

result of the defendants behavior and reckless disregard to the impact to Ashley Guillard's life she experienced extreme emotional distress. As a symptom of depression she felt depleted of energy and socially isolated herself from family and friends.

831.    Ashley Guillard had a close second cousin, Julius Marshall, in Houston Texas that became critically ill. Most of their family members are not in Houston Texas. Ashley Guillard helped her cousin through routine hospital visitations, handling of hospital and personal business and by being a tool of communication for his aunt and mother. After Ashley Guillard became homeless on February 13, 2023, due to the defendants reckless disregard and illegalities, she was too drained to continue to support her cousin and family. Due to the overwhelming mental anguish of being negatively impacted by judicial fraud, the deprivation of her rights, depression, managing homelessness, loss of hope, and feelings of depletion Ashley Guillard completely withdrew from everyone other than her son.

832.    The defendants refused to resolve the issues with Ashley Guillard amicably out of court. Ashley Guillard was forced to conduct legal research on relevant legal claims and violations, write the legal claim in this document which is approximately 200 pages and prepare and file this complaint. Due to the emergent state of preparing to move before the writ of possession was issued and subsequently being homeless Ashley Guillard had to prioritize herself and her son. She did not have the mental capacity, time or energy to invest into her cousin's care.

833.    On Sunday February 19, 2023 Julius Marshall died. The time that she could've spent with her cousin in his last days was spent moving, managing increased stress and depression, and managing homelessness. Ashley Guillard experienced lingering grief and sorrow for the loss of her family member. She also felt emotional distress, sorrow and regret for not spending his last days with him.

COMPLAINT AND DEMAND FOR JURY TRIAL                                179

834.    Due to the lies and manipulation of the defendants to include Kirbi Howard and Jonisha Parrott, Ashley Guillard and her aunt Latoya Robinson's relationship was damaged. They had multiple arguments due to miscommunication and misunderstandings regarding the eviction filings, proceedings and the deprivation of Ashley Guillard's rights. Kirbi Howard and Jonisha Parrott misled Latoya Robinson and Metro Greenway tenants into believing they had to be evicted to receive rental assistance. Latoya Robinson was informed by legal assistance that Ashley Guillard was not relevant to her rental assistance request because she did not live there and was not responsible to pay the rent pursuant to their agreement. Latoya Robinson did not inform Ashley Guillard of the eviction proceedings because she was manipulated into believing that the eviction just a procedural aspect of receiving rent assistance and that she would not be evicted.

835.    Ashley Guillard sought information from Metro Greenway, Simpson Housing, Kirbi Howard and Jonisha Parrott regarding the eviction and the reason her right to due process was denied. The defendants blamed Latoya Robinson and omitted the fact that they lied to Latoya Robinson so that they can enter the TEDP instead of the TRRP to obtain prioritized funds. Instead they instigated miscommunication and ill feelings between Ashley Guillard and her aunt Latoya.

836.    As a result of the deprivation of her rights, the subsequent denial of housing and intentional manipulation from the defendants Ashley Guillard experienced mental anguish anger and disdain towards her aunt Latoya Robinson. After a bad argument they parted ways. She socially disconnected herself from her aunt and her offspring. She lost trust for all of them because she did not have the full details of the defendant's conspiracy to deprive her and other

Metro Greenway tenants of their right to due process to include equal privilege of the laws and equal protection of the laws.

837.    Ashley Guillard experienced emotional distress due to the loss of all familial connections she had in Houston Texas. Connections that were lost due to the defendants ill intent, malicious behavior and lack of accountability.

838.    Ashley Guillard seeks financial relief for aggravated damages to include but not limited to: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

839.    Ashley Guillard seeks financial relief non-pecuniary damages to include but not limited to: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

840.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages.

## THIRTY-SIXTH CLAIM FOR RELIEF TORT LIABILITY FOR STALKING PURSUANT TO TEXAS CIVIL PRACTICES AND REMEDIES CODE SEC. 85.002

841.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    181

842.     Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

843.     Pursuant to Texas Civil Practice & Remedies Code (C.P.R.C.) Sec. 85.003 (a)  A claimant proves tort liability for stalking against a defendant by showing: (1)  on more than one occasion the defendant engaged in harassing behavior; (2)  as a result of the harassing behavior, the claimant reasonably feared for the claimant's safety or the safety of a member of the claimant's family; and (3)(C)  the defendant's apparent ability to carry out the threat caused the claimant to reasonably fear for the claimant's safety or the safety of a family member;

844.     Pursuant to Texas Civil Practice & Remedies Code (C.P.R.C.) Sec. 85.001 (4) "Harassing behavior" means conduct by the defendant directed specifically toward the claimant, including following the claimant, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the claimant.

845.     After eviction case no. 221200372140 was filed, from November 2022 until January 30, 2023, on at least four separate occasions several members of Metro Greenway's staff, to include Property Manager Kirbi Howard and a maintenance worker, attempted to enter Ashley Guillard's apartment without her permission or prior knowledge.

846.     Kirbi Howard, came to Ashley Guillard's apartment at night dressed in all black with a hoodie on, appearing to be disguised, and attempted to open the door with keys. After hearing the keys Ashley Guillard looked through the peep hole and then went to get her weapon. When she got back to the door Kirbi Howard was already gone. Ashley Guillard began to fear for her safety and her son's safety while at Metro Greenway's Property. Since Kirbi Howard was dressed in all black and attempted entry into Ashley Guillard's apartment at night Ashley Guillard reasonably believed Kirbi Howard had ill intentions to cause her harm.

COMPLAINT AND DEMAND FOR JURY TRIAL                                     182

847.    Between November and January Ashley Guillard heard someone attempting to use keys to unlawfully enter her apartment on several different occasions. By the time Ashley Guillard obtained her protection the person left without being seen.

848.    On January 3, 2023 at 10am Ashley Guillard heard someone attempt to enter her apartment again; using keys. In his hand were keys and tools to pick the lock. Ashley Guillard rushed to open the door. A maintenance worker stood there in shock. Ashley Guillard asked why he was there. He was too stunned to speak. Ashley Guillard emailed MetroGreenway@simpsonhousing.com asking why a maintenance worker attempted entry into her apartment. The email was ignored. Ashley Guillard went to the leasing office to seek information on the reason for the attempted unlawful entry into her apartment. Philip, leasing agent for Metro Greenway, stated they thought she moved. There was no reason to believe that Ashley Guillard moved out.

849.    On January 27, 2023 someone attempted entry into Ashley Guillard's apartment using keys. Ashley Guillard got her weapon and went to the door. The attempted intruder left. Under extreme mental anguish and fear for her safety Ashley Guillard filed a police report with Houston Police Department on January 27, 2023 incident number 0131659-23 to document the attempts to unlawfully enter her apartment.

850.    Ashley Guillard feared for her safety at Metro Greenway's property due to the continuous harassment. She routinely kept protection with her just in case someone attempted to harm her or her son. Metro Greenway's staff had access to her apartment and the ability to watch her come and go. She routinely cleared her apartment upon entry for fear that someone was possibly there to cause her and her son harm. She was hypervigilant in common areas constantly checking her surroundings. She was also hypervigilant in her apartment due to the continuous

COMPLAINT AND DEMAND FOR JURY TRIAL                                           183

attempts at unauthorized entry. She was triggered into fight or flight mode. She slept with protection nearby just in case of a successful attempt to unlawfully enter her apartment while she was sleeping.

851.    Pursuant to Texas Civil Practice & Remedies Code (C.P.R.C.) Sec. 85.003 (a)  A claimant proves tort liability for stalking against a defendant by showing: (1)  on more than one occasion the defendant engaged in harassing behavior; (2)  as a result of the harassing behavior, the claimant reasonably feared for the claimant's safety or the safety of a member of the claimant's family;  and (D)  the claimant at least once clearly demanded that the defendant stop the defendant's harassing behavior.

852.    From November 7, 2022 to November 12, 2022, in an attempt to harass Ashley Guillard into leaving, Metro Greenway activated the fire alarm for thirty minutes to an hour at a time, six times a day starting at 10am in the morning. Ashley Guillard emailed Metro Greenway several times on November 7, 2022 asking for the disturbance of peace to cease. The disturbance did not cease. Metro Greenway continued to activate the fire alarm for hours at a time, multiple times. November 8, 2022 Ashley Guillard emailed Metro Greenway and Kirbi Howard asking them to stop activating the alarm for hours at a time, multiple times during the day, for no good reason. She explained it was a violation of tenant rights, specifically the right to quiet enjoyment. She explained that she complained multiple times about the disruption to her peace. Metro Greenway and Kirbi Howard did not respond. The disruption to Ashley Guillard's peace continued for the next five consecutive days. The alarm caused Ashley Guillard to fear for her safety. She initially feared that it was a fire on the premises. After she realized it was the defendants harassing her in an attempt to get her to move out she still feared for her safety. She didn't know if the alarm was set because of a fire or harassment.

853.   Ashley Guillard seeks to recover actual damages, non-economic damages, and exemplary damages to include punitive damages pursuant to C.P.R.C. Sec. 85.002. Sec. 85.004 and Sec. 41.003.

854.   Ashley Guillard seeks financial relief for aggravated damages to include but not limited to: mental distress, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

855.   Ashley Guillard seeks financial relief for non-pecuniary damages to include but not limited to: intentional infliction of emotional distress, loss of enjoyment of life, suffering, loss of sense of safety, damages for harassment due to burglary and damages for harassment due to the disturbance of peace.

## THIRTY-SEVENTH CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IMPEDIMENT TO MOTHERHOOD

856.   Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

857.   Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

858.   The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943 S.W. 2d at 297.

859.   Ashley Guillard is the custodial parent to her sixteen year old son L.G. She is responsible to provide to him safety needs, shelter, physiological needs, emotional needs and

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    185

development, esteem needs and development, nurturing needs and development, social needs and development, educational needs and development and spiritual nurturing and development.

860.    To provide stable housing for her son before he returned to school on August 22, 2022, Ashley Guillard applied for an apartment home with Sycamore Point Apartment Homes (Sycamore Apartments) in Louisiana on August 9, 2022. She planned to move back to Louisiana to save money and build her credit to buy a home in Texas.

861.    Sycamore Apartments conducted a background check and credit history check on Ashley Guillard with Experian and Resident Verify. Experian and Resident Verify informed Sycamore Apartments that Ashley Guillard had an eviction judgement for $3290 payable to Metro Greenway dated March 30, 2022. On August 23, 2022 Sycamore Apartments emailed Ashley Guillard a denial letter stating they were unable to lease to her because her records included evictions, filings and public records. Although the eviction was appealed by Latoya Robinson on April 4, 2022, it was still being reported as an eviction judgement on the public record and on Ashley Guillard's credit report.

862.    Ashley Guillard was prevented from being able to provide stable housing to her son due to the frivolous and perjurious claim, case no. 221200059581, the defendants illegally filed and executed against her, and that Judge David Patronella illegally issued a judgement for.

863.    Ashley Guillard's son had to move with his dad in Louisiana for temporary housing, stability and to start school. Ashley Guillard stayed in Texas due to being legally obligated by the lease extension that Kirbi Howard accepted against Ashley Guillard's will.

864.    Ashley Guillard needed to resolve the damages to her rental history to avoid another denial due to the illegal eviction filing and judgement. She continuously contacted the defendants in August, September and October of 2022 attempting to resolve the issues to her

COMPLAINT AND DEMAND FOR JURY TRIAL                                                      186

rental history and subsequent damages. She informed them that she was separated from her son due to the illegal eviction. She asked for a resolution to prevent her from being homeless. The defendants ignored her and acted with complete disregard to her and her son's livelihood. The defendants only care was to receive the monthly rent and to sell the property.

865. Instead of resolving the issues with Ashley Guillard the defendants used their judicial privilege granted to them from bribing Judge David Patronella to file another eviction petition to evict Ashley Guillard. The illegal petition resulted in another eviction judgement on Ashley Guillard's rental history, public record and consumer report. Ashley Guillard's ability to obtain adequate housing for her and her son was further damaged.

866. To avoid homelessness and with hopes that the eviction appeal would result in resolution to the damages caused by the defendants Ashley Guillard remained at 4100 Southwest FWY, Apt 368, Houston TX 77027 while the eviction appeal trial was pending.

867. Ashley Guillard's son relocated to Texas December of 2022 because his dad relocated from Louisiana due to military orders and Ashley Guillard was unable to be approved for housing in Louisiana due to the illegal eviction and public record for case no. 221200059581. He had to leave his high-school, friends, associates, and social life behind due to the defendants illegal actions and reckless disregard to Ashley Guillard and her son's life.

868. After the defendants fraudulently securing another eviction judgement against Ashley Guillard, case no. 1195377, Ashley Guillard sought an apartment lease elsewhere. On January 31, 2023 Ashley Guillard applied for an apartment at Camden Post Oak, 1200 Post Oak Boulevard Houston, TX 77056. On January 31, 2023 Ashley Guillard was immediately denied housing at Camden Post Oak due to eviction case no. 221200059581 still being reported on her

COMPLAINT AND DEMAND FOR JURY TRIAL                                    187

public record as a default eviction judgement for $3290 for Metro Greenway since March 30, 2022.

869.    Ashley Guillard sought additional therapy to cope with the increased level of stress, mental anguish, depression and emotional distress caused by Simpson Housing, Metro Greenway, Nationwide Compliant, and Judge Patronella's reckless actions. She experienced extreme levels of guilt because she was homeless and unable to provide her son with safe, stable living conditions. She took pride in her ability to provide for and develop her son. The inability to provide basic stable housing for her son due to the deprivation of her rights, judicial fraud and complete careless actions of the defendants, caused her depression, guilt, mental anguish, mom guilt, humiliation, embarrassment and extreme stress.

870.    A mental health psychiatrist doubled Ashley Guillard's medication to treat depression and referred Ashley Guillard to psychotherapy to help cope with the mental anguish and emotional distress caused by Simpson Housing, Metro Greenway, Nationwide Compliant, and Judge Patronella. Ashley Guillard engaged in weekly therapy sessions to overcome the trauma responses caused by the egregiousness of the situation.

871.    Ashley Guillard seeks to recover actual damages, non-economic damages, and exemplary damages to include punitive damages.

872.    Ashley Guillard seeks financial relief for aggravated damages to include but not limited to: mental distress, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

873.    Ashley Guillard seeks financial relief for non-pecuniary damages to include but not limited to: intentional infliction of emotional distress, loss of enjoyment of life, suffering,

loss of sense of safety, damages for harassment due to burglary and damages for harassment due to the disturbance of peace.

## THIRTY-EIGHTH CLAIM FOR RELIEF DEFAMATION OF CHARACTER EVICTION FILING, EVICTION JUDGEMENT. CREDIT REPORTING AND PUBLIC RECORD CASE NO. 221200059581

874.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

875.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

876.    Pursuant to 28 U.S.C. § 4101 (1) The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

877.    Metro Greenway, Simpson Housing and Nationwide Compliant maliciously filed eviction case no. 221200059581 against Ashley Guillard. The eviction was published on Ashley Guillard's public record. The eviction filing defames Ashley Guillard as a forcible detainer, as someone who breaches contracts and that evades the payment of rent. Ashley Guillard did not have possession of the property, did not forcibly detain the property, was not informed of the late rent and was not served the civil action.

878.    Metro Greenway, Nationwide Compliant and Simpson Housing intentionally and maliciously omitted Ashley Guillard's contact information from the eviction filing documents resulting in the improper use of alternative service and the denial of notice to Ashley Guillard. Ashley Guillard was not present at trial because she was not served notice of the eviction

COMPLAINT AND DEMAND FOR JURY TRIAL                                    189

proceedings. At 3pm on March 30, 2022 Judge David Patronella signed and ordered a default eviction judgement against Ashley Guillard and Latoya Robinson case no. 221200059581 without due diligence as agreed; in exchange for a fee. The default judgement for $3290 was issued against Ashley Guillard for possession of the property and past due rent. Despite being frivolous and illegal the eviction was reported to public record and Ashley Guillard's consumer report.

879.    The eviction filing and eviction judgment caused injury to Ashley Guillard's reputation, character and rental history. Prior to the frivolous eviction filing and fraudulent eviction judgement Ashley Guillard had a clean rental credit history which is why she was asked to co-apply with Latoya Robinson for a lease agreement with Metro Greenway at the inception of the lease. After the eviction filing and eviction judgement from case no. 221200059581 Ashley Guillard rental history was damaged. She experienced multiple housing denials.

880.    In spite of not having any evictions on her record for twenty-years, she is now perceived as someone who doesn't pay rent as agreed due to the defendants illegal activities, judicial fraud and the deprivation of Ashley Guillard's state and constitutional rights.

881.    Texas Government Code, Chapter 552, Open Records Policy, gives you the right to access government records; and an officer for public information and the officer's agent may not ask why you want them. All government information is presumed to be available to the public. Random social media users used the information on the eviction, accessed through public record, to write negative comments and ridicule about Ashley Guillard's perceived inability to pay rent.

882.    Ashley Guillard experienced emotional distress due to the damage to her reputation and rental history. She spent years building a good image as a United States Soldier, a

COMPLAINT AND DEMAND FOR JURY TRIAL                                          190

post-secondary college graduate, an author, entrepreneur, mother, spiritual practitioner and more. The defendants actions demeaned her and damaged her reputable image; making it hard for her to provide the lowest level of essential needs.

883.    Ashley Guillard seeks to recover actual damages, non-economic damages, and exemplary damages to include punitive damages.

884.    Ashley Guillard seeks financial relief for aggravated damages to include but not limited to: mental distress, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate.

885.    Ashley Guillard seeks financial relief for non-pecuniary damages to include but not limited to: intentional infliction of emotional distress, loss of enjoyment of life, suffering, loss of sense of safety, damages for harassment due to burglary and damages for harassment due to the disturbance of peace.

## THIRTY-NINTH CLAIM FOR RELIEF

## FALSE CREDIT REPORTING FDCPA VIOLATION PURSUANT TO 15 U.S. Code § 1681N - CIVIL LIABILITY FOR WILLFUL NONCOMPLIANCE

886.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

887.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

888.    Pursuant to 15 U.S. Code § 1681a (d)(1) The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general

reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

889.    Pursuant to 15 U.S.C. § 1681s-2 A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate. Metro Greenway, Nationwide Compliant, Simpson Housing and Judge David Patronella breached this duty by furnishing or causing to be furnished the fraudulent information regarding the default eviction judgement against Ashley Guillard for case no. 221200059581 to credit reporting agencies.

890.    At 3pm on March 30, 2022 Judge David Patronella signed and ordered a default eviction judgement against Ashley Guillard and Latoya Robinson case no. 221200059581 without due diligence as agreed; in exchange for a fee. The default eviction judgement was illegally obtained due to judicial fraud and the deprivation of Ashley Guillard's rights to due process. The defendants used the default eviction judgement to submit a false claim for priority rent assistance to the TEDP.

891.    The defendants had full knowledge of and participated in the conspiracy; yet furnished and caused to be furnished fraudulent information to Ashley Guillard's public record, credit reporting agencies and rental history screening agencies.

892.    On August 23, 2022 after being denied housing due to the fraudulent information and default eviction judgement reported on her consumer report regarding case no. 221200059581, Ashley Guillard asked Metro Greenway and Jonisha Parrott to remove the

fraudulent default eviction judgement from her consumer reports and public record. Metro Greenway and Jonisha Parrott breached this duty.

893.　Pursuant to 15 U.S.C. § 1681s-2 it is the duty of furnishers of information to provide accurate information to credit reports. Furnishers of information are prohibited from providing information with knowledge of the errors. They also have a duty to promptly notify the consumer reporting agency of information that the person determines is not complete or accurate. The defendants intentionally breached this duty and refused to correct the errors caused to Ashley Guillard's consumer report and public record.

894.　On January 31, 2023 Ashley Guillard was immediately denied housing at Camden Post Oak due to eviction case no. 221200059581 still being reported on her public record as a default eviction judgement for $3290 for Metro Greenway since March 30, 2022. Ashley Guillard asked for it to be removed three months prior yet the defendants acted with careless disregard to her life and chose not to do so. As a result, Ashley Guillard and her son were not able to obtain stable permanent housing and became homeless.

895.　Pursuant to 15 U.S. Code § 1681n - Civil liability for willful noncompliance (a) In general - Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—(1)M(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

COMPLAINT AND DEMAND FOR JURY TRIAL　　　　　　　　　　193

896.    The judicial fraud, deprivation of her right to due process, fraudulent eviction judgement, damage to public record, inaccurate credit reporting and the defendants reckless disregard caused Ashley Guillard and her son the denial of housing on several occasions, homelessness, defamation of character, ridicule, published ridicule on social media, cyber bullying, mental anguish, depression, extreme emotional distress, a loss of confidence, self-condemnation, a feeling of powerlessness and vexation.

897.    Ashley Guillard seeks $1000 in actual damages and the maximum amount of punitive damages allowed by the law that is allowed by the court.

## FORTIETH CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS L.G.

898.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

899.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

900.    The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943 S.W. 2d at 297.

901.    Due to the egregiousness of the defendants behavior as detailed in this entire complaint: violation of the Fourteenth Amendment of the United States Constitution, the deprivation of tribunal impartiality in case no. 221200059581, deprivation of tribunal impartiality in case no. 1184648, deprivation of tribunal impartiality in case no. 221200372140, deprivation of tribunal impartiality in case no. 1195377, deprivation of the right to notice in case

no. 221200059581, deprivation of the right to notice in case no. 1184648, deprivation of the right to be heard in case no. 1195377, deprivation of the right to be heard in case no. 221200059581, deprivation of the right to be heard in case no. 1184648, deprivation of the right to equal privileges of the laws in case no. 221200059581, stalking, burglary, 18 U.S.C. § 242 Deprivation Of Rights Under Color Of Law, Texas Business and Commerce Code 17.46 (23) Deceptive Trade Practices Unlawful, Section 5 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45, Unfair Or Deceptive Acts Or Practices, Texas Penal Code 37.02 Perjury and Other Falsification, Texas Penal Code 37.03 Aggravated Perjury, 18 U.S.C. § 1621 Perjury Generally, Texas Property Code 92.331 Retaliation, Texas Penal Code 42.07 Criminal Harassment, Texas Penal Code 30.02 Burglary, 15 U.S.C. § 1681 Furnishing And Reporting Inaccurate Information, 18 U.S. Code § 666 Theft Or Bribery Concerning Programs Receiving Federal Funds, Texas Penal Code § 15.02 Criminal Conspiracy, 18 U.S.C. § 241 Conspiracy Against Rights, Texas Civil Practice & Remedy Code § 9.011 Frivolous Pleadings & Claims, Judicial Fraud, violation of Texas Rules of Evidence Rule 401, violation of Texas Rules of Evidence Rule 802, violation of Tex. R. Civ. P. Rule 510.4(b)(2) Method Of Service, violation of Tex. R. Civ. P. Rule 510.4(a) Issuance of Citation, improper use of Tex. R. Civ. P. Rule 510.4(c) Alternative Service by Delivery to the Premises, violation of Tex. R. Civ. P. Rule 510.10(a) Record on Appeal; Docketing; Trial De Novo, Intrinsic Fraud, Extrinsic Fraud, 18 U.S.C. Ch. 83 §1701 Obstruction of Mails Generally, 18 U.S.C. Ch. 83 §1702 Obstruction of Correspondence, 18 U.S.C. § 210-Bribery Of Public Officials, Texas Penal Code 36.09 Bribery And Corrupt Influence, Texas Penal Code 32.21 Forgery, 18 U.S.C., Section 245 Federally Protected Activities, Libel Civil Practices and Remedies Code 73.001, violation of The Texas Constitution, Article 1. Bill Of

Rights, and the violation of The Texas Code of Judicial Conduct; Ashley Guillard's son suffered a multitude of damages and experienced severe emotional distress.

902. The defendants were made aware on multiple occasions that Ashley Guillard's son was being negatively impacted by their fraudulent actions and inaction; yet, the defendants did nothing to prevent further harm, nothing to repair the damages and caused additional harm to his livelihood and severe emotional distress.

903. Ashley Guillard's son, L.G., was forced to change schools, was forced to move out of state, forced to live in subpar living conditions, suffered homeless and instable housing, lived in harassing environments that felt unsafe, was socially isolated from his friends, was separated from his mother, missed social activities, lost long-term connections, and experienced a break up of a long-term relationship with his girlfriend due to the relocation,

904. L.G. experienced emotional distress and loss of enjoyment of life due to the unforeseen changes to his life. He wanted to continue high-school with his local friends in Louisiana and to continue his long-term connections. He lost the connections he developed in middle school and high-school and felt socially isolated and a loss of hope. He lost confidence and his pride was wounded.

905. L.G. felt threatened and worried for his and his mother's safety while at Metro Greenway due to the multiple attempts of unlawful entry into their apartment 4100 Southwest FWY, Apt 368.

906. L.G. displayed symptoms of depression, his grades dropped and he complained daily about his new school. He experienced vexation due to moving to multiple temporary lodging locations. He experienced irritation and disdain for being subjected to shared living spaces and furniture.

COMPLAINT AND DEMAND FOR JURY TRIAL

907.    Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages on behalf of her son L.G.

908.    Ashley Guillard seeks financial relief for all aggravated damages on behalf of her son L.G. to include: mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, wounded pride and other relief as deemed appropriate.

909.    Ashley Guillard seeks financial relief for all non-pecuniary damages on behalf of her son L.G to include: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment and disturbance of peace.

## FORTY-FIRST CLAIM FOR RELIEF LOSS OF ENJOYMENT OF LIFE FOR L.G.

910.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

911.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

912.    Ashley Guillard, L.G.'s mom, chose to move back to Louisiana to allow him to stay in the same high-school and area until she was able to purchase a home in Texas. She promised him at least another school year in Louisiana. She planned to return to Louisiana by August 23, 2022 to set up comfortable housing for L.G. as the school year began.

COMPLAINT AND DEMAND FOR JURY TRIAL                                  197

913.    Due to being negatively impacted by the defendants judicial fraud, illegalities, and deceptive business practices Ashley Guillard was unable to keep her promise of living in Louisiana to her son. Ashley Guillard applied for an apartment home with Sycamore Point Apartment Homes (Sycamore Apartments) in Louisiana on August 9, 2022. Sycamore Apartments conducted a background check and credit history check on Ashley Guillard with Experian and Resident Verify. They informed Sycamore Apartments that Ashley Guillard had an eviction judgement for $3290 payable to Metro Greenway dated March 30, 2022 on her public record. On August 23, 2022 Sycamore Apartments emailed Ashley Guillard a denial letter stating they were unable to lease to her because her records included evictions, filings and public records.

914.    Ashley Guillard was blinded by the eviction proceedings, eviction judgement and the negative impact to her public record and rental history up until that point. Had the defendants notified her of the impending eviction in February of 2022 Ashley Guillard would not have relocated to Texas. She would have extended her lease agreement in Louisiana to prevent housing denials, homelessness, instability and inconvenience to her and her son's livelihood.

915.    The defendants acted with reckless disregard to Ashley Guillard and her son. They made no attempt to fix the problems they caused them. Instead, they caused further damage.

916.    Before L.G. was forced to move to 4100 Southwest FWY Apt 368 he had a long-term cheerleader girlfriend that lived nearby, local long-term friends, and went to the same local high-school that his long-term friends attended. He had a thriving social life. He was happy and content with his life. He was working towards new goals to play sports at his high-school.

917. After moving to Texas L.G.'s life took a turn for the worse. The distance caused his relationship with his girlfriend to break-up. He was socially isolated from his friends in Louisiana and socially isolated in Texas. He felt threatened and a loss of sense of safety due to the many attempts at unlawful entry into 4100 Southwest FWY, Apt 368. He experienced homelessness. He was inconvenienced by temporary lodging arrangements. He felt mental anguish and discomfort due to the temporary shared living arrangements. His experience in Texas caused an increased desire to move back to Louisiana, an extreme disdain for Texas and symptoms of depression. He felt humiliated, shame and a sense of disappointment in life and his conditions. He lost a sense of enjoyment of life.

918. Ashley Guillard seeks financial relief for aggravated damages on behalf of her son L.G. : mental distress, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate. loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation,

919. Ashley Guillard seeks financial relief for the following non-pecuniary damages on behalf of her son L.G: intentional infliction of emotional distress, loss of enjoyment of life, suffering, homelessness, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety at Metro Greenway, loss of sense of safety due to homelessness, loss of faith in friends, wounded pride, loss of faith in judicial system, harassment mail fraud, harassment burglary, harassment disturbance of peace.

920. Ashley Guillard seeks compensatory past, current and projected financial damages and punitive damages on behalf of her son L.G.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                    199

**FORTY-SECOND CLAIM FOR RELIEF TORT LIABILITY FOR STALKING**

**PURSUANT TO TEXAS CIVIL PRACTICES AND REMEDIES CODE SEC. 85.002 L.G.**

921.    Plaintiff Ashley Guillard re-alleges and incorporates by reference all paragraphs of this Complaint as if set forth in full herein.

922.    Plaintiff Ashley Guillard incorporates by reference rights defined by the Constitution, federal statutes, and interpretive case law.

923.    Pursuant to Texas Civil Practice & Remedies Code (C.P.R.C.) Sec. 85.003 (a)  A claimant proves tort liability for stalking against a defendant by showing: (1)  on more than one occasion the defendant engaged in harassing behavior; (2)  as a result of the harassing behavior, the claimant reasonably feared for the claimant's safety or the safety of a member of the claimant's family; and (3)(C)  the defendant's apparent ability to carry out the threat caused the claimant to reasonably fear for the claimant's safety or the safety of a family member.

924.    Pursuant to Texas Civil Practice & Remedies Code (C.P.R.C.) Sec. 85.001 (4) "Harassing behavior" means conduct by the defendant directed specifically toward the claimant, including following the claimant, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the claimant.

925.    After eviction case no. 221200372140 was filed, from November 2022 until January 30, 2023, on at least four separate occasions several members of Metro Greenway's staff, to include Property Manager Kirbi Howard and a maintenance worker, attempted to enter Ashley Guillard's apartment without her permission or prior knowledge.

926.    L.G. felt threatened and hunted at Metro Greenway apartments due to the egregiousness of their behavior and the multiple attempts at entry into their home. L.G.

COMPLAINT AND DEMAND FOR JURY TRIAL                                          200

witnessed his mom check their apartment daily to ensure no one gained entry while they weren't home. He experienced mental anguish due to the loss of peace and sense of safety. Due to the continuous threat of harm L.G. routinely stayed in one area of the apartment where he felt safe.

927.    L.G. observed his mom, Ashley Guillard, suffer mental anguish and emotional turmoil due to the harassing behavior by the defendants, judicial fraud and subsequent damages to their life. He felt a sense of disappointment and sadness to see him mom emotionally distressed.

928.    Ashley Guillard seeks to recover actual damages, non-economic damages, and exemplary damages to include punitive damages pursuant to C.P.R.C. Sec. 85.002. Sec. 85.004 and Sec. 41.003 on behalf of her son L.G..

929.    Ashley Guillard seeks financial relief for aggravated damages to include but not limited to: mental distress, humiliation, fear of repetition, damaged self-confidence or self-esteem, loss of sense of safety, loss of faith in friends, vexation, the recovery of past, current and projected financial damages, wounded pride and other relief as deemed appropriate on behalf of her son L.G..

930.    Ashley Guillard seeks financial relief for non-pecuniary damages to include but not limited to: intentional infliction of emotional distress, loss of enjoyment of life, suffering, loss of sense of safety, damages for harassment due to burglary and damages for harassment due to the disturbance of peace on behalf of her son L.G..

## VI. PRAYER FOR RELIEF

1.    For past, present, and future: compensatory damages, punitive damages, exemplary, economic, non-economic damages, financial relief for non-pecuniary damages, and

COMPLAINT AND DEMAND FOR JURY TRIAL                                    201

financial relief for aggravated damages for each merited claim awarded to the Plaintiff Ashley Guillard;

2. For past, present, and future: compensatory damages, punitive damages, exemplary, economic, non-economic damages, financial relief for non-pecuniary damages, and financial relief for aggravated damages for each merited claim awarded to the Plaintiff Ashley Guillard on behalf of her minor son L.G.;

3. For relief of eviction judgement for case no. 1195377 at County Civil Court at Law No. 2 with prejudice due to fraud from the opposing party pursuant to FRCP Rule 60(b)(3);

4. For sealing of eviction filings and judgements for case no. 221200372140 at Harris County Justice Court, Pct.1 Place 2;

5. For sealing of eviction filings and judgements for case no. 221200059581 at Harris County Justice Court, Pct.1 Place 2;

6. For Attorney and court fees that may arise now or in the future for any action related to this case;

7. For trial by jury;

8. For sealing of eviction filings, eviction proceedings and judgements for case no. 1184648 at Harris County Civil Court at Law No. 1; and

9. For such other and further relief as the court deems just and equitable.

DATED: May 26, 2023

Defendant/Counterclaim Plaintiff
Date of signing: May 26, 2023

Ashley J. Guillard
Pro-Se Litigant

COMPLAINT AND DEMAND FOR JURY TRIAL

202

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 2023, I served the plaintiff and plaintiff's attorneys electronically using the CM/ECF system pursuant to F.R.C.P. Rule 5. e-file procedures.

COMPLAINT AND DEMAND FOR JURY TRIAL

203